Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

Burton LeBlanc
Melissa Hutts
Bruce Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
bleblanc@baronbudd.com
mhutts@baronbudd.com
bsteckle@baronbudd.com

*Attorneys for Plaintiff and the Proposed Class*

FILED

2009 SEP 24  PM 3: 06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 2094                    MMA BLM

BOBBI SLEDGE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PROVIDE COMMERCE, INC.,

Defendant.

Civil Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMAND**

**FILE BY FAX**

Plaintiff Bobbi Sledge ("Plaintiff") brings this action on behalf of herself and all others similarly situated (the "Class," as defined below) against Provide Commerce, Inc. ("Provide Commerce" or "Defendant") and alleges on information and belief as follows:

- 1 -

**INTRODUCTION**

1.     Plaintiff brings this action for injunctive, declaratory and equitable relief, damages, restitution and/or disgorgement of profits and additional relief as may be appropriate on behalf of herself and all others similarly situated (the "Class," as more specifically described below), who purchased flowers, gifts or other retail items from one or more of Provide Commerce's online retail stores and whose private credit card, debit card or online payment account (e.g., Paypal) information (collectively, "Private Payment Information") was improperly transmitted to Regent Group Inc., d/b/a Encore Marketing International, Inc. ("Encore") and whose credit cards, debit cards or online payment accounts (collectively "Private Payment Accounts") were charged an activation fee and/or monthly fees for the Easy Saver Reward Program ("Easy Saver Program" or "Program") without authorizing that their payment information be shared, used to enroll in the Easy Saver Program, or charged, from January 1, 2005 to the present. Defendant's conduct as alleged herein violates the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), and common law breach of contract, fraudulent concealment, breach of the covenant of good faith and fair dealing, conversion, and unjust enrichment.

**THE PARTIES**

2.     Plaintiff Bobbi Sledge ("Plaintiff") is and at all relevant times has been a resident of Dallas, Texas. On or about April 4, 2009, Plaintiff purchased flowers from Defendant Provide Commerce's online flower store, ProFlowers, for her personal, family or household use. During her transaction and for the limited purpose of completing her transaction for the purchase of flowers, Plaintiff provided Provide Commerce with her credit card and other personal information, which was unlawfully transmitted to an unauthorized third party, resulting in Easy Saver charges being charged to Plaintiff's account without her authorization or knowledge.

3.     Defendant Provide Commerce is headquartered in San Diego, California. From its San Diego offices, Provide Commerce operates a number of online retail stores selling gifts and flowers, including but not limited to ProFlowers, Cherry Moon Farms, Red Envelope,

- 2 -

1 | Secret Spoon, and Sharri's Berries.  Provide Commerce is an operator of a commercial website or

2 | online service that collects personally-identifiable information and Private Payment Information

3 | through its websites and online services from individual consumers who use or visit its sites.

4 | ## JURISDICTION AND VENUE

5 |     4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)

6 | because, on information and belief, the amount in controversy exceeds $5,000,000 exclusive of

7 | interests and costs and this is a class action in which the parties are citizens of different states.

8 |     5.    Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for this

9 | action because this Court has personal jurisdiction over Defendant Provide Commerce and a

10 | substantial amount of the events giving rise to the claim occurred in this District.

11 | ## FACTUAL ALLEGATIONS

12 |     6.    Defendant Provide Commerce operates a number of online retail stores

13 | selling gifts and flowers for delivery, including but not limited to ProFlowers, Cherry Moon

14 | Farms, Red Envelope, Secret Spoon, and Sharri's Berries.  When a consumer visits any number

15 | of Provide Commerce's commercial websites to purchase products for delivery, they are asked

16 | for private consumer information, including their name, address and Private Payment Information

17 | to complete the transaction.  While completing a transaction on a Provide Commerce website,

18 | Plaintiff and Class members were presented with a promotional advertisement for the "Easy

19 | Saver Rewards Program."  Provide Commerce represented that the offer would include coupons

20 | and savings benefits as a reward for shopping with its online retail sites.  Plaintiff and Class

21 | members were asked to enter their email address and zip code and to click on an "Accept" button

22 | to claim their free coupon and enroll in the Program.

23 |     7.    Plaintiff and Class members did not elect to enroll in the Easy Saver

24 | Program, did not voluntarily provide their Private Payment Information, and did not authorize

25 | that their Private Payment Information be used in connection with the Easy Saver Program.

26 | Regardless, Provide Commerce transferred Plaintiff's and Class members' contact and Payment

27 | Information to its agent, co-conspirator and partner, Encore.

28 |

CLASS ACTION COMPLAINT

8.      As a result of this wrongful transmission of Private Payment Information, Plaintiff's and Class members' Private Payment Accounts were unlawfully charged an "activation fee" of $1.95 for the Easy Saver Program.  Plaintiff and Class members did not authorize such charges and, in fact, were not aware that they had been enrolled in the Easy Saver Program or that they were charged any "activation fee" until they received their payment statements, which indicated a charge was associated with "Easy Saver."   Plaintiff and Class members received no discount, savings or economic benefit in exchange for the activation fee charged.

9.      Thereafter, Plaintiff's and Class members' accounts continued to be charged $14.95 on a monthly basis, without authorization, although they had declined the offer to participate in the Program.  Plaintiff and Class members did not receive any discount, savings, or economic benefit in exchange for the unauthorized charges or as a result of being secretly enrolled in the Program.

10.     Provide Commerce effectuated this scheme by unlawfully transmitting Plaintiff's and Class members' Private Payment Information to its agent, co-conspirator and partner, Encore, who then unlawfully billed the Private Payment Accounts without authorization.  When Plaintiff and Class members complained about the unauthorized charges, Provide Commerce falsely insisted that the consumers must have signed up for the Program.  When Plaintiff and Class members have contacted Encore, Encore has admitted that it obtained Plaintiff's and Class members' Private Payment Information from Provide Commerce, but also falsely insisted that Plaintiff and Class members must have signed up for the Program.

11.     In its online privacy policy, Provide Commerce states in pertinent part:

**Personally Identifiable Information:**

…

Personally Identifiable Information might include your name, mailing address, telephone number, mobile phone number, email address, and other identification and contact information…. We may also collect certain financial information, like your credit card number… whenever we do so, we will attempt to provide a link to this Policy so that you can confirm how this information will be used. With this information, we can fill your service and product orders and better provide you with personalized services. You also may have the option of importing information into certain Sites from third-party software.

- 4 -

...

Except as otherwise stated in this Policy, we do not sell, trade or rent your Personally Identifiable Information collected on our Sites to others. The information collected by our Sites is used to process orders, to keep you informed about your order status, to notify you of products or special offers that may be of interest to you, and for statistical purposes for improving our Sites. We will disclose your Personally Identifiable Information to third parties for tracking purposes, to charge your credit card (or process your check or money order, as appropriate), fill your order, improve the functionality of our Sites, customize our marketing efforts with you and perform statistical and data analyses, deliver your order and deliver promotional emails to you from us. These third parties may not use your Personally Identifiable Information other than to provide the services requested by us.

12.  Provide Commerce knowingly and willfully and/or negligently and materially violated its online privacy policy. Plaintiff and Class members' Private Payment Information constitutes Personally Identifiable Information, as identified in Provide Commerce's privacy policy. At all times relevant, Provide Commerce knowingly and willfully transmitted Plaintiff's and Class members' Private Payment Information to Encore in violation of its privacy policy without disclosing its intention or obtaining permission to do so. Provide Commerce had a duty to keep Plaintiff's and Class members' Private Payment Information secure. Transmitting Private Payment Information without authorization constitutes a material breach of the privacy policy, which assures consumers that their private and payment information will not be given to third parties without authorization or beyond what is reasonably necessary to fill their orders. Limitations on the use and transmission of Personally Identifiable Information, including Private Payment Information, go to the very core of Provide Commerce's privacy policy. A reasonable consumer would find the fact that Provide Commerce transmits customers' Private Payment Information to unauthorized third parties, despite its published policy to not do so, material in deciding whether to provide their Personal Payment Information, particularly where, as here, such transmission results in unauthorized charges to their Private Payment Accounts from which no service, discount, savings or economic benefit is derived.

13.  Additionally, a reasonable consumer purchasing goods or services online anticipates that the Private Payment Information they provide will only be used to pay for items purchased, that they will not be enrolled in an illusory "rewards program" for which they are

- 5 -

1 | charged but that provides no benefits or savings without their consent, and that Private Payment

2 | Information will not be given to third parties without authorization.

3 |       14.    Provide Commerce knowingly participated in this scheme and engaged in

4 | this systematic nationwide practice of transferring Private Payment Information without

5 | authorization to Encore, which it knew would lead to unauthorized charges to Plaintiff's and

6 | Class members' Private Payment Accounts. Provide Commerce operated Easy Saver Program

7 | through its agreements with Encore and profited from the Program at Plaintiff's and Class

8 | members' expense. In exchange for providing unauthorized information to Encore, Provide

9 | Commerce received an economic benefit and has profited from its wrongful conduct.

10 |       15.    At all times relevant, Provide Commerce misrepresented, concealed and/or

11 | failed to disclose its affiliation and association with Encore. At all times relevant, Provide

12 | Commerce misrepresented, concealed and/or failed to disclose that it would share Plaintiff's and

13 | Class members' Private Payment Information with unauthorized third parties as a result of

14 | ordering products from its websites. Provide Commerce also misrepresented that the Easy Saver

15 | Rewards Program would provide "great benefits and savings" that it does not provide, and

16 | Plaintiff and Class members received no service, savings or discounts as a result of being

17 | unwittingly enrolled.

18 |       16.    Provide Commerce misrepresented the Program in its advertising and

19 | promotional materials by stating that it was a voluntary program that would only activate when

20 | the consumer affirmatively signs up by clicking the "Acceptance" button, and as a Program that

21 | would provide consumers savings and other economic benefits.

22 |       17.    At the end of the online order, for example, Provide Commerce offers the

23 | consumer the opportunity to enroll in the Easy Saver Program. Specifically, Provide Commerce

24 | states: "Claim your $15 ProFlowers Gift Code Now" and in the "Offer Details" states:

25 |     Activate your membership in EasySaver Rewards[SM] to claim your $15 Gift Code

26 | good for your next purchase and start saving and enjoying all the benefits and access for the next 30 days for just a **$1.95 activation fee** billed by EasySaver

27 | Rewards to the credit card or PayPal account you just entered during your ProFlowers purchase. Please note, by entering your e-mail address and zip code

28 | ("Enrollment Details") and clicking the Green Acceptance Button, your

- 6 -

Enrollment Details as well as the following information from your most recent ProFlowers order will be transmitted securely through PGP and SSL encryption to EMI, the EasySaver Rewards Administrator, to be stored and to secure and administer your membership: your name, credit card information or PayPal billing ID number, billing address, billing telephone number and order ID number. To continue after the introductory trial period, do nothing and all the great benefits and savings will automatically continue for just **$14.95 per month**, billed by EasySaver Rewards to the same credit card or PayPal account where applicable. You may cancel at anytime, with no further obligation, just by calling the toll-free number contained in the membership information provided to you. **And, you keep the $15 Gift Code just for trying EasySaver Rewards for 30 days.**

The Provide Commerce website goes on: **"Claim Your Gift Code Below!**  Just enter your e-mail address and zip code as your electronic signature and click the green acceptance button below to **activate your EasySaver Rewards**<sup>SM</sup> **Membership** as described in the **offer details** on this page".

18.     Plaintiff and Class members were enrolled in the Easy Saver Program after declining to join, and they received no benefits or savings as a result.

19.     Furthermore, Provide Commerce deceptively represented that Plaintiff and Class members would instantly receive a "gift code" for a rebate or discount on their flower purchase if they enrolled in the Program.  Plaintiff and Class members did not receive a gift code or discount on their purchase upon being involuntarily enrolled in the Program, however, although they were charged an activation fee and incurred subsequent monthly charges.  Because Plaintiff and Class members did not affirmatively enroll in the Program and, in fact, declined the offer, they did not receive the promised benefits.  Moreover, Plaintiff and Class members did not and could not receive any benefits from the Program unless they discovered that they had been fraudulently enrolled in the Program, demanded a gift code after the fact, and then spent additional money to purchase additional items from the Defendant.  Thus, the "gift" and other program "benefits" that Defendant purported would flow from Program membership were, and at all relevant times have been, illusory.

20.     The above-described representations, omissions and misrepresentations were made, directed, authorized, adopted and/or affirmed by Provide Commerce independently and/or in furtherance of its partnership and conspiracy with Encore.  At all times relevant, Provide

- 7 -

1   Commerce maintained control of the information, links and pop-up offers linked to its websites

2   that relate to the Easy Saver Program.  Indeed, the Program relates directly to discounts Provide

3   Commerce purportedly offers on the products it sells.  Thus, Provide Commerce is responsible for

4   representations and omissions set forth above.

5                         **Plaintiff's Experience With Provide Commerce**

6              21.     On April 4, 2009, Plaintiff purchased flowers from Provide Commerce's

7   ProFlowers.com website.  To complete her purchase, she provided private consumer information,

8   including her Private Payment Information, pursuant to Defendant's posted privacy policy.

9              22.     At the time of her purchase, a pop up screen appeared with a promotional

10  advertisement to receive $15 dollars off this order.  Plaintiff then read the details of the EasySaver

11  Reward offer and chose not to accept the $15 offer since it required her to enroll in the Easy

12  Saver Reward Program.  Instead, she closed the screen by clicking the "x" in the top right corner

13  and completed her ProFlowers transaction.

14             23.     On April 7, 2009, Plaintiff was charged a $1.95 activation fee on her credit

15  card.  The fee was attributed to Easy Saver.  At no time did she authorize such a charge or enroll

16  in the Easy Saver Program.

17             24.     Between May and July of 2009, Plaintiff received four Easy Saver charges

18  on her credit card for $14.95 each.  Plaintiff never authorized any such charges, nor did she

19  receive any benefits, savings or services from Defendant or the Easy Saver Program.

20             25.     Plaintiff did not notice the charges until August 19, 2009.

21             26.     On or around August 20, 2009, Plaintiff called the 800 number provided on

22  her credit card statement.  The Easy Saver representative denied that the charges were

23  unauthorized and falsely insisted that Plaintiff must have enrolled in the Easy Saver Rewards

24  Program through the pop up advertisement screen in order for them to have her credit card

25  information.  Plaintiff was informed that she would have received a "welcome email"

26  acknowledging her enrollment.  Plaintiff received no "welcome email".  When Plaintiff asked the

27  Easy Saver agent to provide her with a copy of the email, Easy Saver could not produce a copy or

28  record of the "welcome email" it purportedly sent.

CLASS ACTION COMPLAINT

27.     On August 20, 2009, Plaintiff called Provide Commerce via the

ProFlowers number on their website to complain about the charges. She was told she would be

contacted by phone by a manager who coordinates with the partner companies. She received an

email from a Special Programs Associate in California. The Proflowers Special Programs

Associate again insisted that Plaintiff must have enrolled in the Easy Saver Program. Despite

requests, Provide Commerce was unable to provide any evidence that Plaintiff had enrolled in the

Program. Provide Commerce acknowledged that Plaintiff had not received any discount on any

purchase but that she had been enrolled in, and charged for, the Easy Saver Program.

### Other Class Members' Experience With Provide Commerce

28.     Plaintiff's experience mirrors those of hundreds, if not thousands, of other

Class members. In purchasing their online orders, Class members relied on Defendant's

misrepresentations that their credit card information would not be misused and that their Private

Payment Information would not be shared. The Internet is replete with references to the common

problems consumers have encountered with Provide Commerce and its Easy Saver scam, as the

following representative complaints appearing on a selection of on-line consumer forums

demonstrate:

> I just purchased flowers for Valentine's Day last week from
> ProFlowers. I too had a charge of $1.95 to my credit card this
> morning that said EasySaver (Phone number 800-355-1837). I
> called and got through to them. They told me that when I purchased
> from Pro Flowers that I signed up for Easy Saver Rewards program.
> I was not aware of signing up for ANYTHING....

> I have been billed by Easy Saver Rewards (EASY SAVER 800-
> 355-1837 PA) for $14.95 per month since making a purchase on
> Proflowers.com. Easy Saver is apparently associated with
> ProFlowers and I inadvertently signed up for their 'services' while
> placing my order. They claim that I requested to be a member when
> I replied to an email after placing an order. I do not recall replying
> to any email or asking for the service. Obviously, their business
> practices at best, since I, and many others, have
> been fooled by this blatantly unethical business practice.

> ... I have been charged 14.95 every month from AT LEAST [J]uly
> by this "easy saver" program. Turns out when [I] ordered my mom
> chocolates for mother[']s day from SECRET SPOON, they took my
> information and gave it to these guys. I called the 800 number on
> my online statement and she said the only way they could get my
> information was if [I] filled in my email and clicked the button

1    saying [I] wanted to do this easy saver thing, which [I] know for a
     FACT that [I] didn[']t do. [S]he also told me that the program was
2    to save me money on my hotels, vacations, etc but how is charging
     me 15 bucks a month without my permission saving me
3    money!?!?....

4    I just got my bank statement with a notice from my bank letting me
     know that Easy Sav[e]r has been taking that same 14.95 out of my
5    account for three months but that I should be concerned as this
     company has a lot of red flags. I called the bank today as I have
6    never even heard of Easy Sav[e]r and I have never placed an order
     from them for anything. The bank has done a lot of research for me
7    and found out that it was after ordering flowers for [V]alentine[']s
     [D]ay for my aunt these charges started. Easy [S]av[e]r said that
8    they were an affiliate program of Proflowers.com.

9    Simply wanted to order a fruit basket from CherryMoonFarms
     (www.cherrymoonfarms.com) to send to grieving friend and ended
10   up with unauthorized membership to EasySaverRewards
     (www.easysaverrewards.com) aka Encore Marketing International.
11   They billed my credit card used to purchase fruit for $1.95 and then
     $14.95 even after I followed their cancellation process to the letter.
12   Cancellation for something I never knowingly agreed to. Do NOT
     buy online at Cherry Moon Farms or ProFlowers and save yourself
13   a headache. This is fraud as far as I'm concerned.....

14   I also am disgusted that "Red Envelope[]" would have such a
     practice as this! What really upset me was that there was no
15   confirmation of credit card usage. Instead the credit card number
     was stolen from the one I had entrusted with Red Envelope for the
16   order I made.

17   What a scam...I called ProFlowers and EasySaver about the three
     months of unauthorized charges to my credit card made by
18   EasySaver. I ordered flowers from ProFlowers and was signed up
     for EasySaver. I know I didn't agree to EasySaver as I never sign
19   up for these kind[s] of things (I don't even know what it is and what
     it saves me)....
20
     I am the victim of Proflowers / Easy Savers deceptive practice also.
21   I saw several charges from EMI Marketing and Easy Saver on my
     credit card. I did not provide my information to either of these
22   companies at the end of my Proflowers order and did not accept the
     15% offer, so the information was definitely given without my
23   permission....

24                    **CLASS ACTION ALLEGATIONS**

25           29.    Plaintiff brings this class action against Provide Commerce pursuant to

26   Federal Rule of Civil Procedure 23, on behalf of herself and all persons who are members of the

27   following Class and Sub-Class:

28
                                        - 10 -

1      Class:  All individuals and entities residing in the United States
       who purchased merchandise from a Provide Commerce website, did
2      not affirmatively enroll in the Easy Saver Program, and who
       incurred a charge on their Private Payment Account from Easy
3      Saver in connection with their Provide Commerce transaction from
       January 1, 2005 to the present.

4
       Sub-Class:  All Class members who are "consumers" as defined by
5      California Civil Code § 1761(d).

6           30.    Defendant, Defendant's affiliates, employees, agents, officers and

7      directors, and the Judge to whom this case is assigned are excluded from this Class.  Plaintiff

8      reserves the right to amend this Class definition if discovery and further investigation reveals that

9      the Class should be expanded or otherwise modified.

10          31.    Numerosity:  The members of the Class are so numerous that joinder of all

11     members would be impracticable.  While the exact number of Class members is unknown at this

12     time, Plaintiff reasonably believes that there are thousands of purchasers whose information was

13     used by Encore without their authorization.  The members of the Class are readily identifiable

14     from information and records in Defendant's or third parties' possession, custody, or control.  The

15     disposition of these claims will provide substantial benefits to the Class.

16          32.    Common Issues Predominate:  There are questions of law and fact common

17     to the members of the Class that predominate over any questions affecting only individual Class

18     members, including, but not limited to the following:

19          a.     Whether Provide Commerce provided Plaintiff's and Class

20     members' Private Payment Information to Encore and/or in connection with the Easy Saver

21     Program;

22          b.     Whether Provide Commerce's conduct violated its published

23     privacy policy in violation of California Business & Professions Code § 22576, which requires

24     any operator of a commercial website to comply with the provisions of its posted privacy policy;

25          c.     Whether transmissions of Plaintiff's and Class members' Private

26     Payment Information were without authorization;

27          d.     Whether such transmissions were knowing and willful;

28          e.     Whether such transmissions were negligent;

CLASS ACTION COMPLAINT

1             f.        Whether such transmissions materially violated Provide

2  Commerce's published privacy policy;

3             g.        Whether Provide Commerce was unjustly enriched by its unlawful

4  conduct;

5             h.        Whether Provide Commerce concealed or failed to disclose

6  material information about the Easy Saver Program and how consumers would be enrolled and

7  charged for the Program;

8             i.        Whether Provide Commerce concealed or failed to disclose

9  material information about the use of Private Payment Information to Plaintiff and Class members

10  submitted in connection with their purchases on Provide Commerce websites;

11             j.        Whether Defendant violated the CLRA, Cal. Civ. Code § 1750, *et*

12  *seq.*;

13             k.        Whether the privacy policy constitutes a contract between Provide

14  Commerce, on one hand, and Plaintiff and Class members, on the other;

15             l.        Whether Defendant breached its contracts with Plaintiff and Class

16  Members;

17             m.        Whether Plaintiff and the Class are entitled to injunctive relief; and

18             n.        Whether Plaintiff and the Class are entitled to damages.

19        33.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of

20  the Class.  Plaintiff has no interests antagonistic to those of the Class and is not subject to any

21  unique defenses.

22        34.    Plaintiff will fairly and adequately protect the interests of all members of

23  the Class and has retained attorneys with the resources and experience in class action and

24  complex litigation to vigorously prosecute Class claims.

25        35.    <u>Superiority</u>:  A class action is superior to all other available methods for the

26  fair and efficient adjudication of this controversy.  Because of the relatively small size of the

27  individual Class members' claims, absent a class action most Class members would likely find

28  the cost of litigating their claims against Provide Commerce to be prohibitive.  The class

1   treatment of common questions of law and fact is also superior to multiple individual actions or

2   piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes

3   consistency and efficiency of adjudication.

4       36.    The consideration of common questions of fact and law will conserve

5   judicial resources and promote a fair and consistent resolution of this consumer problem, and no

6   significant management issues exist with respect to the litigation of this matter.

7       37.    Defendant is a California resident headquartered in California. All

8   communications, website, sales, customer service and contracts and agreements at issue in this

9   litigation were made at and emanated from Defendant's San Diego headquarters. Thus, the acts

10  and omissions giving rise to Plaintiff's state law claims arose in California. The Class also

11  includes a significant number of California residents who purchased Defendant's products in

12  California. California's interest in this action and the conduct of corporations doing business in,

13  contracting and effectuating business decisions in California is, therefore, greater than that of any

14  other state, and Class members are entitled to application of California law to their claims.

15  Moreover, Provide Commerce has included a choice of law provision in the terms and conditions

16  of use published on its website which indicates that any legal action brought by a consumer for

17  any reason is governed by the laws of the State of California. Accordingly, California law applies

18  to Plaintiff and Class members' claims and such application presents no manageability problems.

19  **FIRST CAUSE OF ACTION**

20  **(Violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, _et seq._)**

21  **(On behalf of the Sub-Class)**

22      38.    Plaintiff incorporates by reference the allegations contained in the

23  preceding paragraphs of this Complaint.

24      39.    Defendant is a "person" as defined by Civil Code § 1761(c).

25      40.    Plaintiff and the members of the Sub-Class are "consumers" within the

26  meaning of Civil Code §1761(d).

27      41.    The flowers and gifts ordered by Plaintiff and Class members from Provide

28  Commerce constitute "goods" as defined by Civil Code § 1761(a).

- 13 -

42.     The purported benefits of the Easy Saver Program in which Plaintiff and Class members were enrolled, including coupons for Defendant's flowers and gifts, also constitute "goods" as defined by Civil Code § 1761(a).

43.     Plaintiff's and Class members' purchase of the flowers and gifts, and their unwitting enrollment in and payment for the Program benefits, are "transaction[s]" as defined by Civil Code § 1761(e).

44.     Defendant provided or purported to provide goods to Plaintiff and Class members by offering a rewards program in connection with the ordering, sale and delivery of the flowers and gifts on their online retail stores.

45.     Venue is proper pursuant to Civil Code § 1780(c) because Provide Commerce is headquartered and does a significant amount of business in this County. A Declaration of the Plaintiff establishing this Court as the proper venue for this action is attached hereto as Exhibit A, as required by applicable law.

46.     Provide Commerce violated the CLRA by misrepresenting its affiliation and association with third parties, including Encore, and by sharing Plaintiff's and Class members' private information with unauthorized third parties.  Provide Commerce also violated the CLRA by representing that the Easy Saver Rewards Program would provide benefits it does not offer because Plaintiff and Class members received no savings or discounts as a result of being enrolled.  Provide Commerce also violated the CLRA by advertising the Easy Saver Program as a Program that Plaintiff's and Class members could decline, representing the Program as a voluntary program that would only activate when the consumer affirmatively signs up by clicking the enroll button, and as a Program that would offer consumer discounts, savings, and other economic benefits.  In fact, Plaintiff and Class members were enrolled in the Easy Saver Program after declining to join and they received no benefits or savings as a result.  Furthermore, Provide Commerce represented that Plaintiff and Class members would receive a rebate or discount by enrolling in the Program, although the earning of the benefit was contingent on Plaintiff and Class members knowingly and actively enrolling in the Program to obtain the promised coupon.  Because they declined the offer, Plaintiff and Class members did not receive a

1   discount code or discount on their purchase, but were nonetheless charged an activation fee and

2   subsequent monthly charges.

3         47.   Defendant violated Civil Code § 1770(a)(3) by, *inter alia*, misrepresenting

4   and failing to disclose its affiliation, connection or association with, or certification of Encore.

5         48.   Defendant violated Civil Code § 1770(a)(5) by, *inter alia*, representing that

6   the Easy Saver Program had sponsorship, approval or benefits that it did not have by representing

7   that enrollment was voluntary and not automatic, and by misrepresenting that Plaintiff and Class

8   members would receive automatic discounts and savings if enrolled.

9         49.   Defendant violated Civil Code § 1770(a)(9) by, *inter alia*, advertising and

10   marketing the Easy Saver Program as a program in which consumers must voluntarily and

11   affirmatively join and that membership would result in discounts and savings with the intent to

12   automatically sign Plaintiff and Class members up for the Program and without selling or

13   providing them the promised savings and benefits.

14         50.   Defendant violated Civil Code § 1770(a)(14) by, *inter alia*, representing

15   that the transaction would confer rights and remedies, i.e., the right to decline to join the Easy

16   Saver Program, which the transaction did not have. In fact, the transaction resulted in Plaintiff

17   and Class members being enrolled in, and charged for, the Program without authorization.

18         51.   Defendant violated Civil Code § 1770(a)(17) by, *inter alia*, representing

19   that the consumer would receive a rebate, discount, or other economic benefit, when the earning

20   of such benefit, if any, was contingent on an event to occur subsequent to the consummation of

21   the transactions. Indeed, Provide Commerce deceptively represented that Plaintiff and Class

22   members would receive a gift code "now" if enrolled in the Program. However, Plaintiff and

23   Class members did not receive a gift code or any rebate or discount on their purchase when they

24   were unwittingly enrolled in the Program and charged an activation fee. Because Plaintiff and

25   Class members did not affirmatively enroll in the Program and, in fact, declined the offer, they

26   could not receive the promised benefits, if any, unless they discovered that they were fraudulently

27   enrolled in the Program, demanded the gift code after the fact, and were unfairly forced to

28   purchase additional items from the Defendant.

- 15 -

52.     Defendant engaged in deceptive practices, in violation of the CLRA, that were designed to induce Plaintiff and the members of the Class to purchase products on Provide Commerce websites (and provide their Private Payment Information to do so) and to force Plaintiff and Class members to involuntarily enroll in the Program.  Defendant also engaged in deceptive practices by telling consumers their Private Payment Information would not be transmitted and then transmitting such information and enrolling them, without authorization, in an illusory "rewards program."

53.     By engaging in the foregoing unfair or deceptive conduct, Defendant actively concealed and failed to disclose material facts about the Program and its use of Private Payment Information.

54.     The representations set forth above regarding the Program and Provide Commerce's privacy policy are material facts that a reasonable person would have considered important in deciding whether or not to purchase products on Defendant's sites.  Plaintiff and the Class justifiably acted or relied upon to their detriment the misrepresentations and/or concealed or non-disclosed facts as evidenced by their providing the Private Payment Information to Defendant to complete their purchase while declining to affirmatively enroll in the Program.

55.     Defendant's acts were intended to be deceptive and/or fraudulent. Specifically, Defendant secretly enrolled Plaintiff and Class members in the Easy Saver Program and intentionally shared their Private Payment Information with Encore, its business partner, without authorization.

56.     Plaintiff and the members of the Class suffered injury in fact as a direct result of Defendant's misleading marketing campaign and/or concealment of material facts in violation of the CLRA in that they have paid, or will have to pay, fees in connection with the Easy Saver Program from which they receive no benefits.  Had Defendant disclosed the true nature of the Program and its intention to transmit Private Payment Information to Encore for the purposes of charging their Private Payment Accounts when no services or benefits are rendered in exchange, Plaintiff and the members of the Class would have taken steps to further secure or

- 16 -

1    withhold their Private Payment Information and/or would not have purchased products on

2    Defendant's sites.

3              57.    To this day, Defendant continues to violate the CLRA by concealing its

4    affiliation with the Easy Saver Program, by transmitting Private Payment Information without

5    authorization and misrepresenting and concealing the true nature of the Program.

6              58.    Pursuant to Civil Code § 1782(a), Plaintiff served Defendant with notice of

7    the alleged violations of the CLRA by certified mail, return receipt requested, on September 24,

8    2009. A copy of this notice is attached hereto as Exhibit B. If after thirty days of receipt of this

9    letter, Defendant has failed to adequately address the violations alleged herein, Plaintiff will

10   amend the Complaint to add a claim for damages under the CLRA.

11             59.    Plaintiff, on behalf of herself and all others similarly situated, demands

12   judgment against Defendant under the CLRA for injunctive relief as may be appropriate and an

13   award of attorneys' fees and costs.

14                        **SECOND CAUSE OF ACTION**

15                   **(Fraudulent Misrepresentation/Omissions)**

16                      **(On Behalf Of All Class Members)**

17             60.    Plaintiff incorporates by reference the allegations contained in preceding

18   paragraphs of this Complaint.

19             61.    At all times relevant, Defendant concealed material information about the

20   Easy Saver Program from Plaintiff and Class members. Defendant failed to disclose that Plaintiff

21   and Class members would be enrolled in the Program regardless of whether they clicked the

22   acceptance button. At the same time, Defendant made affirmative representations on its website

23   when Plaintiff and Class members were processing their purchases, that the Program was optional

24   and that the acceptance button would have to be selected to be enrolled. Defendant also

25   concealed the material fact that it was transmitting Plaintiff's and Class members' Private

26   Payment Information to Encore in connection with the Program without authorization. At the

27   same time, Defendant made affirmative representations to Plaintiff and Class members at the

28   point of sale and in its privacy policy that Private Payment Information would not be transmitted

- 17 -

1   or used without authorization beyond what was necessary to fill the customer's original order.

2   Defendant further concealed and/or failed to disclose that Plaintiff and Class members' Private

3   Payment Accounts would be charged an Easy Saver activation fee or monthly fees regardless of

4   whether they declined the offer to join. To the contrary, Defendant misrepresented to Plaintiff

5   and Class members that the Program was optional when it presented the offer to Plaintiff and

6   Class members at the time of their purchase, and represented that they would have to

7   affirmatively enroll by providing additional information and clicking the "acceptance" button.

8   Defendant further misrepresented to Plaintiff and Class members at the point of sale that they

9   would have to affirmatively enroll in the Program to be charged. Defendant also failed to

10  disclose material information regarding the Program itself, including, but not limited to, the fact

11  that the Program did not provide any savings or benefits and that consumers would be charged

12  monthly regardless of whether they used, or even affirmatively enrolled, in the Program. Instead,

13  Defendant affirmatively misrepresented that, if enrolled, Plaintiff and Class members would

14  immediately receive a "gift code" and that "benefits and savings will automatically continue."

15  Plaintiff and Class members were unwittingly enrolled in the Program, but did not receive the gift

16  code at the time of their purchase and/or other benefits or savings as a result of being enrolled in

17  the Program. Defendant also concealed and failed to disclose that it was financially benefiting

18  from its partnership with Encore, instead misrepresenting the offer as a "gift." These

19  misrepresentations and omissions were made by Provide Commerce and/or by Encore acting with

20  Provide Commerce's authorization and on its behalf, while Plaintiff and Class members were

21  processing and completing their Provide Commerce transactions.

22          62.     The concealed information is material in that a reasonable consumer would

23  find information important when deciding whether to purchase products from an Encore website.

24  Had the concealed information been disclosed to Plaintiff and Class members, they would have

25  acted differently, by either not providing Defendant with their Personal Payment Information or

26  acting to cancel their membership before they were charged.

27          63.     Plaintiff and Class members were unaware that by declining the Easy Saver

28  Program offer that Provide Commerce would provide their Private Payment Information to

1    Encore or that their Payment Accounts would be charged as a result because Defendant concealed

2    the material information as alleged above.

3                64.    Plaintiff and the Class justifiably acted or relied upon to their detriment the

4    omissions and misrepresentations that their Private Payment Information would not be

5    transmitted, as evidenced by the fact that they gave Provide Commerce their Private Payment

6    Information to complete their purchase, but did not authorize, in fact declined, any offer that their

7    Private Payment Information transmitted to Encore or their accounts charged in connection with

8    the Easy Saver Program.

9                65.    Defendant was and continues to be under a duty to Plaintiff and the Class

10   to disclose these facts because:

11               a.    Defendant is in a superior position to know the truth about the Easy

12   Saver Program and its business practice of transmitting Private Payment Information to Encore;

13               b.    Defendant made partial disclosures and representations as alleged

14   above about the Program and about its policies regarding use of consumers' Private Payment

15   Information; and

16               c.    Defendant actively concealed from Plaintiff and the Class the true

17   nature of the Program and its true practices with respect to the use of Private Payment

18   Information.

19               66.    Defendant intentionally represented and concealed from and/or failed to

20   disclose to Plaintiff and the Class the facts described above with the intent to defraud Plaintiff and

21   Class members, and for the purpose of inducing Plaintiff and the Class to provide their Private

22   Payment Information, which was later transmitted to Encore to involuntarily enroll Plaintiff and

23   Class members in the illusory Program.  By concealing this material information, Defendant

24   sought to ensure that Plaintiff and Class members would complete their transaction on the

25   Provide Commerce website while allowing it to still profit by giving that information to Encore

26   without authorization to enroll Plaintiff and Class members in the sham Program.  Defendant

27   knew that Plaintiff and Class members would not have provided their Private Payment

28   Information to Encore if all material information was disclosed because Plaintiff and Class

- 19 -

CLASS ACTION COMPLAINT

1    members declined to participate in the Program. Despite this, Defendant completed their

2    transactions with Plaintiff and Class members, fraudulently enrolled them in the Easy Saver

3    Program and unlawfully transmitted Plaintiff and Class members' Private Payment Information to

4    Encore.

5          67.     Had Defendant disclosed that it intended to transmit Plaintiff's and Class

6    members' Private Payment Information to third parties without their permission and that their

7    Private Payment Accounts would be charged as a result, Plaintiff and Class members would have

8    taken additional steps to secure their accounts, would not have provided their Private Payment

9    Information and/or purchased products from Provide Commerce.

10        68.     As a direct and proximate cause of Defendant's misconduct, Plaintiff and

11    the Class members have suffered actual damages in that they have paid activation and monthly

12    fees without receiving any benefits, discounts or savings.

13        69.     Defendant's misconduct has been and is wanton and/or reckless and/or

14    shows a reckless indifference to the interests of others.

15        70.     Plaintiff, on behalf of herself and all others similarly situated, demands

16    judgment against Defendant for actual and punitive damages for herself and each member of the

17    Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

18                  **THIRD CAUSE OF ACTION**

19                    **(Breach of Contract)**

20               **(On Behalf Of All Class Members)**

21        71.     Plaintiff incorporates by reference the allegations contained in the

22    preceding paragraphs of this Complaint.

23        72.     As part of its terms of conditions of use, Provide Commerce states that its

24    privacy policy applies to any consumer using any one of its websites and that the privacy policy is

25    a legally binding agreement. The privacy policy sets forth Provide Commerce's obligations to

26    Plaintiff and Class members with respect to handling of their Private Payment Information.

27        73.     Defendant drafted the terms and conditions of use and the privacy policy

28    posted on its website and did not allow Plaintiff or the Class members any opportunity to make

1  changes to the policy or terms and conditions.  As such, the policy and terms of conditions are

2  contracts of adhesion.

3        74.   Plaintiff and Class members did everything required of them in completing

4  their transactions with Provide Commerce.

5        75.   Defendant agreed that it would not share or transmit the Private Payment

6  Information Plaintiff and Class members provided to complete their purchases without

7  authorization.  Defendant breached this agreement by transmitting Plaintiff's and Class members'

8  Private Payment Information to Encore without authorization.  Defendant also breached its

9  agreement by assuring consumers that they would not be enrolled in the Easy Saver Program

10  without giving explicit permission.  In fact, Plaintiff and Class members declined to join, but

11  were enrolled and charged for the Program anyway.

12        76.   As a result of Defendant's breach of its agreement, Plaintiff and the Class

13  members have suffered harm.  Plaintiff's and Class members' credit and debit cards or online

14  payment accounts were charged an unauthorized activation fee and/or subsequent monthly

15  charges.

16        77.   Plaintiff and members of the Class seek declaratory relief, compensatory

17  damages proximately caused by Defendant's breach of contract, pre-judgment interest, costs of

18  suit and other relief as the Court deems just and proper.

19  **FOURTH CAUSE OF ACTION**

20  **(Breach of the Covenant of Good Faith And Fair Dealing)**

21  **(On Behalf Of All Class Members)**

22        78.   Plaintiff incorporates by reference the allegations contained in the

23  preceding paragraphs of this Complaint.

24        79.   Defendant entered into a contract with Plaintiff and Class members based

25  on representations Defendant made directly and indirectly to Plaintiff and the Class members in

26  its privacy policy and terms of conditions and on its website at point of sale regarding whether

27  Private Payment Information would be transmitted to Encore and, if so, under what conditions.

28

80.     Plaintiff and Class members did everything the contracts and agreements required of them.  Specifically, they provided their Private Payment Information for the limited purpose of completing their purchases on the Provide Commerce website and declined offers to enroll in the Easy Saver Program or to have their information transmitted to Encore for any reason.  Thus, all conditions had been met to allow Defendant to perform in compliance with the contracts.

81.     Defendant unfairly interfered with Plaintiff's and Class members' rights to receive the security and privacy benefits they were entitled to under the contract.  Indeed, Defendant expressly represented to Plaintiff and the Class members that they would only use their Private Payment Information for purposes of completing their selected purchase on the Provide Commerce website and that their Private Payment Information would neither be used for other purposes nor shared with unauthorized nonparties, including Encore.  Defendant also expressly represented that consumers would only be enrolled in the Easy Saver Program if they explicitly agreed to do so.

82.     In violation of its agreements and representations, Defendant provided Plaintiff's and Class members' private consumer information, including their Private Payment Information, to Encore without authorization, thereby unfairly denying Plaintiff and Class members of the security benefits to which they were entitled.  As such, Defendant failed to act in good faith to further its economic interests and at the expense of Plaintiff and Class members.

83.     Plaintiff and Class members suffered harm and were damaged as the direct and proximate cause of Defendant's misconduct in that their Private Payment Accounts were wrongfully charged fees for a Program in which they declined to enroll.

84.     Plaintiff and members of the Class seek judgment against Defendant for compensatory and punitive damages and declaratory relief along with pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## (Negligence)

## (On Behalf Of All Class Members)

85.     Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint.

86.     At all times relevant, Defendant owed a duty of care to Plaintiff and Class members to not transmit their Private Payment Information to third parties without explicit authorization.  At all times relevant, Defendant also owed a duty of care to Plaintiff and Class members to ensure that the Private Payment Information provided to it was only used for specifically-authorized charges.

87.     Defendant breached its duty of care by transmitting Plaintiff and Class members' Private Personal Information to Encore without ensuring that Plaintiff and Class members had affirmatively authorized such transmission.  Defendant breached its duty of care by enrolling Plaintiff and Class members in the Easy Saver Program without their permission. Defendant further breached its duty of care by failing to keep Plaintiff's and Class members' Private Payment Information secure and allowing unauthorized charges be made to Plaintiff and Class members' Private Payment Accounts in connection with the Easy Saver Program.

88.     As a direct and proximately cause of Defendant's misconduct, Plaintiff and Class members were damaged in that they were charged for Easy Saver activation and monthly fees that were not authorized.  Plaintiff and Class members did not receive any discount, service or benefit from being secretly enrolled in the program.  Had Defendant not provided Private Payment Information to Encore without permission and not allowed Plaintiff's and Class members' Private Payment Accounts to be charged for services they neither requested nor used, Plaintiff and Class members would not have been damaged.

89.     Plaintiff and members of the Class seek declaratory relief and all damages proximately caused by Defendant's negligence pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (False Advertising Law, Bus. & Prof. Code § 17500, *et seq.*)

### (On Behalf Of All Class Members)

90.     Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint.

91.     Provide Commerce has falsely advertised, marketed and sold to the public a variety of products with the understanding that Private Payment Information provided by consumers to effectuate those transactions will not be transmitted to nonparties without authorization unless reasonably necessary to complete the transaction.

92.     Provide Commerce has also falsely advertised and marketed the purported benefits of the Easy Saver Program, including, but not limited to, promising that consumers will receive instantly receive a gift code for a discounted if they are enrolled it the Easy Saver Program and that "great benefits and savings" automatically flow from Program membership.

93.     Provide Commerce has also falsely advertised and marketed the Easy Saver Program as being voluntary and that consumers will not be enrolled or charged unless they affirmatively accept the offer.

94.     Provide Commerce has disseminated and engaged in unfair, deceptive, untrue or misleading advertising on its websites when it falsely represented, through its advertising, marketing, and other express representations, that enrollment in the Easy Saver Program was voluntary, would result in savings and benefits and would result in a savings on the consumer's current purchase.

95.     Defendant disseminated the false and misleading advertisements and statements to either directly or indirectly induce members of the public, including Plaintiff and the Class members, to provide their Private Payment Information to purchase items on Provide Commerce websites and enroll them in the Easy Saver Program

96.     Defendant's advertisements and marketing statements were false, misleading and/or deceptive, and are likely to deceive the public.  Defendant failed to disclose that it would transmit Plaintiff's and Class members' Private Payment Information to Encore or

1   that their accounts would be charged without authorization. Defendant failed to disclose that the

2   Easy Saver Program does not offer Plaintiff and Class members promised benefits and services.

3   Defendant also posted a false and misleading privacy policy and failed to disclose that it did not

4   adhere to its own published privacy policies. As a result of these deceptive advertising and

5   marketing statements, Plaintiff and Class members suffered an injury in fact and lost money, as

6   they were charged activation and/or monthly fees in connection with a program in which they did

7   not enroll and from which they received no benefits.

8        97.    Plaintiff, on behalf of herself and for all others similarly situated, demands

9   judgment against Defendant for restitution, disgorgement, injunctive relief, and all other relief

10   afforded under Business & Professions Code § 17500, plus interest, attorneys' fees and costs.

11   <div align="center">**SEVENTH CAUSE OF ACTION**</div>

12   <div align="center">**(Unjust Enrichment)**</div>

13   <div align="center">**(On Behalf Of All Class Members)**</div>

14        98.    Plaintiff incorporates by reference the allegations contained in preceding

15   paragraphs of this Complaint.

16        99.    By its wrongful acts and omissions described herein, including but not

17   limited to (a) selling products on its websites without honoring the privacy policy that purports to

18   govern such transactions, (b) representing that Plaintiff and Class members would receive a

19   discount on the current purchase if enrolled in the Easy Saver Program, and (c) enrolling Plaintiff

20   and Class members in the Easy Saver Program without authorization, Defendant was unjustly

21   enriched at the expense of Plaintiff and the Class.

22        100.    It would be inequitable for Defendant to retain the profits, benefits, and

23   other compensation obtained from its wrongful conduct as alleged herein.

24        101.    Plaintiff on behalf of herself and all others similarly situated, seeks

25   restitution from Defendant, and an order of this Court proportionally disgorging all profits,

26   benefits, and other compensation obtained by Defendant from its wrongful conduct.

27

28

<div align="center">- 25 -</div>

<div align="center">CLASS ACTION COMPLAINT</div>

# EIGHTH CAUSE OF ACTION

## (Conversion)

### (On Behalf Of All Class Members)

102.    Plaintiff incorporates by reference the allegations contained in preceding paragraphs of this Complaint.

103.    Plaintiff and Class members had a right to retain the moneys taken from their Private Payment Accounts when they were enrolled in the Easy Saver Program without authorization. Plaintiff and Class members also have a right of ownership and possession of their own Private Payment Information.

104.    Defendant wrongfully converted the funds it fraudulently obtained as a result of enrolling Plaintiff and Class members in the illusory Easy Saver Program without authorization. Defendant also wrongfully converted Plaintiff's and Class members' Private Payment Information, which was provided for a limited purpose and used beyond the scope of what was authorized.

105.    As a result of Defendant's wrongful conversion, Plaintiff and Class members were damaged because their Private Payment Accounts were charged for unauthorized fees and monthly payments and their Private Payment Information was disseminated to unauthorized third parties.

106.    Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendant for damages arising from its misconduct, along with pre-judgment interest, costs of suit and other relief this Court deems appropriate.

# NINTH CAUSE OF ACTION

## (Violations of the Unfair Competition Law, Bus & Prof Code § 17200, *et seq*)

### (On Behalf Of All Class Members)

107.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

108.    Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

- 26 -

CLASS ACTION COMPLAINT

1    Defendant's conduct, as described above, is unlawful, unfair or fraudulent in violation of the

2    statute.

3          109.   Defendant's acts and practices are unlawful because they violate California

4    Civil Code §§ 1572, 1668, 1709, 1710, 1770(a)(3), 1770(a)(5), 1770(a)(9), 1770(a)(14) and/or

5    1770(a)(17), as described above.

6          110.   Defendant's acts and practices are unlawful because they violate California

7    Business & Professions Code § 22576. Defendant is an operator of a commercial website that

8    collects personally identifiable information through its website from consumers. Class members

9    include consumers who used or visited the commercial website who reside in all fifty states,

10   including California. Defendant violated its posted privacy policy by sharing personal payment

11   information with Encore without authorization beyond what was necessary to complete Plaintiff's

12   and Class members' orders and permitted Encore to charge Plaintiff's and Class members'

13   Private Payment Accounts without authorization.

14         111.   Defendant's acts and practices are also unlawful because they violate

15   §17500 of the Business and Professions Code and common law as alleged above.

16         112.   Defendant violated the Unfair Business Practices Act, Business &

17   Professions Code § 17200, et seq., by fraudulently misrepresenting and concealing from and/or

18   intentionally failing to disclose to Plaintiff and the Class the true facts about its business practice

19   of transmitting Private Payment Information without authorization and the Easy Saver Program,

20   as alleged herein.

21         113.   Defendant violated the Unfair Business Practices Act, Business &

22   Professions Code § 17200, et seq., by breaching their contracts with Plaintiff and Class members.

23         114.   Defendant violated Unfair Business Practices Act, Business & Professions

24   Code § 17200, et seq., by breaching the covenant of good faith and fair dealing.

25         115.   Defendant's conduct was fraudulent in violation of the Unfair Business

26   Practices Act, Business and Professions Code § 17200, et seq., in that Defendant actively

27   misrepresented in, and/or concealed and omitted from, its advertising, marketing and other

28   communications, material information about the Easy Saver Program and its policies with respect

CLASS ACTION COMPLAINT

1   to the use of private consumer information, including Private Payment Information, in a manner

2   that has deceived and is likely to continue to deceive consumers and the public. Plaintiff relied on

3   these misrepresentations and omissions when providing Defendant with her Private Payment

4   Information and purchasing products on Defendant's website and, as a result, suffered an injury

5   in fact and lost money.

6        116.    Defendant violated the Unfair Business Practices Act, Business &

7   Professions Code § 17200, *et seq.*, by, *inter alia,* representing to Plaintiff and Class members that

8   their Private Payment Information would be secure and not transmitted to unauthorized parties,

9   while knowing that the information would be transmitted to Encore without explicit authorization.

10        117.    Defendant also violated the Unfair Business Practices Act, Business and

11   Professions Code § 17200, *et seq.*, by, *inter alia,* representing that Plaintiff and Class members

12   who were enrolled in the Easy Saver Program would immediately receive a discount code and

13   that they would receive discounts and savings their purchasers. Plaintiff and Class member were

14   unwittingly enrolled in the Program, but did not receive the promised discounts, savings or other

15   benefits.

16        118.    Defendant's conduct was unfair in violation of the Unfair Business

17   Practices Act, Business and Professions Code § 17200, *et seq.*, because, *inter alia,* the injury to

18   Plaintiff and Class members by Defendant's conduct greatly outweighs any alleged

19   countervailing benefit to consumers or competition under all of the circumstances.

20        119.    To this day, Defendant continues to violate the Unfair Business Practices

21   Act by continuing to misrepresent and actively conceal material information regarding the Easy

22   Saver Program, the benefits it offers, and its own privacy policies and practices.

23        120.    As a direct and proximate cause of Defendant's violation of the Unfair

24   Business Practices Act, Plaintiff and the Class have suffered injury in fact and lost money in that

25   their Private Payment Accounts were charged for services and benefits they did not receive.

26        121.    As a proximate result of Defendant's violation of the Business and

27   Professions Code § 17200, *et seq.*, Defendant has been unjustly enriched and should be required

28

1   to make restitution to Plaintiff and the Class and/or disgorge their ill-gotten profits pursuant to

2   Business & Professions Code § 17203.

3          122.   Plaintiff, on behalf of herself and all others similarly situated, demands

4   judgment against Defendant for injunctive relief, restitution, and/or proportional disgorgement of

5   profits earned as a result of the conduct alleged herein, including promised discounts and savings

6   that were not given, along with interest, attorneys' fees and costs pursuant to, *inter alia*, Cal.

7   Code Civ. Proc. § 1021.5.

8   <center>**PRAYER FOR RELIEF**</center>

9       WHEREFORE, Plaintiff, on behalf of herself and the members of the Class and Sub-

10  Class, demands judgment against the Defendant as follows:

11         a.   An order certifying the Class and any appropriate subclasses and

12  designating Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

13         b.   Restitution and disgorgement to the extent permitted by applicable

14  law, together with interest thereon from the date of payment, to the victims of such violations;

15         c.   Monetary damages, including, but not limited to any compensatory,

16  incidental or consequential damages commensurate with proof at trial for the acts complained of

17  herein;

18         d.   Punitive damages in accordance with proof and in an amount

19  consistent with applicable precedent;

20         e.   Injunctive and declaratory relief;

21         f.   A declaration that Defendant is financially responsible for notifying

22  all Class members of the pendency of this action;

23         g.   Reasonable costs and attorneys' fees;

24         h.   Statutory pre-judgment interest; and

25         i.   All other relief the Court deems just and appropriate.

26  <center>**DEMAND FOR JURY TRIAL**</center>

27      Plaintiff, on behalf of herself and the Class members, demands a jury trial in this action

28  for all of the claims so triable.

<center>- 29 -</center>

9/24   DLS/DIVERSIFIED LEGAL SERVICES, INC   619-260-0316

Dated: September 24, 2009

**ANDRUS ANDERSON LLP**

By: 
          Jennie Lee Anderson

Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

Burton LeBlanc
Melissa Hutts
Bruce Steckler
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
bleblanc@baronbudd.com
mhutts@baronbudd.com
bsteckle@baronbudd.com

*Attorneys for Plaintiff and the Proposed Class*

- 30 -

9/24   DLS/DIVERSIFIED LEGAL SERVICES, INC   615-260-0376

# EXHIBIT "A"

# EXHIBIT "A"

9/24   DLS/DIVERSIFIED LEGAL SERVICES, INC   619-260-0310

1   Jennie Lee Anderson (SBN 203586)
    Lori E. Andrus (SBN 205816)
2   ANDRUS ANDERSON LLP
    155 Montgomery Street, Suite 900
3   San Francisco, CA 94104
    Telephone: (415) 986-1400
4   Facsimile: (415) 986-1474
    jennie@andrusanderson.com
5   lori@andrusanderson.com

6   Burton LeBlanc
    Melissa Hutts
7   Bruce Steckler
    BARON & BUDD, P.C.
8   3102 Oak Lawn Avenue, Suite 1100
    Dallas, TX 75219
9   Telephone: (214) 521-3605
    Facsimile: (214) 520-1181
10  bleblanc@baronbudd.com
    mhutts@baronbudd.com
11  bsteckle@baronbudd.com

12  *Attorneys for Plaintiff and the Proposed Class*

13              UNITED STATES DISTRICT COURT

14         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16
    BOBBI SLEDGE, on behalf of herself and all        Civil Case No.:
17  others similarly situated,
                                                       **DECLARATION OF BOBBI SLEDGE**
18                     Plaintiff,                      **PURSUANT TO CAL. CIV. CODE**
                                                       **§1780(c)**
19          v.

20  PROVIDE COMMERCE, INC.,

21                     Defendant.

22

23  I, Bobbi Sledge, declare as follows:

24         1.      I am the named plaintiff in this litigation.

25         2.      I have personal knowledge of the matters set forth below except as to those matters

26
27  stated herein which are based on information and belief, which matters I believe to be true.

28         3.      If called as a witness I could and would testify competently to these matters herein

                              - 1 -                    DECLARATION OF BOBBI SLEDGE

1   included.

2       4.     I am informed and believe that venue is proper in this court under Civil Code

3   1780(c) based on the fact that, on information and belief, Defendant Provide Commerce is

4   headquartered in and does business in San Diego County and within this judicial district.

5       I declare under penalty of perjury under the laws of the state of United States that the

6   foregoing is true and correct and that this declaration was executed on September 22, 2009 in

7

8   Dallas, Texas.

9

10                                          Bobbi Sledge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -                         DECLARATION OF BOBBI SLEDGE

9/24        DLS/DIVERSIFIED LEGAL SERVICES, INC          619-266-0316

# EXHIBIT "B"

# EXHIBIT "B"

# ANDRUS ANDERSON LLP

September 24, 2009

**_Via Certified Mail, Return Receipt Requested_**

William Strauss, CEO and Director          William Strauss, CEO and Director
Provide Commerce, Inc.                     Provide Commerce, Inc.
(San Diego Headquarters)                   (Corporate Address)
4840 Eastgate Mall                         5005 Wateridge Vista Drive
San Diego, California 92121                San Diego, CA 92121

**RE:   Notice of Violations of Consumer Legal Remedies Act and Demand**

Dear Mr. Strauss,

Pursuant to California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and specifically § 1782(a)(1)(2), Bobbi Sledge ("Plaintiff") on behalf of herself and all others similarly situated, and through the undersigned counsel, hereby notify you that Provide Commerce, Inc. ("Provide Commerce") has violated California Civil Code § 1770 by misrepresenting its affiliation and association with third parties, including the Regent Group Inc., d/b/a Encore Marketing International, Inc. ("Encore"), and by sharing Plaintiff's and putative Class members' private information with unauthorized third parties.

Specially, our investigation has revealed the following.  Provide Commerce improperly transmitted Plaintiff's and Class members' private credit card, debit card or online payment account (e.g., Paypal) information (collectively, "Private Payment Information") to Encore, without their authorization, after Plaintiff and Class members' purchased flowers, gifts or other retail items for delivery from one or more of Provide Commerce's online retail stores.  Provide Commerce improperly represented that the Easy Saver Rewards Program would provide benefits it does not offer because Plaintiff and Class members received no savings or discounts as a result of being enrolled.  Provide Commerce advertised the Easy Saver Program as a Program that Plaintiff's and Class members could decline, representing the Program as a voluntary program that would only activate when the consumer affirmatively signs up by clicking the enroll button, and as a Program that would offer consumer discounts, savings, and other economic benefits.  In fact, Plaintiff and Class members were enrolled in the Easy Saver Program after declining to join and they received no benefits or savings.  Furthermore, Provide Commerce represented that Plaintiff and Class members would receive a rebate or discount by enrolling in the Program, although the earning of the benefit was contingent on Plaintiff and Class members actively enrolling in the Program to obtain the promised coupon.  Because they declined the offer, Plaintiff and Class members did not receive a discount on their purchase, but were nonetheless charged an activation fee and subsequent monthly charges.

---

**155 Montgomery Street · Suite 900 · San Francisco, California 94104**
**T: 415.986.1400 · F: 415.986.1474 · lori@andrusanderson.com**

Provide Commerce, Inc.
September 24, 2009
Page 2

The aforementioned conduct violates the CLRA in several respects.

1.      Provide Commerce violated Civil Code § 1770(a)(3) by misrepresenting and failing to disclose its affiliation, connection or association with, or certification of Encore.

2.      Provide Commerce violated Civil Code § 1770(a)(5) by, *inter alia*, representing that the Easy Saver Program had sponsorship or approval or benefits that it did not have by representing that enrollment was voluntary and not automatic and by misrepresenting that Plaintiff and Class members would receive discounts and savings if enrolled.

3.      Provide Commerce violated Civil Code § 1770(a)(9) by, *inter alia*, advertising and marketing the Easy Saver Program as a program in which consumers must voluntarily and affirmatively join and that membership would result in discounts and savings with the intent to automatically sign Plaintiff and Class members up for the Program and without sending them the promised savings and benefits.

4.      Provide Commerce violated Civil Code § 1770(a)(14) by, *inter alia*, representing that the transaction would confer rights and remedies, i.e., the right to decline to join the Easy Saver Program, which the transaction did not have. In fact, the transaction resulted in Plaintiff and Class members being enrolled in, and charged for, the Program without authorization.

5.      Provide Commerce violated Civil Code § 1770(a)(17) by, *inter alia*, representing that Plaintiffs and Class members would receive a rebate, discount, or other economic benefit when the earning of any benefit, if any, was contingent on an event to occur subsequent to the consummation of the transactions. Indeed, Provide Commerce deceptively represented that Plaintiff and Class members would receive a gift code "now" if enrolled in the Program. However, Plaintiff and Class members did not receive a gift code or discount on their purchase when they were unwittingly enrolled in the Program and charged an activation fee. Because Plaintiff and Class members did not affirmatively enroll in the Program, and, in fact, declined the offer, they could not receive the promised benefits, if any, unless they discovered that they were fraudulently enrolled in the Program, demanded the gift code after the fact, and purchased additional items from Provide Commerce. Plaintiff and Class members were enrolled and charged without their knowledge or consent, but to earn a benefit or discount, if any, they would unfairly be forced to make an additional purchase.

This Notice is being served on behalf of Plaintiff and all similarly-situated consumers, who hereby demand that Provide Commerce correct or rectify the illegal conduct alleged herein, that Provide Commerce cease and desist from the conduct described herein, notify all consumers whose Private Payment Information has been illegally transmitted to Encore and reimburse Plaintiff and all other similarly-situated consumers for all amounts that were improperly charged to them as a result.

We have sent this letter directly to you in order to fully comply with the requirements of California Civil Code § 1782. We, of course, hope that you will act immediately to rectify this situation and stand ready to discuss a reasonable resolution of this matter on the terms outlined above or on similar terms acceptable to Plaintiff and similarly-situated consumers.

Provide Commerce, Inc.
September 24, 2009
Page 3

     If you have any questions, require any additional information or would like to discuss these matters, please do not hesitate to contact me.

Very truly yours,

*Lori E. Andrus /jp*

Lori E. Andrus

9/24                DLS/DIVERSIFIED LEGAL SERVICES, INC                         619-266-0305

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bobbi Sledge | Provide Commerce, Inc. |

FILED

'09 SEP 24 PH 3: 06

| (b) County of Residence of First Listed Plaintiff **Dallas County, Texas** | County of Residence of First Listed Defendant **San Diego, California** |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Andrus Anderson LLP, 155 Montgomery St, Ste 900, San Francisco, CA 94104, (415) 986-1400 | '09 CV 2 0 9 4    MMA BLM |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1391(d) |
|---|---|
| | Brief description of cause: CLRA; Fraud; Breach of Contract; Breach Good Faith; Neg.; FAL; Unjust Enrich.; Conversion; UCL |

| VII. REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ TBD | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/24/2009 | Jennie Lee Anderson |

**FOR OFFICE USE ONLY**

RECEIPT # 5614   AMOUNT $350.00   APPLYING IFP      JUDGE      MAG. JUDGE

MS  9/24/09

## FILE BY FAX

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005614
Cashier ID: msweaney
Transaction Date: 09/24/2009
Payer Name: DIVERSIFIED LEGAL SERVICES
------------------------------------
CIVIL FILING FEE
 For: BOBBI SLEDGE V PROVIDE COMMERC
 Case/Party: D-CAS-3-09-CV-002094-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 0045155
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.