Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jpatterson@hpolaw.com
amartin@hpolaw.com

*Attorneys for Plaintiffs and Co-Lead Interim Class Counsel for the Proposed Class*

[Additional Counsel Listed On Signature Page]

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to all Actions | CASE NO.: 09-CV-02094-MMA (BLM)<br><br>**PLAINTIFFS' OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT PROVIDE COMMERCE, INC.'S MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Date: May 10, 2010<br>Time: 2:30 p.m.<br>Judge: Hon. Michael Anello<br>Courtroom: 5 |

## I. OBJECTION

Plaintiffs object to the documents attached as Exhibits 1 - 11 to the Request for Judicial Notice In Support of Defendant Provide Commerce Inc.'s Motion to Dismiss Consolidated Complaint ("RFJN"). Specifically, Provide Commerce, Inc. ("Provide Commerce") seeks judicial notice of a screen shot of the EasySaver Rewards slider window (*see* Exhibit 1), and various webpages showing the EasySaver Rewards policies (*see* Exhibits 2-5), Provide Commerce privacy policies (*see* Exhibits 10-11), and the EasySaver Rewards enrollment process (*see* Exhibits 6-9) that were purportedly in effect at the time Plaintiffs each ordered items from Proflowers.com. This type of information is not properly subject to judicial notice because, among other things, the information's authenticity is questionable.

Under Federal Rule of Evidence 201, courts may only take judicial notice of facts that are not subject to reasonable dispute in that the facts are "capable of accurate and ready determination by resort to sources whose ***accuracy cannot reasonably be questioned***." Fed. R. Evid. 201 (emphasis added). And under the "incorporation by reference" doctrine, courts may only consider documents "whose contents are alleged in the complaint and whose ***authenticity no party questions***, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1069, 1076 (9th Cir. 2005) (emphasis added). Thus, when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), courts may only consider documents that are not physically attached to the complaint if the complaint refers to such document, the document is "central" to plaintiff's claim, and ***no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion***. *See id.* Courts should not judicially notice or otherwise consider a webpage if the webpage constantly changes. *In re Poirier*, 346 B.R. 585, 588-589 (D.C. Mass. 2006) (refusing to judicially notice a website that is not constant.) Furthermore, courts should not take a bare fact that is not reflected in the pleadings, but only on defendants' own website, and then draw inferences against plaintiffs so as to dismiss their well-plead claims. *Victaulic Co. v. Tieman,* 499 F. 3d 227, 236-237 (3rd Cir. 2007).

Ignoring those standards, Provide Commerce cites to several cases to support its incorrect position that judicial notice of webpages is proper here. Yet in those cases, plaintiffs did not

contest the authenticity of the webpages at issue.  For instance, the court in *In re VistaPrint Corp. Mktg. & Sales Practices Litig.*, 4:08-md-1994, 2009 WL 2884727, at *4, n. 5 (S.D. Tex. Aug. 31, 2009), considered webpages attached to defendant's motion to dismiss, and specifically noted that "[f]or purposes of Defendants' Motions to Dismiss, Plaintiffs do not contest that these pages are accurate copies of what they saw when they purchased their business cards and signed up for the rewards.'"  Similarly, in *Knievel* the court considered several webpages from defendants' website and again specifically stated that the plaintiffs "did not dispute the authenticity of the materials and CD-ROM attached to [defendant's] motion to dismiss. 393 F.3d 1069, 1076 (9th Cir. 2005).

Here, Plaintiffs challenge the authenticity of Exhibits 1-11, which Provide Commerce claims to be webpages containing information applicable to each named Plaintiffs' respective transactions on Proflowers.com.  *See* RFJN pp. 2-3.  Provide Commerce seeks to use the information to argue that the EasySaver Rewards enrollment process was straightforward and non-deceptive.  Yet the only link Provide Commerce has provided between these documents and each Plaintiff's transaction is the unverified and unilateral contention of such by Provide Commerce's employee, Joshua Robinivitz.  Plaintiffs have not yet had the opportunity to question or depose Mr. Robinvitz to check the veracity of his contentions.  Moreover, Provide Commerce's website is not constant, but instead is constantly tweaked, revised and otherwise modified by Provide Commerce or its cohort, Defendant Encore Marketing International.  As such, the documents are subject to dispute and not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Consequently, Plaintiffs dispute and challenge the authenticity of the documents attached to Provide Commerce's RFJN, and object to their use as evidence supporting Provide Commerce's Motion to Dismiss.

## II. CONCLUSION

Because Plaintiffs challenge the authenticity of the documents submitted by Provide Commerce, Provide Commerce's RFJN of Exhibits 1-11 should be denied because the documents are not the proper subjects of judicial notice.  Nor should the Exhibits be considered under the doctrine of incorporation by reference.

| | |
|---|---|
| Dated: March 26, 2010 | ANDRUS ANDERSON LLP |
| | By: ___/s/ *Jennie Lee Anderson*___ |
| | Jennie Lee Anderson |

Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
HARRISON PATTERSON & O∅CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jpatterson@hpolaw.com
amartin@hpolaw.com

Isam C. Khoury, State Bar No. 58759
Michael D. Singer, State Bar No. 115301
Kimberly D. Neilson, State Bar No. 216571
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
ikhoury@ck-lawfirm.com
msinger@ck-law.com
kneilson@ck-law.com

Bruce Steckler
Burton LeBlanc
Melissa Hutts
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181
bleblanc@baronbudd.com
mhutts@baronbudd.com
bsteckle@baronbudd.com

*Attorneys for Plaintiffs and Co-Lead Interim Class Counsel for the Proposed Class*

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Gene J. Stonebarger, State Bar No. 209461  
LINDSAY & STONEBARGER  
A Professional Corporation  
620 Coolidge Drive, Suite 225  
Folsom, CA 95630  
Telephone:  (916) 294-0002  
Facsimile: (916) 294-0012  
gstonebarger@lindstonelaw.com

*Attorneys for Plaintiffs and the Proposed Class*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 26, 2010                              */s/ Jennie Lee Anderson*
                                                                Jennie Lee Anderson

ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com

- 5 -                                    *In Re: EasySaver Rewards Litig.*
                                              3:09-cv-02094-MMA-BLM