UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Easysaver Rewards Litigation | Civil No. 09-CV-2094-MMA(WVG)<br><br>AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING PRE-CLASS CERTIFICATION DISCOVERY |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on February 14, 2011. Due to a conflict on the Court's calendar, this Order amends the Court's previous Order by rescheduling the settlement conference in paragraph 7. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before March 14, 2011.

2. On or before July 1, 2011, all parties shall exchange with all other parties a list of all expert witnesses expected to be called for class certification purposes. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than** July 15, 2011, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before August 8, 2011.

5. All discovery pertaining to facts shall be completed on or before June 30, 2011. All discovery pertaining to expert witnesses shall be completed on or before August 22, 2011.

*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

6. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7. A Mandatory Settlement Conference shall be conducted on May 20, 2011, at 9:00 a.m. in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than May 12, 2011. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of

1  liability and damages, and shall set forth the party's settlement position, including the last offer or
2  demand made by that party, and a separate statement of the offer or demand the party is prepared to
3  make at the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of**
4  **the Court, nor shall they be served on opposing counsel.**

5        8.     Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for
6  insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as
7  well as the principal attorney(s) responsible for the litigation, must be present and legally and factually
8  prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside
9  corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to
10 negotiate and enter into a settlement.  For good cause, and on ex parte application at least one day before
11 the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from
12 personal attendance provided such party or parties will be available by telephone during the conference.
13 Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

14       9.     **The dates and times set forth herein will not be further modified except for good**
15 **cause shown.**

16       10.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case
17 hereafter.

18 IT IS SO ORDERED.

19 DATED: April 11, 2011

                                          Hon. William V. Gallo
                                          U.S. Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).