1  James R. Patterson, State Bar No. 211102
   Alisa A. Martin, State Bar No. 224037
2  HARRISON PATTERSON & O'CONNOR LLP
   402 West Broadway, 29th Floor
3  San Diego, CA 92101
   Telephone:  (619) 756-6990 / Facsimile:  (619) 756-6991
4  jpatterson@hpolaw.com
   amartin@hpolaw.com
5
   Jennie Lee Anderson, State Bar No. 203586
6  Lori E. Andrus, State Bar No. 205816
   ANDRUS ANDERSON LLP
7  155 Montgomery Street, Suite 900
   San Francisco, CA 94104
8  Telephone:  (415) 986-1400 / Facsimile:  (415) 986-1474
   jennie@andrusanderson.com
9  lori@andrusanderson.com

10  *Attorneys for Plaintiffs and Co-Lead Interim Class*
    *Counsel for the Proposed Class*
11

12  *[Additional Counsel Listed On Signature Page]*

13          **UNITED STATES DISTRICT COURT**

            **SOUTHERN DISTRICT OF CALIFORNIA**

14  In Re: EASYSAVER REWARDS          )   CASE NO.: 09-CV-02094-AJB (WVG)
    LITIGATION                        )
15                                    )   **THIRD AMENDED CONSOLIDATED**
                                      )   **CLASS ACTION COMPLAINT FOR:**
16                                    )
                                      )   1.  BREACH OF CONTRACT
17                                    )   2.  DECLARATORY RELIEF
                                      )   3.  BREACH OF CONTRACT
18                                    )   4.  DECLARATORY RELIEF
                                      )   5.  BREACH OF IMPLIED COVENANT
19                                    )       OF GOOD FAITH AND FAIR DEALING
                                      )   6.  NEGLIGENT MISREPRESENTATIONS
20                                    )   7.  FRAUD
                                      )   8.  VIOLATIONS OF CONSUMER LEGAL
21                                    )       REMEDIES ACT
    This Document Relates to all Actions )  9.  FALSE ADVERTISING
22                                    )   10. CONVERSION
                                      )   11. UNJUST ENRICHMENT
23                                    )   12. VIOL. OF ELEC. FUNDS TRANSFER ACT
                                      )   13. VIOL. OF ELEC. COMMUN.  PRIVACY ACT
24                                    )   14. VIOL. OF UNFAIR BUSINESS PRACTICE;
                                      )   15. VIOL. OF INVASION OF PRIVACY –
25                                    )       INTRUSION INTO PRIVATE MATTERS
                                      )   16. INVASION OF THE CONSTITUTIONALLY
26                                    )       PROTECTED RIGHT TO PRIVACY
                                      )   17. NEGLIGENCE
27                                    )
                                      )   **[JURY TRIAL  DEMANDED]**
28                                    )

*Sidebar (left margin):* HARRISON PATTERSON & O'CONNOR LLP / 402 West Broadway / 29TH Floor / San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

Plaintiffs Josue Romero, Albert Parker,  Gina Bailey, Grant Jenkins, and Bradley Berentson ("Plaintiffs"), on behalf of themselves, and all others similarly situated (the "Class Members" or "Classes" as defined below), allege upon personal knowledge as to themselves and their acts, and as to all other matters upon information and belief, as follows:

## I.      NATURE OF THE ACTION

1.      This is a class action brought against Defendant Provide-Commerce, Inc. ("Provide-Commerce") who operates several internet businesses, including Red Envelope, Cherry Moon Farms, Secret Spoon, Shari's Berries and ProFlowers.  As part of its revenue generating efforts, Provide-Commerce routinely and fraudulently transmits its consumers' credit card, debit card and/or Paypal information ("Private Payment Information") to its third party marketing partners, Defendants Regent Group, Inc., doing business under Encore Marketing International and Encore Marketing International, Inc. (altogether referred to as "Encore"), which entities then fraudulently charge the cards or accounts without permission under the guise that Provide-Commerce's customers authorized the charges when they supposedly joined a savings programs such as EasySaver Rewards, Red Envelope Rewards, or Preferred Buyers Pass, each of which Encore manages on Provide-Commerce's behalf.  While customers are in the process of transmitting their Private Payment Information to Provide-Commerce for the purpose of purchasing merchandise from Provide-Commerce's website only, Encore — with Provide-Commerce's assistance — intercepts the information and then uses this information to make unauthorized charges to consumers' credit and debit accounts.[1]  Defendants' actions are also unlawful because none of the programs — the EasySaver Rewards, Red Envelope Rewards, or Preferred Buyers Pass provided the promised savings, benefits, products or services and is nothing more than a sham.

2.      To elaborate, when a customer completed a transaction on a Provide-Commerce site, Provide-Commerce seemingly offered a coupon, gift code, or other savings gifts to its customers as a "Thank You" for shopping at its store.  When the customer tried to obtain their

---

[1] All references to credit and debit accounts shall include credit card, debit card and Paypal accounts.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

"gifts," they were directed to a webpage operated by Encore.  Customers are then asked to provide their email address and zip code and click a large green "Accept" button in the center of the page to claim their coupon or gift code.  Regardless of whether customers provide the requested information or clicked the "Accept" button, consumers unwittingly, unknowingly and without their consent were enrolled in the EasySaver Rewards, Red Envelope Rewards, or Preferred Buyers Pass programs.  Provide-Commerce unlawfully transmitted or allowed Encore access to consumers' Private Payment Information, and Encore immediately charged consumers' credit or debit accounts a $1.95 activation fee, and then a month later charged a $14.95 monthly fee and again each month thereafter.

3.      Despite billing consumers for purportedly joining one of the program, Encore never sent the putative enrollees in the program an email confirming their intent to become a member or to be charged these fees, and Encore never communicated with these consumers about their membership or the program, nor provided the consumers with the promised coupons, gift codes, or any other savings benefits.

4.      In short, Defendants touted their marketing programs as legitimate when, in fact, they used the Program as a means to fraudulently bill consumers' credit and debit accounts every month.  Because this conduct resulted in Defendants reaping unearned financial gains to the consumers' detriment, Defendants are subject to contractual, tort and statutory liability as further elaborated below.

5.      Defendants also implemented and operated other membership programs on Provide-Commerce websites, including Preferred Buyers Pass and Red Envelope Rewards. These programs are identical in all material respects to EasySaver Rewards.  Defendants enroll consumers in both programs using the same terms, procedures and deceptive tactics as described herein regarding EasySaver Rewards.  All references to the EasySaver Rewards program apply equally to the Preferred Buyers Pass and Red Envelope Rewards programs as well as to all other membership programs offered on Provide-Commerce websites and operated by Encore, and thus EasySaver Rewards is defined hereinafter to include those programs.

II.     **THE PARTIES**

6.      Plaintiff Josue Romero is an individual who at all times mentioned herein resided, and continues to reside, in San Diego County, California.

7.      Plaintiff Albert Parker is an individual who at all times mentioned herein resided, and continues to reside, in Fairmount, West Virginia.

8.      Plaintiff Gina Bailey is an individual who at all times mentioned herein resided, and continues to reside, in Atkins, Arkansas.

9.      Plaintiff Grant Jenkins is an individual who at all times mentioned herein resided, and continues to reside, in San Diego County, California.

10.     Plaintiff Bradley Berentson is an individual who at all times mentioned herein resided, and continues to reside, in Omaha, Nebraska.

11.     Plaintiffs, each of them, purchased merchandise from Provide-Commerce's online store, had their Private Payment Information disclosed to Encore without authorization, suffered unauthorized charges to their card and debit accounts via the EasySaver Rewards program, and did not receive anything in return for those charges.

12.     Defendant Provide-Commerce is an e-commerce company that operates at least five online stores: Red Envelope, Cherry Moon Farms, Secret Spoon, Sharri's Berries, and ProFlowers.  Provide-Commerce's principal place of business is located in San Diego County, California.  Provide-Commerce initially launched Proflowers.com, which offers flowers direct from growers.  Thereafter, Provide-Commerce launched its other brands that offer fresh fruit, chocolate and other gourmet foods direct from the suppliers.  Because Provide-Commerce is headquartered in California, all significant decision-making with respect to the conduct alleged herein occurred in California.  For instance, Provide-Commerce's marketing, promotional activities, and literature are drafted, developed and coordinated in, and emanate from, California. Moreover, Provide-Commerce's contracts, communications, agreements with Plaintiffs, Class members and Encore all emanated from its headquarters in California.  Provide-Commerce's terms and conditions of use published on its website contain a choice of law clause stating that California law applies to any legal action brought by consumers regardless of conflict of law

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-4-

principles.  In short, Provide-Commerce conducts substantial business in California.

13.     Defendants Regent Group, Inc., doing business under Encore Marketing International and Encore Marketing International, Inc. (together referred to as "Encore" or "Defendant Encore") provides "revenue enhancement solutions" to internet merchants by offering consumer benefit programs, including various membership clubs.  Their principal place of business is located in Lanham, Maryland.  Their membership agreements contain a provision indicating that Maryland law governs membership disputes.  Encore's membership clubs include a program known as EasySaver Rewards, which claims to be savings club that offers discounted entertainment, travel, dining and shopping to its members.  Encore partnered with Provide-Commerce to create and manage an EasySaver Rewards program aimed at Provide-Commerce's customers.

### Doe Defendants

14.     Plaintiffs are ignorant about the true names of Defendants sued as DOES 1 through 50, inclusive, and their wrongful conduct, and therefore sue these Defendants by fictitious names.  Plaintiffs will seek Court leave to amend this complaint to allege their true names and capacities when ascertained.

15.     Plaintiffs allege on information and belief that at all relevant times, DOES 1-50, inclusive, were agents, servants, employees, representatives, partners, and related or affiliated entities of Defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, or retention with defendants' permission, consent, authority and ratification.

### Defendants' Aiding and Abetting

16.     At all times relevant, Defendants aided and abetted, encouraged and rendered substantial assistance to the each other in breaching their obligations to Plaintiffs and the Class. For example, Provide-Commerce aided and abetted and substantially assisted Encore by, *inter alia*, unlawfully transmitting Plaintiffs' Private Payment Information and allowing Plaintiffs' Private Payment Information to be intercepted by Encore at the point of sale without authorization.   Similarly, Provide-Commerce aided and abetted Encore by offering illusory

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

"gifts" and "Thank You" offers on the Provide-Commerce website at the point of sale, which led Plaintiffs and Class members to interface with the Encore webpage.  Once Plaintiffs and Class members were diverted to the Encore promotional page, their Private Personal Information was unlawfully provided to and intercepted by Encore without authorization and their accounts were unlawfully charged.  In taking action, as particularized in greater detail herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, Defendants mutually acted with an awareness of the primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals and wrongdoing.

**Defendants' Agency/Joint Venture Relationship**

17.     In addition to acting on their own behalf individually, Defendants, each of them, are and were acting as the agent, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in conspiracy with each other Defendant and within the course, scope and authority of that agency, service, employment, representation, joint venture, and conspiracy.  Defendants' conduct was fully ratified by the other.  Specifically, on information and belief, Provide-Commerce contracted with Encore to create and implement the EasySaver Rewards and to jointly promote and operate the EasySaver Program in connection with the Provide-Commerce sites.   Provide-Commerce acknowledges its relationship with Encore on its website, describing Encore as a "third-party marketing partner…who manages *our* EasySaver Rewards program." (Emphasis added.)   Indeed, on information and belief, the EasySaver Rewards was designed for the Provide-Commerce sites and managed and implemented by Encore. Thus, the actions, failures to act, breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

**Defendants' Conspiracy**

18.     Defendants knowingly entered into an agreement, combination and conspiracy to profit from unauthorized charges to Plaintiffs' and the Class' debit and credit accounts under the

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

guise that Plaintiffs and the Class entered into the EasySaver Rewards Program that purportedly provided various savings benefits.  As alleged herein, Defendants agreed to jointly implement a system by which Provide-Commerce customers would be unwittingly enrolled in the EasySaver program.  Throughout the relevant time period, Defendants were aware that the program did not provide the promised coupons, savings, benefits, products or services. Regardless, Defendants agreed to jointly promote this sham program and enroll consumers who declined to participate in the program without their consent. Pursuant to this conspiracy, Defendants, their agents, servants, and employees, acting both jointly and severally, committed or caused to be committed against Plaintiffs a series of unlawful and fraudulent acts, namely: making, or causing to made, unauthorized charges to Plaintiffs and the Class' credit and debit cards.  These acts were all made in furtherance of an agreement whereby Defendants knowingly conspired with each other to generate unlawful income at Plaintiffs' and the Class' expense.

III.     **JURISDICTION AND VENUE**

19.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 as one or more claims arises under the laws of the United States, and under 28 U.S.C. § 1332(d)(2) because, on information and belief, the amount in controversy exceeds $5,000,000 exclusive of interest and costs and this is a class action in which at least one defendant and at least one class member are citizens of different states, and this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) as all claims herein arise under the same set of facts comprising a single case or controversy.

20.     Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for this action because this Court has personal jurisdiction over Defendants and a substantial amount of the events giving rise to the claim occurred in this District.

IV.     **FACTUAL BACKGROUND**

**The EasySaver Rewards Sign-up Screen**

21.     Plaintiffs and Class members purchased products from one or more of Provide-Commerce commercial websites using their credit cards, debit cards or Paypal accounts.  After

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

Plaintiffs and Class members completed the purchase transaction, a window popped up that thanked Plaintiffs and Class members for their order and offered a gift code for $15.00 off their next purchase at ProFlowers.  The window also contained a link for Plaintiffs and Class members to click on to claim the gift code.  Upon clicking the link, Plaintiffs and Class members were directed to Encore's webpage.  The webpage stated the following:

> CLAIM YOUR GIFT CODE BELOW!  JUST ENTER YOUR E-MAIL ADDRESS AND ZIP CODE AS YOUR ELECTRONIC SIGNATURE AND CLICK THE GREEN ACCEPTANCE BUTTON BELOW TO ACTIVATE YOUR EASYSAVER REWARDS MEMBERSHIP AS DESCRIBED IN THE OFFER DETAILS ON THIS PAGE.

Then in small print, in an obscure location, the offer details indicated — in unconscionable terms — that by accepting the gift code, Plaintiffs and Class members consented to (1) ProFlowers transmitting their personal and payment information to Encore and (2) Encore billing a $1.95 activation fee and a $14.95 monthly fee to their debit card:

> Activate your membership in EasySaver Rewards to claim your $15 Gift Code good for your next purchase and start saving and enjoying all the benefits and access for the next 30 days for just a **$1.95 activation fee** billed by EasySaver Rewards to the credit card or PayPal account you just entered during your ProFlowers purchase.  Please note, by entering your e-mail address and zip code ("Enrollment Details") and clicking the Green Acceptance Button, your enrollment Details as well as the following information from your most recent ProFlowers order will be transmitted securely through PGP and SSI encryption to EMI, the EasySaver Rewards Administrator, to be stored and to secure and administer your membership: your name, credit card information or PayPal billing ID number, billing address, billing telephone number and order ID number.  To continue after the introductory trial period, do nothing and all the great benefits and savings will automatically continue for just **$14.95 per month**, billed by EasySaver Rewards to the same credit card or PayPal account where applicable.  You may cancel at anytime, with no further obligation, just by calling the toll-free number contained in the membership information provided to you.  **And, you keep the $15 Gift Code just for trying EasySaver Rewards for 30 days**. (Emphasis in original).

**Plaintiff Romero's Experience with EasySaver Rewards:**

22.    In early February 2009, Plaintiff Romero purchased flowers from Proflowers.com website using his debit card.  Plaintiff Romero entered into this transaction in California.

Plaintiff Romero did not want to become a member of EasySaver Rewards and did not provide his email address and zip code to receive the $15.00 Gift Code.  Nor did he click the green acceptance button.  Instead he clicked on the "X" at the top right corner of the webpage to close the window.  After clicking on the "X", Plaintiff Romero was directed back to Proflowers' website.

23.     Two weeks later, Plaintiff Romero discovered that Encore via its EasySaver Rewards program made unauthorized charges to his debit card.  Encore first charged Plaintiff Romero's debit card $1.95 on February 14, 2009.  Plaintiff Romero initially did not notice this bill because the amount was so small.  Then one month later, on March 17, 2009, Encore charged $14.95 to Plaintiff Romero's debit card.  Plaintiff Romero was completely surprised to see this charge, as well as the previous charges, since he did not provide Encore with his email address and zip code, did not click on the green acceptance button on the signup page, did not authorize Provide-Commerce to transfer any information to Encore, and did not authorize Encore to charge his debit card.  Moreover, Plaintiff Romero never received anything from Encore.  He did not receive any confirmation email for purportedly joining the EasySaver Rewards program, the $15.00 Gift Code, or any other benefits, savings or rewards.

24.     On March 17, 2009, Plaintiff Romero called both Encore and Provide-Commerce to have the charges removed from his debit account.  When Plaintiff Romero called Encore's toll free number for its EasySaver Rewards program, no one answered the phone.  He then called ProFlowers and spoke with a representative who indicated that she could not do anything about the charges.  The representative further indicated that she had been receiving numerous calls about unauthorized charges by Encore via the EasySaver Rewards program.

**Plaintiff Bailey's Experience with EasySaver Rewards:**

25.     On August 11, 2009, Plaintiff Bailey purchased flowers from Provide-Commerce's ProFlowers.com website using her credit/debit card.  Similarly, Plaintiff Bailey did not want to become a member of EasySaver Rewards.  At the time of purchase, Ms. Bailey does not remember a pop-up offer during her payment transaction, but it is her general practice to always close pop-ups.  But Ms. Bailey does recall clicking on a coupon for $10 off her next

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

Proflowers purchase, which she did.  When she was taken to the next page – what Defendants call the "enrollment page," she clicked out of the page and closed all browser windows.  Plaintiff Bailey never intentionally accepted an offer from EasySaver.

26.     Several days later, Encore via its EasySaver Rewards Program charged a $1.95 activation fee to Plaintiff Bailey's credit card. Between September and November 2009, Encore charged $14.95 to Plaintiff Bailey's credit card on three separate occasions.  Plaintiff Bailey never authorized these charges, nor did she receive any benefits, savings or services from any Defendant or the EasySaver Rewards program.

27.     In September 2009, Plaintiff Bailey noticed the unauthorized charges from EasySaver Rewards and called Encore to stop the recurring unauthorized charges.  Encore assured her that the charges would stop.  Despite the representation, Encore continued to charge $14.95 to Plaintiff Bailey's credit card in October and November 2009.  After the November charge, because of Encore's misrepresentations, Ms. Bailey was forced to cancel and close her bank account to stop the unauthorized charges.

**Plaintiff Parker's Experience with EasySaver Rewards:**

28.     Around December 2009, Plaintiff Parker purchased flowers from the Proflowers.com website using his debit card.  Plaintiff Parker provided his email address and zip code, believing that the information was necessary to complete his transaction with ProFlowers and receive a complimentary Gift Code.  Plaintiff Parker likewise did not want to become a member of EasySaver Rewards.  He did not knowingly consent to join any rewards program or pay any fees associated with any rewards program.  In fact, he did not even realize that he had been redirected away from ProFlowers' website to Encore's webpage due to the deceptive nature of EasySaver Rewards marketing scheme.

29.     In June 2010, Plaintiff Parker discovered unauthorized billing to his debit card by Encore via its EasySaver Rewards program.  Encore charged the $1.95 activation fee and the $14.95 monthly charge, on multiple occasions, to his debit card.  He also was surprised to discover the charges on his debit card since he never intended to join the program or authorize Provide-Commerce to transfer any of her information to Encore.  Plaintiff Parker does not recall

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

receiving any confirmation email from anyone for purportedly joining the EasySaver Rewards program, the $15.00 Gift Code, nor any other benefits, savings or rewards.

**Plaintiff Jenkins' Experience with Preferred Buyers Pass:**

30.     Plaintiff Jenkins' purchased flowers from Proflowers.com using his debit card. While purchasing flowers, Plaintiff Jenkins recalls seeing on Proflowers.com's checkout webpage a coupon offer for a savings benefit on the next Proflowers.com purchase.  Plaintiff Jenkins clicked on the offer and recalls a pop-up window that contained an enormous amount of text.  Because he was in a hurry, he did not want to continue the process to redeem the offer.  Plaintiff Jenkins clicked to exit out of the window and return to the Proflowers.com checkout window.

31.     Plaintiff Jenkins thought he had declined the offer.   Plaintiff Jenkins never realized that by clicking on the initial offer, he was redirected to a webpage operated by Encore MI.  Because Plaintiff was never asked to enter his debit card account number, name, billing address, and contact information in connection with the offer, Plaintiff was shocked to discover monthly charges of $14.95 on his debit account from Preferred Buyers Pass, a program operated by Encore.

32.     Plaintiff Jenkins was billed monthly until he noticed the charges and cancelled his membership in February 2011.  He received no notice that he had enrolled in a membership program for $14.95 per month and was not provided with a copy of his "authorization."

**Plaintiff Berentson's Experience with Red Envelope Rewards:**

33.     Plaintiff Berentson purchased merchandise from Provide-Commerce's website, RedEnvelope.com.  During the process, Plaintiff Berentson recalls seeing on the check out page a coupon offer.  He clicked on the offer to receive a savings benefit and to complete his purchase transaction.  He recalls a pop-up window that contained  text and a space for his email address.

34.     Plaintiff never realized that when he clicked on the offer, he was redirected to a webpage operated by Encore.  Because Plaintiff was never asked to enter his account number, name, billing address, and contact information in connection with the offer, Plaintiff was shocked to discover monthly charges of $14.95, over a nine month period.  The charges were

from Red Envelope Rewards, another program operated by Encore.

35.     After discovering the charges, Plaintiff cancelled his membership.   He never received notice that he had enrolled in a membership program for $14.95 per month, and was not provided with a copy of his "authorization."

**<u>Defendants' Unlawful Conduct</u>**

36.     Provide-Commerce and Encore together engaged, and continue to engage, in a systematic nationwide practice of making unauthorized charges to consumers' credit cards, debit cards and Paypal accounts under the guise of the EasySaver Rewards program.   The EasySaver Rewards program enrollment process is misleading, deceptive and fraudulent, as are the tactics employed by Defendants to unwittingly enroll consumers in the EasySaver Rewards program. Plaintiffs Romero,  Bailey, and Jenkins did not click the green acceptance button to enroll in the EasySaver Rewards program, yet Encore still charged their debit and credit cards the $1.95 activation fee and the subsequent $14.95 monthly fees.   And despite the fact that Plaintiffs clicked the green acceptance button, they did not ever intend to enroll in the EasySaver Rewards program or in any other program for that matter.   Rather, they were deceptively tricked into providing their email address and zip code so that Proflowers could claim it had authorization to transmit their debit card information to Encore, which then fraudulently charged their card without their knowledge or consent. Further, as part of this transaction, Encore intercepted through its automated system their debit card information, and then used this information to make unauthorized charges to their debit account.

37.     Provide-Commerce is equally complicit in this scam and liable for the damages it caused because, among other things, Defendants jointly operated and profited from the EasySaver Rewards program.   Provide-Commerce and Encore agreed and jointly implemented this scam, and Provide-Commerce acknowledges that the EasySaver Rewards program is a joint venture between the companies on its website.   Indeed, the only way Encore could gain access to consumers' Private Payment Information was with Provide-Commerce's participation.   Plaintiffs and Class Members never gave Encore their Private Payment Information.   Encore never asks for consumers' Private Payment Information directly, knowing that reasonable consumers would not

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

be interested in paying to enroll in an illusory "rewards" program that provides no benefits whatsoever. Instead, Provide-Commerce deceptively and unlawfully transmitted the information to Encore at which point Plaintiffs' accounts were charged without authorization after Plaintiffs and Class Members provided Provide-Commerce with their Private Payment Information for the limited purpose of purchasing a product from one of Provide-Commerce's sites, *e.g.*, flowers from Proflowers.com.  More importantly, Provide-Commerce intentionally transferred Plaintiffs' Private Payment Information to Encore and/or permitted Encore to intercept the information without authorization in violation of its own published policy:

**EasySaver Rewards Policy**

> One of our third-party marketing partners is Encore Marketing International ("EMI"), ***who manages our EasySaver Rewards program.***  By clicking on the promotional link on our order confirmation page, or elsewhere on our website or emails as may be indicated from time to time, you will be connected to an EasySaver Rewards signup page hosted by EMI, and ***certain information*** such as your email address, zip code, site/order ID and survey responses ("Enrollment Details") will be transferred to the EMI site.  Should you choose to complete the application on such signup page, your credit card information or PayPal Billing ID as well as your name, billing address, and order ID number will be PGP encrypted and transmitted through SSL encryption from your most recent order to EasySaver Rewards.  This information, as well as your original Enrollment Details, will be stored and processed on the EMI site to secure your membership. (Emphasis added.)

Despite that written policy, which was maintained at an obscure location on Provide-Commerce's website, Provide-Commerce knew that its partner, Encore, was charging consumers' debit and credit accounts without providing any meaningful benefits to consumers.

38.    Provide-Commerce also has an privacy policy that says in pertinent part:

**Personally Identifiable Information:**

…

> Personally Identifiable Information might include your name, mailing address, telephone number, mobile phone number, email address, and other identification and contact information…. We may also collect certain financial information, like your credit card number… whenever we do so, we will attempt to provide a link to this Policy so that you can confirm how this information will be used. With this information, we can fill your service and product orders and better provide you with personalized services. You also may have the option of importing information into certain Sites

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

from third-party software.

…

Except as otherwise stated in this Policy, we do not sell, trade or rent your Personally Identifiable Information collected on our Sites to others.  The information collected by our Sites is used to process orders, to keep you informed about your order status, to notify you of products or special offers that may be of interest to you, and for statistical purposes for improving our Sites.  We will disclose your Personally Identifiable Information to third parties for tracking purposes, to charge your credit card (or process your check or money order, as appropriate), fill your order, improve the functionality of our Sites, customize our marketing efforts with you and perform statistical and data analyses, deliver your order and deliver promotional emails to you from us.  These third parties may not use your Personally Identifiable Information other than to provide the services requested by us.

39.     Based on its own policies, Provide-Commerce claims that it will not disclose consumers' personal and Private Payment Information to Encore absent customers completing Encore's signup page and affirmatively and knowingly agreeing to join the EasySaver Rewards program.  To the extent Provide-Commerce's policy allows it to transmit its consumers' personal and Private Payment Information to Encore without consumers' informed consent or authorization, the policy is deceptive, unfair and unconscionable.  Despite Provide-Commerce's written policy, Provide-Commerce disclosed Plaintiffs Romero's, and Bailey's information to Encore absent them completing Encore's signup page or otherwise agreeing to become a member of the EasySaver Rewards program and/or permitted Encore to intercept the information while being transmitted to Provide-Commerce.

40.     Provide-Commerce also disclosed Plaintiffs' information to Encore — or permitted Encore to intercept the information — without their authorization.  Due to Defendants' deceptive business practices, Plaintiffs either did not provide their email and zip code, or at most believed they were providing their email address and zip code to *Provide-Commerce* only to complete their transactions and receive a complimentary Gift Code, which their were led to believe would be provided by Proflowers.  Had Plaintiffs known that it would cost them well over $15.00 to purportedly receive a $15.00 Gift Code and that they did not need to provide their email addresses and zip codes to complete their transactions on ProFlowers.com, they would not have provided that information or clicked the green acceptance button.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

**Other Consumers Who Have Been Subjected to this Scam:**

41.     Plaintiffs' experiences with Defendants mirror those of hundreds, if not thousands, of other Class members.  In purchasing their online orders, Class members relied on Defendants' misrepresentations that their credit card information would not be misused and that their Private Payment Information would not be shared.  The Internet is replete with consumer complaints about the EasySaver Rewards scam:

> I just purchased flowers for Valentine's Day last week from ProFlowers. I too had a charge of $1.95 to my credit card this morning that said EasySaver (Phone number 800-355-1837). I called and got through to them. They told me that when I purchased from Pro Flowers that I signed up for EasySaver Rewards program.   I was not aware of signing up for ANYTHING….

> I have been billed by EasySaver Rewards (EASYSAVER 800-355-1837 PA) for $14.95 per month since making a purchase on Proflowers.com. EasySaver is apparently associated with ProFlowers and I inadvertently signed up for their 'services' while placing my order. They claim that I requested to be a member when I replied to an email after placing an order. I do not recall replying to any email or asking for the service. Obviously, their business practices are disingenuous at best, since I, and many others, have been fooled by this blatantly unethical business practice.

> … I have been charged 14.95 every month from AT LEAST [J]uly by this "EasySaver" program. Turns out when [I] ordered my mom chocolates for mother[']s day from SECRET SPOON, they took my information and gave it to these guys.  I called the 800 number on my online statement and she said the only way they could get my information was if [I] filled in my email and clicked the button saying [I] wanted to do this EasySaver thing, which [I] know for a FACT that [I] didn[']t do.  [S]he also told me that the program was to save me money on my hotels, vacations, etc but how is charging me 15 bucks a month without my permission saving me money!?!?....

> I just got my bank statement with a notice from my bank letting me know that Easy Sav[e]r has been taking that same 14.95 out of my account for three months but that I should be concerned as this company has a lot of red flags. I called the bank today as I have never even heard of Easy Sav[e]r and I have never placed an order from them for anything. The bank has done a lot of research for me and found out that it was after ordering flowers for [V]alentine[']s [D]ay for my aunt these charges started. Easy [S]av[e]r said that they were an affiliate program of Proflowers.com.

> Simply wanted to order a fruit basket from CherryMoonFarms (www.cherrymoonfarms.com) to send to grieving friend and ended up with unauthorized membership to EasySaverRewards

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

(www.easysaverrewards.com) aka Encore Marketing International. They billed my credit card used to purchase fruit for $1.95 and then $14.95 even after I followed their cancellation process to the letter. Cancellation for something I never knowingly agreed to. Do NOT buy online at Cherry Moon Farms or ProFlowers and save yourself a headache. This is fraud as far as I'm concerned…..

I also am disgusted that "Red Envelope[]" would have such a practice as this! What really upset me was that there was no confirmation of credit card usage. Instead the credit card number was stolen from the one I had entrusted with Red Envelope for the order I made.

What a scam...I called ProFlowers and EasySaver about the three months of unauthorized charges to my credit card made by EasySaver. I ordered flowers from ProFlowers and was signed up for EasySaver. I know I didn't agree to EasySaver as I never sign up for these kind[s] of things (I don't even know what it is and what it saves me)….

I am the victim of Proflowers / EasySavers deceptive practice also. I saw several charges from EMI Marketing and EasySaver on my credit card.  I did not provide my information to either of these companies at the end of my Proflowers order and did not accept the 15% offer, so the information was definitely given without my permission….

### Senate Committee Investigation

42.     Because consumer complaints have been so pervasive, in May 2009, Senator John D. Rockefeller IV, Chairman of the U.S. Senate Committee on Commerce, Science, and Transportation launched an investigation into e-commerce marketing practices that generate thousands of monthly charges to consumer credit and debit cards.  Like the practices complained of here, the Senate Committee is investigating business practices involving the sale of unfamiliar membership programs to consumers who are in the process of purchasing familiar products from trusted websites.

43.     As described in a Staff Report, several businesses have used aggressive sales tactics against online shoppers to generate revenue:

These tactics involve selling unfamiliar membership programs to consumers who are in the process of purchasing familiar products offered by trusted websites…. [C]ompanies gain access to online consumers by entering into financial agreements with reputable online websites and retailers. In exchange for "bounties" and other payments, reputable on-line retailers agree to let [the companies] sell club memberships to consumers as they are in the process of buying movie tickets, plane tickets, or other online goods and

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

services.   The sales tactics used by these [companies] exploit consumers' expectations about the online 'checkout' process.

With the cooperation of their online 'partners,' [companies] insert their sales offers into the 'post-transaction' phase of an online purchase, after consumers have made a purchase but before they have completed the sale confirmation process.   These offers generally promise cash back rewards and appear to be related to the transaction the consumer is in the process of completing. Misleading 'Yes' and 'Continue' buttons cause consumers to reasonably think they are completing the original transaction, rather than entering into a new, ongoing financial relationship with a membership club operated by [an unrelated third party].

Even more misleading and confusing is the 'data pass' process [these companies] and their partners use to automatically transfer consumers' credit or debit card information from the familiar web seller to the third-party membership club.   Passing consumers' billing information directly to the [third-party membership club], without requiring consumers to re-enter it, deprives consumers of notice that they are entering a new, ongoing financial relationship with an unfamiliar company.   After a 30-day 'free trial' period, [the companies] begin charging the consumer a monthly fee of $10-$20 dollars until the consumer cancels the membership.

44.     The Senate Committee opened its investigation after thousands of online consumers complained to state Attorneys General, the Better Business Bureau, and other consumer advocates that the enrollment process described above is misleading and deceptive. Like Plaintiffs, these consumers complained that they did not consent to having their personal and payment information disclosed to a third party membership club.   These consumers only learned that they had been enrolled in a membership club after seeing unauthorized charges on their monthly credit card or checking account statements.

45.     Although the Senate Committee is still investigating this matter, it has made some key findings: (1) using aggressive sales tactics to enroll consumers in unwanted membership clubs is a billion-dollar business; (2) hundreds of well-known websites and online retailers have earned hundreds of millions of dollars employing aggressive online sales tactics; (3) companies have knowingly charged millions of consumers for services the consumers do not use and are unaware they have purchased; (4) companies' customer service centers are almost entirely dedicated to handling a large volume of calls from angry and confused consumers requesting cancellations; and (5) e-commerce companies know that their customers are being harmed by

these aggressive sale tactics.

46.     The Senate Committees' investigation and findings are directly related to the allegations made in this Complaint.

47.     As a result of the Senate Investigation, a unanimous senate passed, and then on December 29, 2010, the President signed, the Restore Online Shoppers' Confidence Act ("ROSCA").     ROSCA outlaws charging someone's account without first obtaining "authorization" which is defined as asking for the "full account number of the account to be charged, and the consumer's name and address and a means to contact the consumer."   ROSCA also outlaws using the "data pass" process – e.g., a merchant may not send a consumer's account information to a third-party for any reason..

## V.     PLAINTIFFS' CLASS ACTION ALLEGATIONS

### EasySaver Rewards Class and Subclasses:

48.     **Class 1**:  This lawsuit is brought on behalf of an ascertainable nationwide Class consisting of all persons residing in the United States or who have a United States-based account, who, between August 19, 2005 and the date of Class Notice, (1) purchased merchandise from Proflowers.com, Red Envelope, Cherry Moon Farms, Secret Spoon, or Shari's Berries; and (2) clicked on a coupon offer and then had their credit card, debit card, bank account, or PayPal accounts charged by Regent Group, Inc., which operates EasySaver Rewards, (herein referred to as the "Class 1").

    a. **Subclass 1(A)**:  All Class members who did not (1) provide their email address or zip code, or (2) click a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

    b. **Subclass 1(B):**  All Class members who (1) provided their email address and zip code, and (2) clicked a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      **c.**  **Subclass 1(C):**  All Class members who are California residents who purchased from a Provide-Commerce site and who were charged by Encore via Easy Saver Rewards.

**Preferred Buyers Pass Class and Subclasses:**

49.    **The Class 2**:  This lawsuit is brought on behalf of an ascertainable nationwide Class consisting of all persons residing in the United States or who have a United States-based account, who, between August 19, 2005 and the date of Class Notice, (1) purchased merchandise from Proflowers.com, Red Envelope, Cherry Moon Farms, Secret Spoon, or Shari's Berries; and (2) clicked on a coupon or discount offer, and had their credit card, bank account, debit card, or PayPal account charged by Regent Group, Inc., which operates Preferred Buyers Pass (herein referred to as the "Class 2").

      **a.**  **Subclass 2(A)**:  All Class members who did not (1) provide their email address or zip code, or (2) click a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

      **b.**  **Subclass 2(B):**  All Class members who (1) provided their email address and zip code, and (2) clicked a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

      **c.**  **Subclass 2(C):**  All Class members who are California residents who purchased from a Provide-Commerce site and who were charged by Encore via Preferred Buyers Pass.

**Red Envelope Rewards Class and Subclasses:**

50.    **The Class 3**:  This lawsuit is brought on behalf of an ascertainable nationwide Class consisting of all persons residing in the United States or who have a United States-based account, and who, between August 19, 2005 and the date of Class Notice, (1) purchased merchandise from Red Envelope; and (2) had their credit card, debit card, or PayPal accounts charged by Regent Group, Inc.which operates Red Envelope Rewards (herein referred to as the "Class 3").

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA   92101

a. **Subclass 3(A)**:  All Class members who did not (1) provide their email address or zip code, or (2) click a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

b. **Subclass 3(B)**:  All Class members who (1) provided their email address and zip code, and (2) clicked a green acceptance button to receive a gift code for their next purchase transaction with Provide-Commerce.

c. **Subclass 3(C)**:  All Class members who are California residents who purchased from a Provide-Commerce site and who were charged by Encore via Red Envelope Rewards.

**EFTA Class**

51.    All persons who are United States residents, or who have a U.S.-based bank account or PayPal account, and who, between August 19, 2008 and the date of Class Notice, had their bank account, debit card, or PayPal account charged by Regent Group or any of its affiliates.

52.    **Excluded from Classes and Subclasses**:   Excluded from the Classes and Subclasses are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities, and the attorneys for Plaintiffs herein.  Also excluded from the Classes and Subclasses are any judges presiding over these proceedings and their immediate family.

53.    **Numerosity**:  The members of the Classes and each Subclass are so numerous that joinder of all members is impracticable.  While the exact numbers of Class members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that the Classes and each Subclass consists of hundreds, if not thousands of individuals.  Class members are readily ascertainable through appropriate discovery from records maintained by Defendants and their agents.

54.    **Superiority**:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

likelihood of individual Class members prosecuting separate claims is remote and individual members do not have a significant interest in individually controlling the prosecution of separate actions. No difficulty will be encountered in this case's management to preclude maintenance as a class action.

55.     **Common Questions of Law and Fact Predominate**: The questions of law and fact common to the Classes predominate over questions affecting only individuals. Among the questions of law and fact common to the Classes are:

**a.** whether Class members were automatically joined in EasySaver Rewards or other similar membership program;

**b.** whether Class members' Private Payment Information was improperly transferred to Encore;

**c.** whether Encore intercepted Class members' Private Payment Information;

**d.** whether Encore unlawfully charged Plaintiffs' and Class members' credit or debit cards;

**e.** whether Provide-Commerce complied with its privacy policy;

**f.** whether Defendants engaged in unfair or unlawful business practices;

**g.** whether Defendants engaged in false advertising;

**h.** whether Defendants made intentional or negligent misrepresentations;

**i.** whether Defendants breach the implied covenant of good faith and fair dealing;

**j.** whether Defendants' contracts, agreements, or policies contained unconscionable terms;

**k.** whether Defendants violated the Electronic Funds Transfer Act;

**l.** whether Defendants violated the Electronic Communications Privacy Act;

**m.** whether Plaintiffs and the Classes are entitled to injunctive relief; and

**n.** whether Plaintiffs and the Classes sustained damages and, if so, the proper measure of those damages.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

56.   **Typicality**:  Plaintiffs' claims are typical of other Class members' claims because Plaintiffs, like every other Class member, were exposed to materially identical conduct.

57.   **Adequacy**:  Plaintiffs can fairly and adequately represent the Classes' interests; Plaintiffs have no conflicts of interest with other Class members, and have retained counsel competent and experienced in class action and complex civil litigation.

**<u>FIRST CLAIM</u>**
**For Breach of Contract**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Defendant Provide-Commerce**

58.   Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

59.   At all times herein relevant, through its published EasySaver Rewards Policy and terms of conditions of use, Provide-Commerce agreed to not disclose its consumers' Private Payment Information to Encore unless customers affirmatively and knowingly join the EasySaver Rewards program, and provide their email address and zip code on Encore's signup page, clicking the green acceptance button.

60.   Additionally, Provide-Commerce states that its privacy policy applies to any consumer using any one of its websites and that the privacy policy is a legally binding agreement.  The privacy policy sets forth Provide-Commerce's obligations to Plaintiffs and Class members with respect to handling of their Private Payment Information.

61.   Provide-Commerce drafted the terms and conditions of use and the EasySaver Rewards Policy posted on its website and did not allow Plaintiffs or the Class members any opportunity to make changes to the policy or terms and conditions.  As such, the policy and terms of conditions are contracts of adhesion.

62.   Plaintiffs and Class members did everything required of them in completing their transactions with Provide-Commerce.

63.   Provide-Commerce agreed that it would not share or transmit the Private Payment Information Plaintiffs and Class members provided to complete their purchases without authorization.  Provide-Commerce breached this agreement by transmitting Plaintiffs' and Class

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

members' Private Payment Information to Encore without authorization.  Provide-Commerce also breached its agreement by assuring consumers that they would not be enrolled in the EasySaver Program without giving explicit permission and by transmitting Plaintiffs Romero, and Bailey's information to Encore and/or assisting Encore with intercepting this information even though Plaintiffs Romero, and Bailey declined to join the program, never completed the signup page, never affirmatively agreed to became a member of the EasySaver Rewards program, and never authorized Provide-Commerce to transmit the information.

64.     Provide-Commerce also breached this agreement by transmitting Plaintiff Parker's information to Encore and/or assisting Encore with intercepting this information even though they never knowingly or intentionally enrolled in the EasySaver Rewards program, and never authorized Provide-Commerce to transmit their information to Encore.

65.     Provide-Commerce drafted the contract, and the contract terms are ambiguous, misleading and confusing.

66.     To the extent Provide-Commerce's website contains terms that allow it to transfer its consumers' personal and payment information to Encore absent informed consent to enroll in the EasySaver Reward program, those terms are unconscionable and thus unenforceable.

67.     As a result of Provide-Commerce's breach of its agreement, Plaintiffs and the Class members have been damaged.  Plaintiffs' and Class members' credit and debit cards or Paypal accounts were charged an unauthorized activation fee and/or subsequent monthly charges.

68.     Plaintiffs and members of the Classes seek declaratory relief, compensatory damages proximately caused by Provide-Commerce's  breach of contract, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

**SECOND CLAIM**
**For Declaratory Relief**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Defendant Provide-Commerce**

69.     Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

70.     Plaintiffs are parties to putative contract terms with Defendant Provide-Commerce, the object of which is to allow Provide-Commerce to transfer its consumers' personal and payment information to Encore absent authorization for the purpose of profiting from Encore making unauthorized charges to Plaintiffs' and Class members' debit and credit cards under the guise of enrolling them in the EasySaver Reward program.   Specifically, Provide-Commerce's policy is difficult to find and replete with misleading and unconscionable statements.   For example, the agreement is not posted on the page where Plaintiffs and Class members are asked to "click here" to claim their gift and, if found, the policy deceptively provides that by clicking on the promotional link will result in "certain information such as your email address, zip code, site/order ID and survey responses … will be transferred to the EMI site."   The policy then indicates that private consumer and payment information will only be transferred if the consumer affirmatively signs up for the program:   "Should you choose to complete the application on such signup page, your credit card information or PayPal Billing ID as well as your name, billing address, and order ID number will be PGP encrypted and transmitted through SSL encryption from your most recent order to EasySaver Rewards."   *See also* ¶¶32-33, *supra.*

71.     That policy agreement is unconscionable because it is hidden from consumers' view and because Plaintiffs and any reasonable consumer would read this policy to mean that their personal and Private Payment Information would not be transmitted without explicit permission.   However, Provide-Commerce's insertion of terms such as "certain information" and "such as" apparently, according to Provide-Commerce, allows it to transfer the consumers' personal and Private Payment Information to Encore without assuring that its consumers are knowingly, willingly, and affirmatively agreeing to join the EasySaver Rewards program and agreeing to pay the $1.95 activation fee and $14.95 monthly service fee.   As recognized by the Senate Committee, passing consumers' billing information directly to a third-party membership club, like Encore, without requiring consumers to re-enter it, deprives consumers of notice that they are entering a new, ongoing financial relationship with an unfamiliar company.   Thus, the policy agreement is misleading and confusing to consumers, as well as one-sided.

72.     The true terms of the program—*i.e.,* that by merely clicking on the promotional link, consumers' credit and debit accounts would be charged regardless of whether they affirmatively enroll in the EasySaver Rewards program—are hidden from consumers by the policy's obscure location and by its purposefully misleading language, resulting in consumers being unfairly surprised when their accounts are charged.   The contract also is oppressive because there is unequal bargaining power between the parties that resulted in no negotiation or meaningful choice.   Thus, the contract is a contract of adhesion. Further, consumers were not given any meaningful choice as to whether to enroll, as evidenced by the fact that they were enrolled in the sham program even where they declined to participate.   These policies and practices, which have resulted in Defendants unlawfully extracting millions of dollars in unauthorized charges for which consumers receive no benefit in return, shock the conscience.

73.     Plaintiffs seek a declaratory judgment that this written policy is void on the ground that it is unconscionable because it purports to allow Provide-Commerce to violate its consumers' right to have their personal and Private Payment Information protected from unauthorized disclosure, and from being subjected to and harmed by misleading and confusing practices.

74.     An actual and present controversy exists between the parties because Provide-Commerce continues to transfer and otherwise allow Encore to obtain personal and Private Payment Information without authorization or informed consent, continues to profit from unauthorized charges to its consumers' debit and credit cards, and continues to enforce the putative terms.

75.     As such, the Court should declare these putative contract terms unconscionable and void.

**<u>THIRD CLAIM</u>**
**For Breach of Contract**
**Brought by All Plaintiffs and Subclasses 1(B), 2(B), and 3(B)**
**Against Encore**

76.     Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

77.    At all times herein relevant, Plaintiffs did not knowingly consent to join the EasySaver Reward program or to be bound by any terms or agreements set forth on Encore's website or connected to its EasySaver Rewards program. To the extent it is found otherwise, Encore nonetheless breached its own published agreement. Specifically, Encore agreed to not obtain consumers' Private Payment Information either directly or indirectly from Provide-Commerce in order to charge fees or enroll customers in the purported EasySaver Rewards program unless customers affirmatively and knowingly join the EasySaver Rewards program by providing their email address and zip code on Encore's signup page, and clicking the green acceptance button.

78.    Encore breached this agreement by intercepting or obtaining Plaintiffs' information from Provide-Commerce, charging activation fees and monthly fees to their debit or credit cards, and otherwise purportedly enrolling them in the EasySaver Rewards program even though they never knowingly or intentionally agreed to became a member of the EasySaver Rewards program, and never knowingly or intentionally authorized Encore to have access to any of their information, particularly their debit card accounts. As indicated above, Plaintiff Parker provided his email addresses and zip code with the understanding that the information was necessary to complete his transactions with ProFlowers.com and to receive a complimentary Gift Code *from Proflowers.com.* He did not knowingly consent to join any rewards program or pay any fees associated with any rewards program. In fact, he did not even realize that he had been redirected away from ProFlowers' website to Encore's website due to the deceptive nature of the EasySaver Rewards marketing scheme.

79.    Encore further breached the purported agreement by failing to provide any meaningful consideration in return for charging Plaintiffs' credit and debit accounts the $1.95 activation fee and $14.95 monthly service fee, by failing to provide any notice that Plaintiffs had been enrolled in the program, and by failing to provide the purportedly promised savings, benefits, and discounts. In fact, Encore took affirmative steps to hide the fact that Plaintiffs were purportedly enrolled in the EasySaver Rewards program in order to continue charging Plaintiffs' credit and debit accounts for as long as possible without their knowledge, and without providing

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

them with any meaningful benefits.

80.     To the extent Encore's website contains terms that allows it, among other things, to charge activation fees and monthly fees to Plaintiffs' credit and debit cards without obtaining authorization or informed consent and without providing any meaningful benefit in return, those terms are unconscionable and thus unenforceable.

81.     As a direct and proximate result of defendants' aforementioned conduct, Plaintiffs and the Classes have been damaged in a sum to be proven at trial.

<u>FOURTH CLAIM</u>
**For Declaratory Relief**
**Brought by All Plaintiffs and Subclasses 1(B), 2(B), and 3(B)**
**Against Encore**

82.     Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

83.     According to Defendants, Plaintiffs and the Class members are parties to a putative contract with Encore, the object of which is to allow Encore to charge Plaintiffs' the Class members' debit and credit accounts without authorization under the false premise that they had enrolled in the EasySaver Reward program.

84.     The putative contract is unconscionable because it allows Encore to obtain consumers' Private Payment Information without assuring that consumers are knowingly, willingly, and affirmatively agreeing to join the EasySaver Rewards program and agreeing to pay the $1.95 activation fee and $14.95 monthly service fee.  As recognized by the Senate Committee, obtaining consumers' Private Payment Information from a third party online retailer, like Provide-Commerce, without requiring consumers to re-enter it, deprives consumers of reasonably fair notice that they are entering a new, ongoing financial relationship with an unfamiliar company, like Encore.  Thus, the contract is misleading and confusing to consumers, as well as one-sided.   The contract also is oppressive because there is unequal bargaining power between the parties that resulted in no negotiation or meaningful choice for consumers.  The putative contract unreasonably favored Encore in that Plaintiffs and Class members did not receive any benefits or rewards in exchange for being enrolled in the EasySaver Rewards

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

program and charged activation and monthly fees, rendering the program illusory. As demonstrated in Paragraph 19, *supra*, the terms of Encore's policies are unconscionable in part because consumers were told to in bold, "CLAIM YOUR GIFT CODE BELOW!" while terms regarding charges to their accounts were hidden from consumers on a preprinted, prolix form that was difficult to locate. Further, consumers were not given any meaningful choice as to whether to enroll, as evidenced by the fact that they were enrolled in the program regardless of whether they knowingly signed up for it. These policies and practices, which have resulted in Defendants unlawfully extracting millions of dollars in unauthorized charges for which consumers receive no benefit in return, shock the conscience

85.  Plaintiffs seek a declaratory judgment that this contract was never made, or is void on the ground that it is unconscionable because the contract purports to allow Encore to enroll Plaintiffs and the Classes in the EasySaver Rewards program, obtain Plaintiffs and the Class' Private Payment Information, and then use the Private Payment Information to charge their debit and credit accounts without obtaining informed consent.

86.  An actual and present controversy exists between the parties because Encore continues to unlawfully obtain Personal Payment Information without authorization or informed consent, continues to make unauthorized charges to debit and credit cards, continues to profit from these unauthorized charges, and continues to enforce the putative contract.

87.  As such, the Court should declare these putative contract terms unconscionable and void.

### FIFTH CLAIM
**For Breach of the Implied Covenant of Good Faith and Fair Dealing
Brought by Plaintiffs, the Classes and All Subclasses
Against Defendant Provide-Commerce**

88.  Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

89.  Provide-Commerce entered into a contract with Plaintiffs and Class members based on representations it made directly and indirectly to Plaintiffs and the Class members in its policies and terms of conditions and on its website and at point of sale regarding whether Private

Payment Information would be transmitted to Encore and, if so, under what conditions.

90.     Plaintiffs and Class members did everything the contracts and agreements required of them.  Specifically, they provided their Private Payment Information for the limited purpose of completing their purchases on the Provide-Commerce website and declined offers to enroll in the EasySaver Rewards program or to have their information transmitted to Encore for any reason.  Thus, all conditions had been met to allow Provide-Commerce to perform in compliance with the contracts.

91.     Provide-Commerce unfairly interfered with Plaintiffs' and Class members' rights to receive the security and privacy benefits they were entitled to under the contract.  Indeed, Provide-Commerce expressly represented to Plaintiffs and the Class members that they would only use their Private Payment Information for purposes of completing their selected purchase on the Provide-Commerce website and that their Private Payment Information would neither be used for other purposes nor shared with unauthorized parties, including Encore.  Provide-Commerce also expressly represented that consumers would only be enrolled in the EasySaver Program if they knowingly and explicitly agreed to do so.

92.     In violation of its agreements and representations, Provide-Commerce provided Plaintiffs' and Class members' Private Payment Information to Encore without informed authorization, thereby unfairly denying Plaintiffs and Class members of the security benefits to which they were entitled.  As such, Provide-Commerce failed to act in good faith to further its economic interests and at the expense of Plaintiffs and Class members.

93.     Provide-Commerce obtained Plaintiffs' and the Classes' Private Payment Information in connection with processing purchase transactions and thus assumed a special relationship with, and fiduciary obligations to, Plaintiffs and the Classes, and agreed to abide by its respective duties.

94.     Provide-Commerce, however, refused and failed to act in good faith and deal fairly with Plaintiffs and the Classes, and breached said obligations by disclosing to Encore, or permitting the interception of, Plaintiffs' and the Classes' Private Payment Information, and by utilizing a deceptive practice to intentionally trick its customers into unwittingly signing up for

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

the EasySaver Reward program.

95.     Lacking a reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Provide-Commerce failed to protect and maintain Plaintiffs' and the Classes' Private Payment Information in violation of Provide-Commerce's own policy and California law.

96.     Provide-Commerce engaged, and continues to engage, in a course of conduct to further its own economic interests and in violation of its own policy.

97.     Because Provide-Commerce continues to engage in the above acts, Provide-Commerce's actions constitute a continuing tort and continuing bad faith to Plaintiffs and the Classes, causing them to suffer continuing damages.

98.     As a direct and proximate result of Provide-Commerce's aforementioned conduct, Plaintiffs and the Classes have been damaged in that their Private Payment Accounts were wrongfully charged fees for a program in which they declined to enroll and in a sum to be proven at trial.

99.     The acts alleged were part of Provide-Commerce's ordinary business practice to increase revenue by facilitating unauthorized charges to Plaintiffs' and the Classes' credit and debit cards.  In doing so, Provide-Commerce acted despicably, willfully, wantonly, oppressively, fraudulently and in conscious disregard of Plaintiffs' and the Classes' rights.

100.    Plaintiffs and Class members seek judgment against Provide-Commerce for compensatory and punitive damages and declaratory relief along with pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

### SIXTH CLAIM
**For Negligent Misrepresentations**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Defendants Provide-Commerce and Encore Marketing**

101.    Provide-Commerce represented to Plaintiffs and the Classes that it would not disclose their Private Payment Information to Encore unless authorized to do so.  But Provide-Commerce concealed the fact that it intended to transmit to Encore and/or assist Encore with intercepting Plaintiffs' and the Class members' Private Payment Information regardless of

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

whether it had authorization to do so.   Provide-Commerce also touted that the EasySaver Rewards program was legitimate.   Furthermore, Provide-Commerce failed to disclose the fact that the EasySaver Rewards program provided no meaningful benefits to its purported members. Provide-Commerce knew the falsity of these representations and made them with the intent to deceive and induce reliance.

102.    Provide-Commerce admits in its written policies that the EasySaver Rewards program is Provide-Commerce's program, implemented with the assistance of its partner,  agent, joint venturer, and co-conspirator, Defendant Encore.   Provide-Commerce represented to Plaintiffs and the Classes that it would not share their personal and Private Payment Information unless authorized to do so.  Yet, despite these representations, Provide-Commerce shared this information with Encore, without informed authorization and allowed Encore to unlawfully charged Plaintiffs' and the Classes' credit and debit accounts for savings benefits that were never requested nor provided.

103.    Provide-Commerce and Encore Marketing further misrepresented that Plaintiffs could receive a "free" gift or coupon without disclosing that they would have to enter their email address and zip code, or that it would cost $14.95.  Hidden in an entirely separate area on the website are deceptive and misleading terms and conditions stating that Plaintiffs would be charged for enrolling in the reward program.  Provide-Commerce, along with Encore Marketing, knew, or reasonably should have known that Plaintiffs would likely not see the hidden terms and conditions, and that Plaintiffs would not have provided their email addresses and zip codes if they knew Provide-Commerce via Encore Marketing would thereafter begin billing their debit cards.  Provide-Commerce and Encore Marketing further concealed the terms and conditions and Plaintiffs' "enrollment" in the program by not providing any confirmation of "enrollment" either at the time of enrollment or in a subsequent email notification, and by intentionally not requesting Plaintiffs' payment information at the time of enrollment.  Provide-Commerce and Encore Marketing each knew or should have known that Plaintiffs would not provide their Private Payment Information or intentionally enroll in the rewards program if Encore openly asked Plaintiffs to provide their credit or debit card information.  In short, Provide-Commerce

deceptively transmitted to Encore Marketing, or allowed Encore to intercept, Plaintiffs' Private Payment Information without Plaintiffs' knowledge or consent, and neither Defendant took reasonable steps to ensure that they obtained the valid and authentic consent under the circumstances.

104. Defendants' conduct caused Plaintiffs and the Classes to suffer unauthorized charges to their credit and debit cards for savings benefits that were never requested or provided.

105. Defendants' representations and omissions were false, and their omissions were material as any reasonable person would have wanted such information to be clearly and plainly disclosed.

106. Provide-Commerce and Encore Marketing had no reasonable grounds for believing the representations set forth above to be true and for not being aware of the material omissions.

107. At the time of Provide-Commerce's representations and omissions, Plaintiffs and the Classes were ignorant of the representations' falsity and were ignorant of the omitted and/or concealed facts. Because of these misrepresentations and without the benefit of the material omissions, Plaintiffs and the Classes were damaged by unauthorized charges to their credit and debit cards. Had Plaintiffs and the Classes known the actual facts, they would have not purchased merchandise from Provide-Commerce.

108. Plaintiffs' Reliance on Provide-Commerce's representations and omissions was justified because Plaintiffs and the Classes had no reason to believe that unauthorized charges were going to be made to their credit and debit accounts.

109. Plaintiffs and the Classes have been damaged by Provide-Commerce's negligent misrepresentations in an amount to be proven at trial.

**SEVENTH CLAIM**
**For Fraudulent Misrepresentations/Omissions**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Defendant Provide-Commerce**

110. Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

111.   Common law fraud is the making of a knowingly false representation or concealment of a material fact with intent to deceive or induce reliance that causes justifiable reliance and resulting damages.  And California Civil Code section 1710 defines deceit/fraud as either: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) a promise, made without any intention of performing it.

112.   Provide-Commerce represented through its published policy that it will not transmit Plaintiffs' and the Class members' Private Payment Information absent authorization. Provide-Commerce publishes its policy with the intent to induce Plaintiffs and the Classes to purchase merchandise from Provide-Commerce under the guise that Provide-Commerce will protect their information.  But in actuality, Provide-Commerce transmits the information to its partner Encore and/or allows Encore to intercept the information during Plaintiffs' and the Classes' purchase transaction.  Encore then makes unauthorized charges to Plaintiffs' and the Classes' credit and debit accounts under the guise that Plaintiffs and the Classes enrolled in the EasySaver Rewards program, which they did not do.

113.   Likewise, Provide-Commerce's agent, joint venturer, and co-conspirator Encore represented that it would only obtain Plaintiffs' and the Classes' Private Payment Information from Provide-Commerce if Plaintiffs and the Classes affirmatively agreed to enroll in the EasySaver Rewards program by providing their email address and zip code.  Provide-Commerce via Encore also represented that Plaintiffs and the Classes would only be charged for EasySaver activation and membership fees if they enrolled in the program by providing their email address and zip code.  In reality, Provide-Commerce provided to Encore, or allowed Encore to intercept, Plaintiffs' and the Classes' Private Payment Information without authorization; and thereafter, via Encore charged Plaintiffs' and the Classes' credit and debit cards without authorization.

114.   Further, Provide-Commerce, directly and via its partner, agent and coconspirator, Encore, touted the EasySaver Rewards program as a legitimate savings club that provides

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

coupons, gift cards, and other savings benefits to its members.  But in reality, the EasySaver Rewards program was nothing more than a sham that provided no meaningful benefits, products or services to its members.

115.    Provide-Commerce further misrepresented that Plaintiffs could receive a "free" gift simply by providing their respective email address and zip code as part of Provide-Commerce's EasySaver Rewards program.  These misrepresentations were also made via its partner, agent and coconspirator, Encore.  Hidden in an entirely separate area on the website are deceptive terms and conditions stating that Plaintiffs would be charged for enrolling in the reward program.  Provide-Commerce, along with Encore, knew, or reasonably should have known, that Plaintiffs would likely not see the hidden terms and conditions, and that Plaintiffs would not have provided their email addresses and zip codes if they knew Provide-Commerce via Encore would thereafter begin billing their debit cards.  Provide-Commerce, separately and via Encore, further concealed the terms and conditions and Plaintiffs' "enrollment" in the program by not providing any confirmation of "enrollment" either at the time of enrollment or in a subsequent email notification, and by intentionally not requesting Plaintiffs' credit and debit card information at the time of enrollment.  Provide-Commerce, along with Encore, knew that Plaintiffs would not provide their credit or debit card information or intentionally enroll in the rewards program if Encore directly asked Plaintiffs to provide their credit and debit card information.  Simply put, Provide-Commerce deceptively transmitted to Encore, or allowed the interception of, Plaintiffs' and Class members' Private Payment Information without their knowledge or consent.

116.    Plaintiffs and the Classes relied on Provide-Commerce's misrepresentations and omissions by providing their Private Payment Information to Provide-Commerce and were damaged because unauthorized charges were made to their credit and debit accounts.  Further, Plaintiffs and the Classes received no benefits, services or products from the EasySaver Rewards program.  Provide-Commerce thus reaped unearned financial gains the unauthorized charges to Plaintiffs' and the Classes' credit and debit cards, and from the EasySaver Rewards activation fees and membership dues.  This conduct is unjust and unlawful and thus violates California

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

-34-

Civil Code section 1710.

117.    As a proximate result of Provide-Commerce's fraud, Plaintiffs and the Classes have been damaged in an amount that was improperly charged to their credit and debit cards and all other resulting damages.

118.    Plaintiffs and the Classes are further informed and believe that Defendants' conduct as was motivated by malice, fraud, and oppression, and was done in conscious disregard of Plaintiffs' rights.   Punitive damages should be assessed against Provide-Commerce in an amount that would punish and deter Defendants from further engaging in fraud.

119.    Additionally, Provide-Commerce concealed material information about the EasySaver Rewards program from Plaintiffs and Class members.   Provide-Commerce failed to disclose that Plaintiffs and Class members would be enrolled in the program regardless of whether they clicked the acceptance button.   At the same time, Provide-Commerce made affirmative representations on its website when Plaintiffs and Class members were processing their purchases, that the program was optional and that the acceptance button would have to be selected to be enrolled.

120.    Provide-Commerce also concealed the material fact that it was transmitting Plaintiffs' and Class members' Private Payment Information to Encore in connection with the Defendants' EasySaver Rewards program without authorization.   At the same time, Provide-Commerce made affirmative representations to Plaintiffs and Class members at the point of sale and in its written policies and agreements that Private Payment Information would not be transmitted or used without authorization beyond what was necessary to fill the customer's original order.   Provide-Commerce further concealed and/or failed to disclose that Plaintiffs and Class members' Private Payment Accounts would be charged an EasySaver activation fee or monthly fees regardless of whether they declined the offer to join.   To the contrary, Provide-Commerce misrepresented to Plaintiffs and Class members that the program was optional when it presented the offer to Plaintiffs and Class members at the time of their purchase, and represented that they would have to affirmatively enroll by providing additional information and clicking the "acceptance" button.   Provide-Commerce further misrepresented to Plaintiffs and

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

Class members at the point of sale that they would have to affirmatively enroll in the program to be charged.   Provide-Commerce also failed to disclose material information regarding the program itself, including, but not limited to, the fact that the program did not provide any savings or benefits and that consumers would be charged monthly regardless of whether they used, or even affirmatively enrolled, in the program.   Instead, Provide-Commerce affirmatively misrepresented that, if enrolled, Plaintiffs and Class members would immediately receive a "gift code" and that "benefits and savings will automatically continue."   Plaintiffs and Class members were unwittingly enrolled in the program, but did not receive the gift code at the time of their purchase and/or other benefits or savings as a result of being enrolled in the Program.   Provide-Commerce also concealed and failed to disclose that it was financially benefiting from its partnership with Encore, instead misrepresenting the offer as a "gift."   These misrepresentations and omissions were made by Provide-Commerce and/or by Encore acting with Provide-Commerce's authorization and on its behalf, while Plaintiffs and Class members were processing and completing their Provide-Commerce transactions.

121.   The concealed information is material in that a reasonable consumer would find information important when deciding whether to purchase products from Provide-Commerce's website. Had the concealed information been disclosed to Plaintiffs and Class members, they would have acted differently, by not providing Provide-Commerce with their Personal Payment Information, not clicking on the gift code link, or acting to cancel their membership before they were charged.

122.   Plaintiffs and Class members were unaware that by declining the EasySaver program offers that Provide-Commerce would provide their Private Payment Information to Encore or that their Payment Accounts would be charged as a result because Provide-Commerce concealed the material information as alleged above.

123.   Plaintiffs and the Classes justifiably acted or relied upon to their detriment the omissions and misrepresentations that their Private Payment Information would not be transmitted, as evidenced by the fact that they gave Provide-Commerce their Private Payment Information to complete their purchase, but did not authorize, in fact declined, any offer that

their Private Payment Information transmitted to Encore or their accounts charged in connection with the EasySaver Program.

124.    Provide-Commerce was and continues to be under a duty to Plaintiffs and the Classes to disclose these facts because:

**a.**   Provide-Commerce is in a superior position to know the truth about the EasySaver Rewards program and its business practice of transmitting Private Payment Information to Encore;

**b.**   Provide-Commerce made partial disclosures and representations as alleged above about the program and about its policies regarding use of consumers' Private Payment Information; and

**c.**   Provide-Commerce actively concealed from Plaintiffs and the Classes the true nature of the program and its true practices with respect to the use of Private Payment Information.

125.    Provide-Commerce intentionally represented and concealed from and/or failed to disclose to Plaintiffs and the Classes the facts described above with the intent to defraud Plaintiffs and Class members, and for the purpose of inducing Plaintiffs and the Class to provide their Private Payment Information, which was later transmitted to Encore to involuntarily enroll Plaintiffs and Class members in the illusory Program.  By concealing this material information, Defendant sought to ensure that Plaintiffs and Class members would complete their transaction on the Provide-Commerce website while allowing it to still profit by giving that information to Encore without authorization to enroll Plaintiffs and Class members in the sham Program. Defendant knew that Plaintiffs and Class members would not have provided their Private Payment Information to Encore if all material information was disclosed because Plaintiffs and Class members declined to participate in the Program.  Despite this, Defendant completed their transactions with Plaintiffs and Class members, fraudulently enrolled them in the EasySaver Rewards program and unlawfully transmitted Plaintiffs' and Class members' Private Payment Information to Encore.

126.    Had Provide-Commerce disclosed that it intended to transmit Plaintiffs' and Class

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

members' Private Payment Information to Encore without their permission and that their Private Payment Accounts would be charged as a result, Plaintiffs and Class members would have taken additional steps to secure their accounts, would not have provided their Private Payment Information and/or purchased products from Provide-Commerce.

127.    As a direct and proximate cause of Provide-Commerce's misconduct, Plaintiffs and the Class members have suffered actual damages in that they have paid activation and monthly fees without receiving any benefits, discounts or savings.

128.    Provide-Commerce's misconduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

129.    Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Provide-Commerce for actual and punitive damages for themselves and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

## EIGHTH CLAIM
### For Violations of the Consumers Legal Remedies Act Cal. Civil Code section 1750 *et seq*.
### Brought by Plaintiffs, the Classes and All Subclasses
### Against Defendant Provide-Commerce

130.    Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

131.    California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

132.    Provide-Commerce is a "person" as defined by Civil Code § 1761(c).

133.    Plaintiffs and the members of the CLRA Sub-Class are "consumers" within the meaning of Civil Code §1761(d).

134.    The flowers and gifts ordered by Plaintiffs and Class members from Provide-Commerce constitute "goods" as defined by Civil Code § 1761(a).

135.    The EasySaver Rewards program constitutes "services" as defined by Civil Code § 1761(b).

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

136.    The purported benefits of the EasySaver Program in which Plaintiffs and Class members were enrolled, including coupons for Provide-Commerce's flowers and gifts, also constitute "goods" as defined by Civil Code § 1761(a).

137.    Plaintiffs' and Class members' purchase of the flowers and gifts, and their unwitting enrollment in and payment for the EasySaver Rewards program benefits, are "transaction[s]" as defined by Civil Code § 1761(e).

138.    Defendant Provide-Commerce provided or purported to provide goods to Plaintiffs and Class members by offering a rewards program in connection with the ordering, sale and delivery of the flowers and gifts on their online retail stores.

139.    Venue is proper pursuant to Civil Code § 1780(c) because Provide-Commerce is headquartered and does a significant amount of business in this County.  Plaintiff's declaration establishing proper venue was submitted and previously attached to the original complaint filed in this case.

140.    Provide-Commerce violated the CLRA by misrepresenting its affiliation and association with third parties, including Encore, and by sharing Plaintiffs' and Class members' Private Payment Information with Encore.  Provide-Commerce also violated the CLRA by representing that the EasySaver Rewards program would provide benefits it does not offer because Plaintiffs and Class members received no savings or discounts as a result of being enrolled.  Provide-Commerce also violated the CLRA by advertising the EasySaver Program as a program that Plaintiffs and Class members could decline, representing the Program as a voluntary program that would only activate when the consumer affirmatively signs up by clicking the enroll button, and as a Program that would offer consumer discounts, savings, and other economic benefits.  In fact, Plaintiffs and Class members were enrolled in the EasySaver Program after declining to join and they received no benefits or savings as a result.  Furthermore, Provide-Commerce represented that Plaintiffs and Class members would receive a rebate or discount by enrolling in the program, although the earning of the benefit was contingent on Plaintiffs and Class members knowingly and actively enrolling in the program to obtain the promised coupon.  Because they declined the offer, Plaintiffs and Class members did not receive

a discount code or discount on their purchase, but were nonetheless charged an activation fee and subsequent monthly charges.

141.    Provide-Commerce specifically violated California Civil Code section 1770(a) by, among other things:

    **a.**    Misrepresenting the affiliation, connection, or association with, or certification by, another, in violation of California Civil Code section 1770(a)(3);

    **b.**    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have, in violation of California Civil Code section 1770(a)(5);

    **c.**    Advertising goods or services with intent not to sell them as advertised, in violation of California Civil Code section 1770(a)(9);

    **d.**    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions, in violation of California Civil Code section 1770(a)(13);

    **e.**    Representing that a transaction confers or involves rights remedies, or obligations which it does not have or involve, or which are prohibited by law, *i.e.*, the right to decline to join the EasySaver Program, which the transaction did not have in violation of California Civil Code section 1770(a)(14);

    **f.**    Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction, in violation of California Civil Code section 1770(a)(17); and

    **g.**    Inserting an unconscionable provision in the contract, in violation of California Civil Code section 1770(a)(19).

142.    Provide-Commerce engaged in deceptive practices, in violation of the CLRA, that were designed to induce Plaintiffs and the members of the Class to purchase products on Provide-Commerce websites (and provide their Private Payment Information to do so) and to

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

force Plaintiffs and Class members to involuntarily enroll in the program.  Provide-Commerce also engaged in deceptive practices by telling consumers their Private Payment Information would not be transmitted and then transmitting such information and enrolling them, without authorization, in an illusory "rewards program."

143.    By engaging in the foregoing unfair or deceptive conduct, Provide-Commerce actively concealed and failed to disclose material facts about the Program and its use of Private Payment Information.

144.    The representations set forth above regarding the program and Provide-Commerce's privacy policy are material facts that a reasonable person would have considered important in deciding whether or not to purchase products on Provide-Commerce's sites. Plaintiffs and the Class justifiably acted or relied upon to their detriment the misrepresentations and/or concealed or non-disclosed facts as evidenced by their providing the Private Payment Information to Provide-Commerce to complete their purchase while declining to affirmatively enroll in the Program.

145.    Provide-Commerce's acts were intended to be deceptive and/or fraudulent. Specifically, Provide-Commerce secretly enrolled Plaintiffs and Class members in the EasySaver Rewards program and intentionally shared their Private Payment Information with Encore, its business partner, without authorization.

146.    Plaintiffs and the members of the Class suffered injury in fact as a direct result of Provide-Commerce's misleading marketing campaign and/or concealment of material facts in violation of the CLRA in that they have paid, or will have to pay, fees in connection with the EasySaver Rewards program from which they receive no benefits.  Had Provide-Commerce disclosed the true nature of the program and its intention to transmit Private Payment Information to Encore for the purposes of charging their Private Payment Accounts when no services or benefits are rendered in exchange, Plaintiffs and the members of the Class would have taken steps to further secure or withhold their Private Payment Information and/or would not have purchased products on Provide-Commerce's sites.

147.    To this day, Defendant continues to violate the CLRA by concealing its affiliation

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

with the EasySaver Rewards program, by transmitting Private Payment Information without authorization and misrepresenting and concealing the true nature of the program.

148.    Pursuant to Civil Code § 1782(a), Plaintiffs served Defendant with notice of the alleged violations of the CLRA on behalf of all Class members by certified mail, return receipt requested, on September 24, 2009.   After 30-days, Provide-Commerce failed to adequately address the violations alleged herein,.

149.    Plaintiffs, on behalf of themselves and all others similarly situated, demands judgment against Provide-Commerce under the CLRA for damages and injunctive relief as may be appropriate and an award of attorneys' fees and costs.

## NINTH CLAIM
### For False Advertising in Violation of Cal. Bus. & Prof. Code § 17500, et seq.
### Brought by Plaintiffs, the Classes and All Subclasses
### Against Defendant Provide-Commerce

150.    Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

151.    The Unfair Practices Act defines false advertising to include the making or dissemination of any statements concerning property or services that are untrue or misleading, and which are known, or should have been known, to be untrue or misleading.

152.    Provide-Commerce's acts, practices, misrepresentations and omissions as herein alleged are unlawful and amount to false advertising as set forth in California Business and Professions Code section 17500.   Defendant Provide-Commerce's policy, and its actions and inactions during purchase transactions, were likely to mislead Plaintiffs, the Class, and the general public to believe that their Private Payment Information would not be misused or improperly disclosed.   Plaintiffs relied on these representations and omissions when deciding whether to purchase products from Provide-Commerce sites and would not have purchased products from Provide-Commerce had they known that doing so would result in their Private Payment Information being transmitted to Encore or that they would unknowingly be enrolled in the illusory EasySaver Rewards program.   Plaintiffs and the Classes suffered an injury in fact and lost money by, among other things, unauthorized charges to their credit and debit cards.

153.     Provide-Commerce's conduct constitutes fraudulent and false advertising because its practice is likely to mislead Plaintiffs, the Classes, and the general public.   Provide-Commerce does so by deceiving and leading them to believe, among other things, that their Private Payment Information would not be misused or improperly disclosed.

154.     Provide-Commerce's unlawful false advertising, as described herein, present a continuing threat to Plaintiffs, the Class, and the general public because Defendants: continue to wrongfully tout the sham EasySaver Rewards program as a legitimate savings program; continue to mishandle Class members' Private Payment Information; and continue to charge Class members' credit and debit cards without authorization.  In addition, Provide-Commerce has been unjustly enriched by their conduct.  Plaintiffs, the Classes, and the general public seek equitable relief because they have no other adequate remedy at law.   Absent equitable relief, Provide-Commerce is likely to continue to injure customers, reap unjust enrichment, and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

155.     Plaintiffs and the Classes request that this Court issue preliminary and permanent injunctions against such acts and practices.   Additionally, Plaintiffs and the Classes seek restitution and recovery of attorneys' fees and litigation expenses pursuant to California Code of Civil Procedure section 1021.5, the substantial benefit doctrine, the common fund doctrine or other authority requiring Defendants to pay Plaintiffs' attorneys' fees and litigation expenses.

### TENTH CLAIM
**For Conversion**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Defendant Provide-Commerce**

156.     Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

157.     Plaintiffs and Class members had a right to retain the moneys taken from their Private Payment Accounts when they were enrolled in the EasySaver Rewards program without authorization.  Plaintiffs and Class members also have a right of ownership and possession of their own Private Payment Information.

158.     Provide-Commerce wrongfully converted the funds it fraudulently obtained as a

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

-43-

result of enrolling Plaintiffs and Class members in the illusory EasySaver Rewards program without authorization.   Provide-Commerce also wrongfully converted Plaintiffs' and Class members' Private Payment Information, which was provided for a limited purpose and used beyond the scope of what was authorized.

159.   Provide-Commerce, along with its partner, agent and coconspirator, Encore, touted the sham EasySaver Rewards program as legitimate and then used the program as an excuse to bill Plaintiffs' and the Classes' credit and debit cards without authorization. Defendants converted the funds they fraudulently obtained from Plaintiffs and the Classes for their own use.

160.   As a result of this conversion, Plaintiffs and Class members were damaged because their Private Payment Accounts were charged for unauthorized fees and monthly payments and their Private Payment Information was disseminated to unauthorized third parties.

161.   Plaintiffs and the Classes are entitled to damages in an amount sufficient to compensate them for their losses.   These losses include the amount Provide-Commerce were unjustly enriched by the unauthorized charges and interest in amount to be proven at trial.

162.   Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Provide-Commerce for damages arising from its misconduct, along with pre-judgment interest, costs of suit and other relief this Court deems appropriate.   Because Provide-Commerce's acts were willful, wanton, malicious and oppressive, were undertaken with the intent to defraud, Plaintiffs further demand an award of exemplary and punitive damages.

### ELEVENTH CLAIM
**For Unjust Enrichment**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against All Defendants**

163.   Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

164.   By billing Plaintiffs' and the Class members' credit and debit accounts without authorization as set forth herein and by otherwise billing Class members for joining the sham EasySaver Rewards, Preferred Buyers Pass, or Red Envelope Rewards programs that provided

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

-44-

Plaintiffs or the Class no meaningful benefits, services or products, Defendants received unearned financial gains and unjustly retained the financial gains at Plaintiffs' and the Classes' expense.

165.    It would be inequitable for Defendants to retain the profits, benefits, and other compensation obtained from its wrongful conduct as alleged herein.

166.    As a result of this unjust enrichment, Plaintiffs and the Classes seek damages in an amount sufficient to compensate them for their losses.  These losses include the amount Defendants were unjustly enriched by the unauthorized charges to Plaintiffs' and the Classes' credit and debit cards and interest in amount to be proven at trial.  Plaintiffs and the Classes further seek an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from its wrongful conduct.

## TWELFTH CLAIM
### For Violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*
### Brought by Plaintiffs Romero, Bailey, Parker, and Jenkins and the EFTA Class Against Encore Marketing

167.    Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

168.    The Electronic Funds Transfer Act ("EFTA") provides a basic framework establishing the rights, liabilities, and responsibilities of participants in an electronic fund transfer system.  15 U.S.C. § 1693.  The primary objective of the EFTA "is the provision of individual consumer rights."  *Id.*

169.    Plaintiffs Romero, Bailey, Parker, and Jenkins and the members of EFTA Class each maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2), and are "consumers" as that term is defined in 15 U.S.C. § 1693a(5).

170.    Encore Marketing, engaged in "unauthorized electronic funds transfers," as that term is defined in 15 U.S.C. § 1693a(11), by debiting  the bank accounts of Plaintiffs Romero, Bailey, Parker, and Jenkins and the members of EFTA Class without written authorization.

171.    The EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and copy of such

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

authorization shall be provided to the consumer when made."  15 U.S.C. § 1693e(a).  "In case of preauthorized transfers from a consumer's account to the same person which may vary in amount…the designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with the regulations of the Board, of the amount to be transferred and the scheduled date of the transfer."  15 U.S.C. § 1693e(b).

172.     The EFTA's implementing regulations, known as Regulation E and codified at 12 C.F.R. §§ 205 *et seq.,* provide: "Preauthorization electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."  12 C.F.R. § 205.1(d).  According to the Official Staff Interpretations ("OSI") of Regulation E, the EFTA's requirement that electronic fund transfers "be authorized by the consumer 'only in writing' cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer."  Regulation E, Supp. I, Part 10(b), ¶ 3.  When "a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer…it is the third-party payee that is in violation of the regulation."  *Id.* at ¶ 2.

173.     Defendant Encore violated the EFTA because Encore initiated electronic fund transfers from Plaintiffs Romero's, Bailey's, Parker's, and Jenkins' accounts, as well as the accounts of the EFTA Class, without obtaining prior written authorization.  Further, Encore did not provide Plaintiffs Romero, Bailey, Parker, and Jenkins and the members of EFTA Class with copies of their written authorizations or provide reasonable advance notice of the amount to be transferred and the scheduled date of the transfer.

174.     Accordingly, under 15 U.S.C. § 1693m, Plaintiffs Romero, Bailey, Parker, and Jenkins on behalf of themselves and the members of Subclass C seek damages, statutory damages, costs of suit, including reasonable attorneys' fees, and such other further relief as the Court deems appropriate.

/

/

/

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

### THIRTEENTH CLAIM
**For Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Encore Marketing**

175.    Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

176.    The Electronic Communications Privacy Act ("ECPA") seeks to protect individuals from interception and monitoring of their electronic communications.  The ECPA provides that liability may be imposed on any individual who "intentionally intercepts, endeavors to intercept, or procures any person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  18 U.S.C. § 2511(1) (a).

177.    The transmission of data between Plaintiffs' and Class members' computers and various internet websites constitutes "electronic communications" within the meaning of 18 U.S.C. § 2510.

178.    Defendant Encore in their joint operation of the EasySaver Rewards program and the wrongful conduct alleged herein intentionally obtained and/or intercepted these electronic communications without Plaintiffs' knowledge, consent or authorization.  Specifically, Plaintiffs and Class members transmitted data from their computers to Provide-Commerce for the purposed of purchasing merchandise from Provide-Commerce's website only.  While Plaintiffs and Class members were in the process of transmitting this information, Encore obtained and/or intercepted Plaintiffs' and Class members' data without Plaintiffs' knowledge or consent. Encore was not a party to any communications between Plaintiffs and Class members on one hand, and Provide-Commerce on the other, and thus should not have received any data sent by Plaintiffs to Provide-Commerce.

179.    As described herein, Defendants Encore, with Defendant Provide-Commerce's assistance, obtained Plaintiffs' and Class members' information for the purpose of committing a wrongful and unlawful act — to make and profit from unauthorized charges to Plaintiffs' and Class members' credit or debit accounts.

180.    Under 18 U.S.C. § 2520, Plaintiffs and the Classes are entitled to preliminary,

equitable and declaratory relief, in addition to statutory damages of the greater of $10,000 per violation or $100 per day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Defendants' profits obtained from the above described violations.

## FOURTEENTH CLAIM
**For Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, et seq.**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against Provide Commerce and by Plaintiffs Romero and Jenkins and Subclasses 1(C), 2(C), and 3(C), Against Encore Marketing**

181.    Plaintiffs refer to and incorporate by reference the above paragraphs as though set forth fully herein.

182.    The Unfair Competition Law, Business & Professions Code § 17200, *et seq*. ("UCL") defines unfair competition to include any unfair, unlawful or fraudulent business act or practice.  Unlawful business acts are those which are in violation of federal, state, county, or municipal statutes or codes, common law, or federal and state regulations.

183.    Defendant's acts, practices, misrepresentations and omissions as herein alleged are unlawful and violate the laws and statutes alleged herein, and thus amount to unfair competition as set forth in the UCL.  As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs and the Class suffered an injury in fact and have money because, among other things, they have suffered unauthorized transmission or interception of their Private Payment Information and unauthorized charges to their credit and debit cards, and because they were charged for services and benefits they did not receive.

184.    To the extent Provide-Commerce's website contained terms that allowed it to transfer its customers Private Payment Information to Encore absent affirmative and informed authorization, those terms are unconscionable and thus unenforceable.  And to the extent Provide-Commerce's agent, joint venturer, and co-conspirator Encore's website contained terms that allowed it to charge activation fees and monthly fees associated with customers purportedly enrolling or participating in the EasySaver Rewards program, those terms are likewise unconscionable and thus unenforceable.  As discussed above, the EasySaver Rewards program is a sham because it does not provide any meaningful coupons, gift codes, or other savings benefits.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

185.    Defendant's unlawful, unfair and fraudulent business practices, as described herein, present a continuing threat to Plaintiffs, the Classes, and the general public in that Defendants continue to wrongfully tout the sham EasySaver Rewards program as a legitimate savings program, continue to mishandle Class members' Private Payment Information, and continue to bill Class members' credit and debit cards without authorization.  In addition, Defendants have been unjustly enriched as a result of its conduct.  Plaintiffs and the Class seek equitable relief because they have no other adequate remedy at law.  Absent equitable relief, Provide-Commerce is likely to continue to injure consumers, reap unjust enrichment, and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

186.    Defendants' acts and practices are unlawful because they violate California Civil Code §§ 1572, 1668, 1709, 1710, 1770(a)(3), 1770(a)(5), 1770(a)(9), 1770(a)(14) and/or 1770(a)(17), as well as the Electronic Funds Transfer Act, 15 U.S.C. 1693, and the Electronic Communications Privacy Act, 18 U.S.C. 2510, as described above.

187.    Defendant's acts and practices are also unlawful because they violate California Business & Professions Codes § 22576 and 17500.  Provide-Commerce is an operator of a commercial website that collects personally identifiable information through its website from consumers.  Class members include consumers who used or visited the commercial website who reside in all fifty states, including California.  Provide-Commerce violated its posted privacy policy by sharing personal payment information with Encore without authorization beyond what was necessary to complete Plaintiffs' and Class members' orders and permitted Encore to charge Plaintiffs' and Class members' Private Payment Accounts without authorization.

188.    Defendants violated the UCL by fraudulently misrepresenting and concealing from and/or intentionally failing to disclose to Plaintiffs and the Classes the true facts about its business practice of transmitting Private Payment Information without authorization and the EasySaver Program, as alleged herein.

189.    Defendant's conduct was fraudulent in violation of the UCL, in that Defendants actively misrepresented in, and/or concealed and omitted from, its advertising, marketing and other communications, material information about the EasySaver Rewards program and its

policies with respect to the use of private consumer information, including Private Payment Information, in a manner that has deceived and is likely to continue to deceive consumers and the public.

190.    As alleged herein, Plaintiffs relied on these misrepresentations and omissions when providing Provide-Commerce their Private Payment Information and purchasing products on Provide-Commerce's website and, as a result, suffered an injury in fact and lost money.

191.    Defendants violated the UCL by representing to Plaintiffs and Class members that their Private Payment Information would be secure and not transmitted to unauthorized parties, while knowing that the information would be transmitted to Encore without explicit authorization.

192.    Defendants also violated the UCL by representing that Plaintiffs and Class members who were enrolled in the EasySaver Rewards program would immediately receive a discount code and that they would receive discounts and savings their purchasers.  Plaintiffs and Class member were unwittingly enrolled in the Program, and did not receive the promised discounts, savings or other benefits.

193.    Defendant's conduct was unfair in violation of the UCL, because, *inter alia,* the injury to Plaintiffs and Class members by Provide-Commerce's conduct greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

194.    To this day, Defendants continue to violate the UCL by continuing to misrepresent and actively conceal material information regarding the EasySaver Rewards program, the benefits it offers, and its own privacy policies and practices.

195.    Meanwhile, Defendants profited from the EasySaver Rewards program through their partnership, conspiracy and agency relationship.  Thus, as a proximate result of Defendants' violation of the UCL, Defendants have been unjustly enriched and should be required to make restitution to Plaintiffs and the Classes and/or disgorge their ill-gotten profits pursuant to Business & Professions Code § 17203.

196.    Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for injunctive relief, restitution, and/or proportional disgorgement

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

of profits earned as a result of the conduct alleged herein, including promised discounts and savings that were not given, along with interest, attorneys' fees and costs pursuant to, inter alia, Cal. Code Civ. Proc. § 1021.5.

197.    Defendant's unlawful, unfair, and fraudulent business practices, as described herein, present a continuing threat to Plaintiffs, the Classes, and the general public in that Defendants continue to wrongfully tout the sham EasySaver Rewards program as a legitimate savings program, continue to mishandle Class members' Private Payment Information, and continue to bill Class members' credit and debit cards without authorization.  In addition, Defendants have been unjustly enriched as a result of its conduct.  Plaintiffs and the Classes seek equitable relief because they have no other adequate remedy at law.  Absent equitable relief, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public's interest, thus engendering a multiplicity of judicial proceedings.

198.    Plaintiffs and the Classes request that this Court issue preliminary and permanent injunctions against such acts and practices.  Additionally, Plaintiffs and the Class seek restitution and recovery of attorneys' fees and litigation expenses pursuant to California Code of Civil Procedure section 1021.5, the substantial benefit doctrine, the common fund doctrine or other authority requiring Provide-Commerce to pay Plaintiffs' attorneys' fees and litigation expenses.

199.    Additionally, ROSCA bans the "data pass" process by prohibiting initial merchants from disclosing a credit card, debit card, bank account, or other financial account number, or other billing information that is used to charge a customer, to any post-transaction third party seller for use in an Internet-based sale of any goods or services.

200.    ROSCA also requires post transaction third party sellers to fully disclose the goods and services being offered and their costs, and severely restricts use of the "negative option" feature.  Most significantly, before post-transaction third party sellers, such as Encore, can charge consumers' debit and credit cards, ROSCA requires them to receive express informed consent.  Post transaction third party sellers are required to obtain from consumers their full account number, name, address, and contact information.  They also must require consumers to perform an additional affirmative action that shows consent.

201.    Provide-Commerce is an initial merchant as defined under ROSCA because it obtained Plaintiffs' and the Class' billing information directly from Plaintiffs and the Class when they were in the process of purchasing merchandise from a Provide-Commerce website.

202.    Encore is a post-transaction third party seller as defined under ROSCA because it sells access to membership clubs on the Internet, and it solicits this service on the Internet through a Provide-Commerce website, after Plaintiffs and the Class initiated a transaction with Provide-Commerce on the Provide-Commerce website.  Encore is not the initial merchant, a subsidiary or corporate affiliate of the initial merchant or a successor of those entities.

203.    Defendants' acts and practices are unlawful, fraudulent, and unfair because, among other things, Encore charges, with Provide-Commerce's assistance, consumers' credit and debit cards without obtaining express informed consent as required under ROSCA.  Instead it charges the cards using information obtained through the data pass process.

204.    Defendants have and continue to violate ROSCA and are unjustly enriched by this violation.  As a direct and proximate cause of Defendants' conduct, Plaintiffs and the Class continue to suffer unauthorized charges to their credit and debit cards.

205.    Plaintiffs and the Class seek equitable relief because they have no other adequate remedy at law.  Absent equitable relief, Defendants will continue to injure consumers, reap unjust enrichment, and harm the public's interest, thus engendering a multiplicity of judicial proceedings.   Additionally, Plaintiffs and the Classes seek judgment against Encore for preliminary and permanent injunctive relief, restitution, and/or proportional disgorgement of profits earned as a result of the conduct alleged herein, along with interest, attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5, the substantial benefit doctrine, the common fund doctrine or other authority requiring Defendants to pay attorneys' fees and litigation expenses.

## FIFTEENTH CLAIM

### For Violations of Invasion Of Privacy – Intrusion Into Private Matters
### Brought by Plaintiffs, the Classes and All Subclasses
### Against All Defendants

206.    .One who intentionally intrudes upon the solitude or seclusion of another or his

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

private affairs or concerns is subject to liability for invasion of privacy.  The Supreme Court of California instructs that the tort of intrusion is not limited to physical invasions, but also lies where the defendant "obtained unwanted access to data about the plaintiff."  Taus v. Loftus, 40 Cal.4th 683, 725, 54 Cal. Rptr. 3d 775, 807-808 (2007) (quoting Shulman v. Group W Productions, Inc., 18 Cal.4th 200 (1998).

207.   Plaintiffs and the Class members have reasonable expectations that their private payment and billing information would remain private from Encore when they entered into a purchase transaction with Provide-Commerce.  They certainly were not aware that Provide-Commerce would disclose their billing information and billing addresses to Encore.  Provide-Commerce did not disclose its intentions to share Plaintiffs' and the Class members' payment and billing information with Encore, and instead assured Plaintiffs and the Class members that their private payment and billing information would not be shared or disclosed without their informed consent.

208.   Provide-Commerce assisted Encore in obtaining Plaintiffs' and the Classes' Private Payment Information without their knowledge or consent.  Provide-Commerce represented to its customers that it would guard their Private Payment Information and would not disclose this information to anyone else absent informed authorization.  But Provide-Commerce passed this information on to Encore without obtaining authorization to do so.  The manner in which Provide-Commerce and Encore invaded Plaintiffs' and the Class Members' privacy rights is highly offensive to a reasonable person, as evidenced by the hundreds or thousands of consumer complaints regarding Defendants' practices.

209.   As a proximate result of the above acts, Plaintiffs' and Class Members' Private Payment Information and billing information was used by Defendants for their own profit, all to the general damage in an amount according to proof.

210.   Defendants are guilty of oppression, fraud, or malice by disclosing the information in a willful and conscious disregard of Plaintiffs' and the Class Members' rights to privacy.

211.   Unless and until enjoined, and restrained by order of this Court, Defendants'

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

wrongful conduct will continue to cause Plaintiffs, Class members, and the public great and irreparable injury in that their Private Payment Information maintained by Defendants can be disclosed to others for profit and that unauthorized charged can be made to their credit and debit card accounts.  Plaintiff and the Classes have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiffs, the Class, and the public.

### SIXTEENTH CLAIM
**For Invasion of The Constitutionally Protected Right To Privacy**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against All Defendants**

212.    The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's personal information, including debit card and bank account information, billing information, and home address.

213.    Plaintiff and the Class members have legally protectable privacy interests in their Private Payment Information, and their ability to control the disclosure and dissemination of this information.

214.    Plaintiffs and the Class members have reasonable expectations that their Private Payment Information would remain private from Encore when they entered into credit or debit card transactions with Provide-Commerce.  They were certainly not aware that Provide-Commerce would disclose to Encore, or allow Encore to obtain, this information.  Provide-Commerce did not disclose its intentions to provide Plaintiffs' and the Class' Private Payment Information to Encore.  Provide-Commerce and Encore relied on the fact that Plaintiff and the Class did not know that Encore had contract to receive, and Provide Commerce agreed to make available Plaintiffs' and the Class Members' Private Payment Information, and instead, believed that Provide-Commerce would only use their Private Payment Information to process their purchase of merchandise from one of Provide-Commerce's websites, including Proflowers.com.

215.    Defendants' actions constitute a "serious" invasion of privacy resulting in Plaintiffs and the Class Members being charged millions of dollars in unauthorized charges, and having their Private Payment Information - including their private billing information, credit and

debit card information, bank account numbers, and billing addresses – made available for defendant Encore's consumption without their authorization or consent.

216.   Defendants knew or reasonably should have known that customers protect their privacy rights in their Private Payment Information.

217.   As a proximate result of Defendants' above acts, Plaintiffs' and Class Members' Private Payment Information was compromised, Encore obtained it without their knowledge or consent, and all to the general damage in an amount according to proof.

218.   Provide-Commerce and Encore is each guilty of oppression, fraud, or malice by using Private Payment Information with a willful and conscious disregard of Plaintiffs' and the Class Members' rights to privacy.

219.   Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause Plaintiffs, Class members, and the public great and irreparable injury in that Private Payment Information maintained by Provide-Commerce is not safe from Encore's unauthorized use, and that unauthorized charges can be made to their credit and debit card and bank accounts.   Plaintiff and members of the Classes have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiffs, the Class, and the public.

**SEVENTEENTH CLAIM**
**Common Law Negligence**
**Brought by Plaintiffs, the Classes and All Subclasses**
**Against All Defendants**

220.   Defendant Provide-Commerce represented and contractually agreed not to disclose Plaintiffs' and the Class Members' Private Payment Information unless expressly authorized to do so.

221.   Despite its representation and contractual obligation, Provide-Commerce negligently shared with Encore, or allowed Encore to intercept, this information without informed authorization.

222.   Defendant Encore negligently accepted and used Plaintiffs' and the Class Members' Private Payment Information without their knowledge or consent.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

223.    Defendants knew, or reasonably should have known that Plaintiffs and the Class Members did not want their Private Payment Information passed to Encore; that they did not want to enroll in the EasySaver Rewards, Red Envelope or Preferred Buyers Pass programs; and that they did not want Encore to bill them without their express consent.

224.    But for Defendants' negligence, Plaintiffs would not have unauthorized charges on their credit and debit card bills for a service that was never requested, used, or provided.

225.    Plaintiffs and the Class have been damaged by Defendants' negligent conduct in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiffs and the Classes pray for judgment against Defendants as follows:

A.    An order certifying the Classes and any appropriate subclasses and designating Plaintiffs as the Class Representatives and Plaintiffs' counsel as Class Counsel;

B.    That the Court preliminarily and permanently enjoin Defendants from engaging in the conduct alleged herein;

C.    Other injunctive and declaratory relief as may be appropriate;

D.    Restitution and disgorgement any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

E.    For statutory damages according to proof;

F.    For general damages according to proof;

G.    For special damages according to proof;

H.    For exemplary or punitive damages;

I.    A declaration that Defendants are financially responsible for notifying all Class members of the pendency of this action;

J.    Reasonable costs and attorneys' fees;

K.    Statutory pre-judgment interest; and

L.    For such other relief as the Court may deem proper.

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class members, demand a jury trial in this

3

action for all of the claims so triable.

4

5

6

**Respectfully filed this 28th Day of July, 2011.**

**Co-Lead Counsel For the Plaintiffs**

7

8

By: */s/* Mazin A. Sbaiti

9

Mazin A. Sbaiti
*BARON & BUDD, P.C.*

10

11

12

James R. Patterson, (SBN 211102)
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jpatterson@hpolaw.com
amartin@hpolaw.com

Bruce Steckler (*pro hac vice*)
Mazin A. Sbaiti (SBN 275089)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Tel:  (214) 521-3605
Fax: (215) 520-1181
bsteckler@baronbudd.com
msbaiti@baronbudd.com

13

14

15

16

17

Jennie Lee Anderson, (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com

Isam C. Khoury, (SBN 58759)
Michael D. Singer (SBN 115301)
Kimberly D. Neilson (SBN 216571)
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone:  (619) 595-3001
Facsimile:  (619) 595-3000
ikhoury@ckslaw.com
msinger@ckslaw.com
kneilson@ckslaw.com

18

19

20

21

22

23

Gene J. Stonebarger  (SBN 209461)
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141
gstonebarger@stonebargerlaw.com

24

25

26

27

*PLAINTIFF'S CO-LEAD COUNSEL COMMITTEE*

28

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29TH Floor
San Diego, CA  92101

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 28, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4, and that all parties herein are represented by counsel have consented to electronic service.

*/s/* Mazin A. Sbaiti
Mazin A. Sbaiti

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT