1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: EASYSAVER REWARDS LITIGATION, | ) ) ) | Lead Case No.: 09cv2094 AJB (WVG) Consolidated Action |
| This document relates to all actions. | ) ) ) ) ) ) | **ORDER DENYING DEFENDANT PROVIDE COMMERCE, INC.'S MOTION TO TEMPORARILY STAY ACTION [DOC. NO. 124]** |

15   Before the Court is Defendant Provide Commerce, INC.'s ("Provide") Motion to Temporarily

16 Stay this action.  The Court has considered Defendant's Motion, Plaintiffs' Opposition [Doc. No. 151],

17 and Defendant's Reply [Doc. No. 154]. The hearing set for August 12, 2011 at 1:30 is hereby VA-

18 CATED as this motion is appropriate for submission on the papers without oral argument pursuant to

19 Civil Local Rule 7.1.d.1. For the reasons set forth below, the Motion is **DENIED**.

20 *I.     Background*

21   This lawsuit arises out of the allegations in the Second Amended Complaint ("SAC") [Doc. No.

22 110] that Provide unlawfully engaged in, and continues to engage in,  practices that deceive internet

23 consumers into enrolling in a membership program that results in an activation fee and monthly charges

24 being billed to the consumers' credit, debit, or Paypal accounts without their consent.  (SAC 2.)

25 Plaintiffs and Class members claim they purchased products from one or more of Defendant's commer-

26 cial websites, and after the completed purchase, a pop-up window appeared offering a gift code for a

27 discount on a future purchase.  (*Id.* at 7.)  The pop-up window contained a link to claim the gift code,

28 which, when clicked, redirected the purchaser to a webpage seeking the purchaser's agreement to enroll

1    in a rewards program in order to claim the gift code.  (*Id.*)  According to Plaintiffs and Class members,

2    both those who intended to enroll in the rewards program and those who did not intend to enroll were

3    subsequently billed an activation fee and monthly charges without their consent.  (*Id.* at 10.)  The

4    Plaintiffs claim that the rewards program enrollment process is deceptive and misleading.  (*Id.* at 34.)

5    Based on these allegations, the Plaintiffs assert seventeen separate claims for relief under California and

6    federal law against Provide.  (*Id.* at 19-51.)

7            In the present Motion, Defendant moves the Court to stay the instant action until resolution of

8    the appeal in *Berry v. Webloyalty.com*, Case No. 10-cv-1358-H (CAB), Ninth Circuit Docket No. 11-

9    55764 ("*Webloyalty*").  (Mot. Stay 1.)

10   **II.    The Motion to Stay**

11           According to Provide, the factual allegations and claims brought by the plaintiff in *Webloyalty*

12   mirror the allegations and claims plaintiffs assert here and, as such, a temporary stay pending the

13   resolution of the *Webloyalty* appeal will "clarify and likely simplify the issues in this action."  (Mot.

14   Stay Mem. P. & A. 1.)  Because the issues presented in *Webloyalty* are nearly identical to the issues

15   here, Defendant contends, the Court "will benefit from the Ninth Circuit's opinion on such claims."

16   (*Id.*)

17           Provide also argues that temporarily staying the action is appropriate for three reasons.  First, a

18   temporary stay will not prejudice Plaintiffs because "the only effect on plaintiffs is a brief delay, which

19   does not equate to harm or prejudice."  (*Id.* at 9.) (citing *Asis Internet Servs. v. Member Source Media,*

20   *LLC*, No. C-08-1321 EMC, 2008 WL 4164822 at *2 (N.D. Cal. Sept. 8, 2008)).  Second, Defendant

21   claims that it need not demonstrate hardship or inequity in the absence of prejudice to Plaintiffs, but

22   hardship and inequity will result if the action is not stayed.  (Mot. Stay Mem. P. & A. 10) (citing

23   *Member Source Media*, 2008 WL 4164822 at *2).  Hardship, Provide asserts, will result if the Court

24   does not wait for the issues in *Webloyalty* to be resolved by the Ninth Circuit because of the potential for

25   inconsistent rulings negatively impacting Defendant.  (Mot. Stay Mem. P. & A. 11.)  Further, "litigation

26   . . . is expensive and disruptive to Provide Commerce and its business operations."  (*Id.*)  Third, Provide

27   maintains that temporarily staying the action will clarify and simplify the issues, thereby promoting

28   judicial economy.  (*Id.* at 12.)

///

### A.      Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to stay an action depends on a court's exercise of judgment in balancing potentially competing interests.  *Id.* (citing *Kan. City S. Ry. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Among those interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" which could result from a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Where separate proceedings relate to a case, "[a] trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case . . . ."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

### B.      Discussion

A stay is not appropriate in this case.  First, Defendant has not shown that the denial of a stay will create hardship or inequity.  *See CMAX Inc.*, 300 F.2d at 268.  Defendant's concern for inconsistent outcomes is unfounded.  The trial court in *Webloyalty* determined that the complaint in that action did not sufficiently plead the causes of action it asserted, especially under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *See Berry v. Webloyalty.com, Inc.*, No. 10-CV-1358, 2011 WL 1375665 (S.D. Cal. April 11, 2011).  Any affirmation or denial of the dismissal in *Webloyalty* by the Ninth Circuit will speak only to the adequacy of the pleadings in that case and will not bear on the facts plead here.  Moreover, Defendant's displeasure with the expense and disruption to its business operations caused by this litigation does not constitute hardship.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

Second, resolution of *Webloyalty* will not substantially aid the resolution of the instant action.  *See id.* at 1113.  The plaintiff in that case appealed the trial court's decision to grant the motions to

09cv2094

dismiss the pleadings.  Appellate review of the trial court's decision in *Webloyalty* will be only marginally helpful to this Court because the adequacy of the pleadings has already been addressed in this case.  (*See* Doc. No. 61.)  Additionally, despite Provide's assertion that the outcome of *Webloyalty* will simplify issues in this case, it has not identified which issues will be simplified or how. Although Defendant has identified similarities between the two cases, it has not shown that there are any unresolved questions of law currently before the Ninth Circuit that will provide a legal resolution of the claims presented here.  *See Lockyer*, 398 F.3d at 1112.

### III.    Conclusion

Because Defendant Provide Commerce has not shown that it will experience hardship without a stay or identified how resolution of pending independent litigation will benefit this action, the Court will not exercise its discretion to impose a stay.  Based upon the foregoing, the Defendant's Motion to Stay is hereby **DENIED**.

DATED:  August 3, 2011

_____

Hon. Anthony J. Battaglia
U.S. District Judge

09cv2094