# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EASYSAVER REWARDS LITIGATION | Case No. 09-CV-2094-AJB (WVG) <br><br> **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** <br><br> **[Doc. No. 248]** |

This Court considered plaintiffs Josue Romero, Gina Bailey, Jennifer Lawler, John Walters, Daniel Cox, Christopher Dickey, Grant Jenkins, and Bradley Berentson's (collectively "Plaintiffs") unopposed motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"), and finds that the matter can be decided without hearing. Therefore, the hearing set for July 13, 2012 is vacated.. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.  The Settlement Agreement was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed class representatives or segments of the class, and falls within the range of possible

approval;

2. The Full Notice, Summary Notice, and Claim Form (attached to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

3. The Class is so numerous that joinder of all Class Members is impracticable;

4. Plaintiffs' claims are typical of the Class's claims;

5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

6. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Defendants Provide Commerce, Inc. ("Provide Commerce") and Regent Group, Inc. dba Encore Marketing International, Inc. ("RGI") (Provide Commerce and RGI collectively, "Defendants") gave notice pursuant to 28 U.S.C. § 1715(b) on [insert: date].

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Full Notice, Summary Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-D are preliminarily approved.

2. **Provision of Class Notice.** Defendants will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement with all costs associated with claims administration and providing notice to Class Members being paid from the Gross Cash Fund pursuant to Section 2.1(a) of the Settlement Agreement.

3. **Claim for Settlement Payment.** Class Members who are eligible and want to receive a Settlement Payment under Section 2.1(d) of the Settlement Agreement must accurately completely and deliver a Claim Form to the Claims Administrator no later than one-hundred-and-thirty-five (135) calendar days after entry of this Preliminary Approval Order.

4. **Objection to Settlement.** Class Members who have not submitted a timely

written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver a written objection to Class Counsel and Provide Commerce's Counsel, and RGI's Counsel, and must file such objection with the Court, no later than one hundred and thirty-five (135) calendar days from when the Court enters this Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (1) a heading containing the name and case number of the Action: In re EasySaver Rewards Litigation, Case No. 3:09-cv-02094-AJB (WVG); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator postmarked no later than one hundred and thirty-five (135) calendar days from when the Court enters this Order stating: (a) the name of the Action, "In re EasySaver Rewards Litigation"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement.

7. **Provisional Certification.** The Class is provisionally certified as a class of all persons who, between August 19, 2005 and the date of entry of the preliminary approval order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently

**ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT & PROVISIONAL CLASS CERTIFICATION**

enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass.  Excluded from the Class are (a) Provide Commerce and RGI, (b) any entities in which Provide Commerce or RGI have a controlling interest or which have a controlling interest in Provide Commerce or RGI, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or RGI, and (d) the Judges presiding over the Lawsuit and any of their employees or immediate family members.

8. **Appointment of Class Representative and Class Counsel.**  Plaintiffs are each conditionally certified as Class Representatives to implement the Parties' proposed Settlement in accordance with the Settlement Agreement.  The law firms of Patterson Law Group, APC (through attorney James R. Patterson), Baron & Budd, P.C. (through attorney Bruce W. Steckler), Andrus Anderson LLP (through attorney Jennie Lee Anderson), and Cohelan Khoury & Singer (through attorney Michael D. Singer) are appointed as Class Counsel.  Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination.**  If the Settlement Agreement terminates by its terms for any reason, including, but not limited to, if Court does not approve the Settlement or enter the Final Order and Judgment, if the Final Settlement Date under the Settlement Agreement does not occur for any reason, or the total amount of $12.5 million is not contributed to the Gross Cash Fund from Defendants collectively, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated, and therefore Plaintiffs will stop functioning as class representatives and Class Counsel will revert to their prior status as interim class counsel; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, including no class certification and Defendants shall retain all their rights to proceed with their pending motions to dismiss.  This Order will not waive or otherwise impact the Parties' rights or arguments.

10. **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and

1 deadlines, are stayed and suspended until further notice from the Court, except for such actions
2 as are necessary to implement the Settlement Agreement and this Order.

3     12.    **CAFA Notice.**  Defendants have complied with 28 U.S.C. § 1715(b).

4     13.    **Fairness Hearing.**  On December 21, 2012, at 1:30 p.m., this Court will hold a
5 Fairness Hearing to determine whether the Settlement Agreement should be finally approved as
6 fair, reasonable, and adequate.  All papers supporting Plaintiffs' request for attorneys' fees and
7 costs must be filed no later than fourteen (14) calendar days before the deadline for Class
8 Members to object to the settlement.  All other papers supporting Final Approval of the
9 Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness
10 Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.
11 If that occurs, Defendants will not be required to provide additional notice to class members.

13 DATED: June 26, 2012

14                                               _/s/ Battaglia_
                                              Hon. Anthony J. Battaglia
15                                               U.S. District Judge