Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel: (415) 986-1400
Fax: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson (SBN 211102)
Alisa A. Martin (SBN 224037)
Patterson Law Group
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: (619) 756-6990
Fax: (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

Bruce W. Steckler (Pro Hac Vice)
The Steckler Law Firm
12700 Park Central Drive, Suite 1900
Dallas, TX 75251
Tel: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

*Co-Lead Interim Class Counsel For the Proposed Class*
[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to All Actions | Case No.: 09-CV-02094-AJB (WVG)<br><br>CLASS ACTION<br><br>**DECLARATION OF HONORABLE EDWARD A. INFANTE (RET.) IN SUPPORT OF FINAL APPROVAL OF THE PROPOSED CLASS SETTLEMENT**<br><br>Judge: The Hon. Anthony Battaglia |

I, Edward A. Infante, state and declare:

1. I serve as a mediator with JAMS, the nation's largest private provider of alternative dispute resolution services. As a former Chief Magistrate Judge of the United States District Court for the Northern District of California, I have more than 30 years of dispute resolution experience and have conducted more than 3,000 settlement conferences. I have particular expertise in complex litigation, including antitrust, consumer, securities fraud, and shareholder class actions. As relevant to the settlement here, I have mediated and overseen the settlement of more than 100 class actions, including privacy cases. I make this statement in support of Final Approval of the Proposed Class Settlement, which seeks the Court's approval of the settlement reached by the parties with my assistance on April 9, 2012. Except as otherwise noted, I have personal knowledge of the facts stated and, if called upon as a witness, I could and would testify competently thereto.

## THE MEDIATION AND SUBSEQUENT DEVELOPMENTS

2. The parties approached me to mediate In Re: EasySaver Rewards Litigation, and I agreed. On April 9, 2012, the parties engaged in an all-day mediation session in San Francisco. At the mediation, both sides were well represented by experienced and competent counsel who I am familiar with from prior cases and from their reputations within the legal community. Prior to the mediation, both sides submitted lengthy mediation statements, each setting forth its view of the factual, legal and procedural issues. Lead counsel for both sides had met and conferred prior to the mediation. There had also been multiple settlement conferences before Magistrate Judge Gallo, and a day-long mediation before the Honorable Judge Leo S. Papas (Ret).

3.      It appeared from the briefing that each side had a complete grasp of the issues and was well prepared to resolve the case. From both the briefing and the conduct of the mediation, it was clear that there had been substantial and comprehensive discovery. As of the date of the settlement, I understand that the discovery completed included:

- Extensive requests for production of documents, requests for admission, and interrogatories propounded by all parties
- Review of more than 450,000 documents produced
- Several motions to compel and discovery disputes
- Numerous non-party document subpoenas
- Seven corporate and fact witness depositions were taken in Maryland and California
- Several experts were retained by all parties on electronic codes/data systems/statistics
- Plaintiffs had also retained a damages expert.

4.      Prior to mediation, I reviewed comprehensive written submissions, briefs and case law provided by counsel for all parties. Based on the mediation briefs, there was a tremendous amount of uncertainty regarding significant legal issues and class certification.

5.      Since the mediation on April 9, 2012, I have been in contact with the parties to continue to supervise settlement discussions.

**THERE IS A SPLIT IN DISTRICT COURTS ON
WHETHER THE KEY CLAIMS ARE ACTIONABLE**

6.      Having reviewed the pertinent documents, I believe that there was considerable uncertainty as to its outcome. As set forth below, both parties faced significant risks in pursuing and defending these claims.

7. In preparation for the mediation, I reviewed and was familiar with several similar cases regarding online marketing practices. There is a clear split among district courts on whether the underlying claims are actionable.

8. I reviewed the following cases cited by Defendants: *Berry v. Webloyalty.com, Inc.*, No. 10-CV-1358-H (CAB), 2011 WL 1375665, at *14 (S.D. Cal. Apr. 11, 2011); *In re VistaPrint Corp. Mktg. and Sales Practices Litig.*, MDL No. 4:08-md-1994, 2009 WL 2884727, at *12 (S.D. Tex. Aug. 31, 2009), *aff'd; Bott v. VistaPrint USA, Inc.*, 392 Fed. Appx. 327, 328 (5th Cir. Tex. 2010); *Baxter v. Intelius*, No. 09-1031 SACV-AG (MLGx), 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010). All of these cases involved online marketing programs with questionable enrollment practices, but each was dismissed by District Courts on legal challenges and general findings that the offer and program details were disclosed, and should have been read by the plaintiffs. It is my understanding that the *WebLoyalty* matter is currently on appeal before the Ninth Circuit. The outcome of the *WebLoyalty* case could have a dramatic impact on this case, interjecting great uncertainty and risk into continued litigation.

9. In contrast, there are cases that Plaintiffs cited and supported assertions that the process was deceptive and actionable. Most notably, this Court upheld plaintiffs' claims recognizing the overall process may be deceptive in *In re EasySaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1172 (S.D. Cal. Aug. 13, 2010). *See Also Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1267-69 (W.D. Wash. 2011) (holding that courts should consider the overall enrollment process, and not simply the existence of disclosures somewhere on a website, when determining whether a particular practice is deceptive); *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 WL 3910169, at *9-11 (N.D. Cal. Oct. 5, 2010)(upholding claims at the pleadings stage).

- 4 -

09-CV-02094-AJB (WVG)  DECLARATION OF HONORABLE EDWARD A. INFANTE (RET.) IN SUPPORT OF FINAL APPROVAL OF THE PROPOSED CLASS SETTLEMENT

## SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

10. The proposed class settlement resulted from fully-informed, arms-length negotiations. There is no indication of collusion and, on the contrary, even a brief discussion with either side's attorneys reveals the intensity of the adversarial process. The resulting settlement represents a favorable outcome for Plaintiffs and provides substantial benefits to the class and to the public.

11. Based on my experiences as both a judge and private mediator, my observations of the mediation session, subsequent developments and discussions with lead counsel for both Plaintiffs and Defendant, and my review of the information exchanged, the process leading to the proposed settlement bears all the hallmarks of procedural fairness.

12. The settlement provides substantial benefits to class members, and equally importantly, many of the remedies sought, including those under the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq.*, are achieved in this settlement. Whereas every class member attempted to claim a $15 off gift code, en route to becoming enrolled, the settlement provides class members with a $20 same-as-cash credit from Provide Commerce, only now it is transferable and untethered to enrollment and paying future fees. I considered that a portion of the payments to the class were to be made in the form of merchandise credits. It is my opinion that this is a fair way to compensate class members particularly in a case such as this because (1) each class member exhibited an affirmative desire to receive merchandise credit by requesting $15 as part of the enrollment process; (2) it is my understanding from the briefing and the parties that a large portion of the class members are current and repeat Provide Commerce customers; (3) the nature of Defendant Provide Commerce's business is Internet sales, which makes it very easy for class members to utilize the merchandise credits online; and (4) Provide Commerce has a significant

number of items on their websites that could be purchased for $20 or less, so that Provide Commerce did not stand to gain financially from the process, unless a particular class member chose to purchase a larger item or group of items. The settlement also provides monetary relief to settlement class members who incurred out-of-pocket losses for unreimbursed monthly membership fees charged to the class. Specifically, the settlement provides that Defendants establish a cash fund of $12.5 million from which the class members can seek reimbursement, and all class members automatically receive a fully transferable $20 merchandise code. The cash fund is also non-reversionary. Thus, the settlement has the parallel benefit of divesting Defendants of a substantial amount of their alleged ill-gotten gains, which has independent value and significance both to the class and from a public-good perspective.

13. Under applicable law, the total relief in this settlement would be valued at $38.5 million, and addresses the major issues and allegations in case. This value represents the value of the cash fund and a portion of the fully transferable $20 merchandise codes that automatically goes to all class members. *Fernandez v. Victoria Secret Stores, LLC*, Case No. 06-cv-04149 MMM (SHx), 2008 U.S. Dist. LEXIS 123546, at * 38-40 (C.D. Cal. 2008).

14. Based upon my experience as a mediator and previously as a judge, and my observations of the mediation and review of the facts and information exchanged, it is my opinion that the proposed settlement achieved here is fair, reasonable, and adequate given the risks related to class certification as well as the risks on liability that the parties faced.

//

//

15. I am available to provide additional information about events related to the mediation session upon the request of the Court.

I declare under penalty of perjury that the foregoing is true and correct. This document was executed on January 16, 2013 in San Francisco, California.

_____
Edward A. Infante