Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

*Co-Lead Interim Class Counsel for the Proposed Class*
*[Additional Co-Lead Class Counsel Listed On Signature Page]*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to all Actions | CASE NO.: 09-CV-02094-AJB (WVG)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR BOND ON APPEAL**<br><br>Date:   May 2, 2013<br>Time:  2:00 p.m.<br>Judge: Anthony J. Battaglia<br>Courtroom: 12<br><br>**<u>CLASS ACTION</u>** |

## I. INTRODUCTION

On February 4, 2013, after conducting a full fairness hearing, this Court found that "the proposed settlement is 'fair, adequate and free of collusion,'" and granted final approval of the class action settlement in this matter pursuant to Federal Rule of Civil Procedure 23(e) and all applicable Ninth Circuit authority. *In re EasySaver Rewards Litig.*, ---F.Supp.2d---, 2013 WL 435032 (S.D. Cal. Feb 4, 2013). In so ruling, this Court considered and expressly rejected all objections to the settlement asserted by the sole objector in the case, Brian Perryman ("Objector Perryman" or "Appellant"). *See id.*, at *4-10.

The settlement is an excellent result for the Class. Under the settlement all Class members will receive a fully transferrable $20 Merchandise Credit that can be used to purchase many products under $20 on any one of four websites. The Merchandise Credit provides Class members with an even greater benefit than the $15 gift coupon they originally requested from Defendant Provide Commerce, Inc. Additionally, all Class members who submitted a claim, ***including Objector Perryman***, will receive a ***100 percent refund*** of the monthly fees charged to their accounts, if any. Unclaimed money will not revert to defendants, but will go to fund higher education programs furthering internet privacy and security, a purpose closely tethered to the statutes at issue in this case, as required in the Ninth Circuit.

One man now seeks to withhold all relief to the Class, potentially for a period of years, to further the ideological agenda of his attorney, Theodore Frank. The appeal will fail, but not before Class counsel spends thousands of dollars and countless hours opposing this frivolous appeal. For these reasons, as well as those set forth below, Plaintiffs request that a modest appellate bond of at least $15,000 should be granted.

## II. APPELLANT SHOULD BE REQUIRED TO POST A BOND AS A CONDITION OF PROSECUTING HIS APPEALS

The purpose of an appellate cost bond is "to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, (N.D. Cal. Aug. 27, 2012), at *1 (quoting *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008)). In class action cases, an appeal bond is "necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals." *In re Nutella Mktg. & Sales Practices*, CIV. A. No. 11-1086 FLW, 2012 WL 6013276 (D.N.J. Nov. 20, 2012).

The authority to impose a bond and to determine its amount falls squarely within the district court's discretion. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); *see also* Fed. R. App. P. 7 ("Rule 7") (empowering district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."). This Court retains jurisdiction "during the pendency of an appeal" to order appeal bonds. *See In re Advanced Elecs., Inc.*, 283 F. App'x 959, 963 (3rd Cir. 2008) (quoting *Venen v. Sweet*, 758 F.2d 117, 120-21 (3rd Cir. 1985)). Moreover, "a district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (citation omitted).

### A. All Relevant Factors Support Requiring A Bond.

When determining whether a bond should be posted, district courts in the Ninth Circuit consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellees' costs if the appeal loses; and

(3) the merits of the appeal. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007). Here, all factors weigh in favor of imposing a bond.

First, there is nothing to suggest that Objector Perryman and/or his counsel are financially unable to post the bond requested.

Second, the risk that the appellant would not pay is substantial. Objector Perryman and his counsel are located in diverse jurisdictions (Objector Perryman lives in Virginia; his counsel in Washington D.C.). Therefore, Class counsel will be required to institute collection proceedings in diverse jurisdictions to collect amounts owed. These facts weigh in favor of a imposing a bond. *See In re Magsafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 2339721, at *2 (N.D. Cal. May 29, 2012).

Third, the appeal is meritless. Objector Perryman objected that the attorneys' fees were too high and that the *cy pres* award is not supported by Ninth Circuit law. Neither argument is persuasive or supported. As this Court has already found, both the attorneys' fee award and the *cy pres* are reasonable and well-supported by Ninth Circuit precedent. *In re EasySaver Rewards Litig.*, 2013 WL 435032, at *4-10. The standard of review of a district court's approval of a class action settlement is for clear abuse of discretion. *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 963 (9th Cir. 2009). Such review is "extremely limited" and the court will "affirm if the district judge applies the proper legal standard and his findings of fact are not clearly erroneous." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The same standards apply with respect to the district court's award of fees and costs to Class counsel. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1046 (9th Cir. 2002).

In addition to lacking any meritorious argument on appeal, Objector Perryman lacks standing to appeal this Court's order awarding attorneys' fees and

costs because he will be refunded 100 percent under the settlement and his recovery will not be impacted in any way by the attorneys' fee award. Article III requires "some actual or threatened injury as a result of the putatively illegal conduct of the defendant … likely to be redressed by a favorable decision." *Wolford v. Gaekle* (*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*), 33 F.3d 29, 30 (9th Cir. 1994)(finding that these same criteria apply in determining the question of standing on appeal). Objectors lack standing to file a federal appeal unless he can show (i) that he was injured and (ii) how the injury could "likely be redressed by a favorable decision" by the federal court. *Id.,* at 30. Indeed, the Ninth Circuit has routinely held that where an objection merely challenges the fee award but does not show how granting the requested relief would benefit the objector, then there is no standing to object. *See id.*; *see also Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (finding lack of standing because objector could not demonstrate how vacating fee award would benefit objector). Moreover, conjectural allegations that a fee award might be collusive or that reducing it might have resulted in a better outcome for the objector cannot meet the constitutional requirement that the injury be "concrete and particularized." *Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1089 (9th Cir. 2011).

B. **The Amount Requested Is Appropriate.**

If an appeal is filed and ultimately unsuccessful, Plaintiffs will be entitled to the cost of opposing the appeal. Costs identified in Rule 39(e) of the Federal Rules of Appellate Procedure[1] "are among, but not necessarily the only, costs

---

[1] Costs identified include: (1) the preparation and transmission of the record; (2) reporter's transcripts;(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and(4) the fee for filing the notice of appeal. Fed. R. App. P. 39(e)

available on appeal." *Azizian*, 499 F.3d at 958.  In the context of appellate bonds imposed on objectors to class actions settlements, district courts in this Circuit have found that both post-judgment interest on the cash component of the settlement, as mandated 28 U.S.C. Section 1961, and administrative costs incurred "to continue to service and respond to class members needs pending the appeal" may properly be included when calculating the appropriate amount for an appellate bond.  See *Miletak*, 2012 WL 3686785, at *2 (ordering bond of $60,000 to cover Rule 39(e) costs and administrative costs); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-cv-00225-PMP-PAL, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010) (ordering each objector to post a $500,000 bond to cover administrative costs and interest, in addition to costs incurred under Rule 39(e)); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 WL 6916834, at *3 (D. Mass. Aug. 22, 2006) (including anticipated interest on cash fund while on appeal in appellate bond calculation).

Rule 7 does not require plaintiffs to make "delineated showing of costs for a bond motion." *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, 2007 WL 1963063, at *3-5 (D.N.J. Jul. 2, 2007).  Instead, in ordering appellate bonds, district courts determine whether the requested amount is ***sufficient*** to cover anticipated costs without posing a substantial financial hardship on the appellant. *See In re Initial Public Offering Sec. Litig.*, 721 F. Supp. 2d 210, 214-17 (S.D. N.Y. 2010).  Applying this analysis, district courts in this Circuit have routinely determined that for Rule 39(e) costs alone requested amounts between $5,000 and $25,000 are appropriate, absent a specific showing of financial hardship by the objector.  See *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-md-02015-JF (PSG), 2011 WL 3648508, at *2 (ordering bond for $15,000 for Rule 39(e) costs); *Miletak*, 2012 WL 3686785, at

*2 (ordering bond including $10,000 for Rule 39(e) costs and $50,000 for administrative costs); *In re Magsafe Apple Power Adapter Litig.*, 2012 WL 2339721, at *2 (finding that a bond of $25,000 per objector sufficient to cover plaintiffs' costs on appeal; reducing amount to $15,000 in light of substantial hardship showing); *Fleury*, 2008 WL 4680033, at *6-7 (granting a request for a $5,000 appellate bond).

Other costs that Plaintiffs will seek when they prevail on appeal include interest on the cash fund and administrative costs. A reasonable method for calculating the estimated interest on the $12.5 million cash fund in this case would be to use the current applicable interest rate of 0.14%[2] for 24 months, which is a conservative estimate of the length of time it will take to resolve a class action appeal.[3] This calculation yields an estimated interest of $35,000.[4] Moreover, additional administrative costs associated with and administrative costs incurred "to continue to service and respond to class members needs pending the appeal." *See Miletak*, 2012 WL 3686785, at *2, are anticipated here to be approximately $36,000

Thus, while Plaintiffs would be justified in seeking bond in excess of $96,000, Plaintiffs seek only a very modest bond of $15,000. This amount is sufficient to cover Plaintiffs' hard costs associated with the appeal, is supported

---

[2] The applicable interest rate is equal to "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. According to the Federal Reserve's web site, for the week ended January 11, 2013, this rate was 0.14%. *See* http://www.federalreserve.gov/releases/h15/data.htm.

[3] The Frequently Asked Questions section of the Ninth Circuit's web site indicates that decisions on appeals are usually rendered between 15-32 months from when an appeal is filed. *See* http://www.ca9.uscourts.gov/content/faq.php (Question Nos. 17 and 18).

[4] $12,500,000 x .0014 x 24/12 = $35,000

by all relevant and controlling case law and should be granted.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request this Court grant Plaintiffs' motion requiring Objector Perryman to post an appellate bond of at least $15,000.

Dated: March 14, 2013

ANDRUS ANDERSON LLP

By:  */s/ Jennie Lee Anderson*
　　　Jennie Lee Anderson

Jennie Lee Anderson, SBN 203586
Lori E. Andrus, SBN. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com

James R. Patterson, SBN 211102
Alisa A. Martin, SBN 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  (619) 756-6990
Facsimile:  (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

Bruce W. Steckler
The Steckler Law Firm
12700 Park Central Drive, Suite 900
Dallas, TX 75251
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@stecklerlaw.com

Mazin A. Sbaiti
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100

| | |
|---|---|
| 1 | Dallas, TX 75219 |
| 2 | Telephone: (214) 521-3605<br>Facsimile: (214) 520-1181 |
| 3 | msbaiti@baronbudd.com |
| 4 | Isam C. Khoury, SBN 58759<br>Michael D. Singer, SBN 115301 |
| 5 | Kimberly D. Neilson, SBN 216571<br>COHELAN KHOURY & SINGER |
| 6 | 605 C Street, Suite 200<br>San Diego, CA 92101 |
| 7 | Telephone:  (619) 595-3001<br>Facsimile:  (619) 595-3000 |
| 8 | ikhoury@ck-lawfirm.com<br>msinger@ck-law.com |
| 9 | kneilson@ck-law.com |
| 10 | |
| 11 | *Co-Lead Class Counsel for Plaintiffs and the Class* |

MPA ISO PLAINTIFFS' MOTION FOR BOND ON APPEAL - 8
09-CV-02094-AJB (WVG)

## CERTIFICATE OF SERVICE

I, Jennie Lee Anderson, hereby certify that on March 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record registered with the CM/ECF system.

Dated:  March 14, 2013

ANDRUS ANDERSON LLP

By:  _____*/s/ Jennie Lee Anderson*_____
         Jennie Lee Anderson

Jennie Lee Anderson, State Bar No. 203586
Lori E. Andrus, State Bar No. 205816
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com