UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: EASYSAVER REWARDS LITIGATION,<br><br>This document relates to all actions. | Lead Case: 09cv2094 AJB (WVG)<br>Consolidated Action<br><br>ORDER GRANTING MOTION FOR APPELLATE BOND<br><br>[Doc. No. 284] |

On March 14, 2013, Class Counsel filed a motion for appellate bond, (Doc. No. 284). Objector Perryman filed an opposition, (Doc. No. 287), and Class Counsel field a reply, (Doc. No. 288). Based upon the parties' moving papers and for the reasons set forth below, Class Counsel's motion for appellate bond in the amount of $15,000 is hereby GRANTED.

## *Discussion*

At issue in the present motion is whether Objector Perryman should be required to post an appeal bond. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to insure that any appellants have the ability to pay Plaintiffs' costs and fees should opposing an appeal be necessary. *See A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954-55 (9th Cir. 2007) (citing Fed. R. App. P. 7 ("Rule 7")). "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of

nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted).

In determining whether a bond should be required, the court should consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *See id.* at *6-7. Upon review of the record in this case, the Court finds that the posting of an appeal bond is warranted. With regard to the first factor, the ability to post a bond, Objector Perryman has presented no evidence that he would be unable to pay an appeal bond. Thus, this factor weighs in favor of imposing an appeal bond. *Fleury*, 2008 WL 4680033, at *7. The second factor, the difficulty of collecting payment post-appeal, weighs in favor of imposing an appeal bond because Objector Perryman is a resident of Virginia. *Id.* The third factor, the merits of Objector Perryman's appeal also weigh in favor of requiring a bond. As discussed during the fairness hearing held on February 4, 2013, the Court has thoroughly considered each of Objector Perryman's objections to the settlement, and has found them to be without merit.

## *Conclusion*

For the reasons set forth above, the Court finds that the posting of an appeal bond is warranted and the amount of $15,000.00 requested by Class Counsel is reasonable. On or before May 31, 2013, Objector Perryman must either post a $15,000 bond or file a notice of dismissal of his appeal.

IT IS SO ORDERED.

DATED: May 6, 2013

Hon. Anthony J. Battaglia
U.S. District Judge