| | |
|---|---|
| Jennie Lee Anderson, SBN 203586<br>ANDRUS ANDERSON LLP<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone: (415) 986-1400<br>Facsimile: (415) 986-1474<br>jennie@andrusanderson.com<br><br>James R. Patterson, SBN 211102<br>PATTERSON LAW GROUP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Telephone: (619) 756-6990<br>Facsimile: (619) 756-6991<br>jim@pattersonlawgroup.com | Bruce W. Steckler, *pro hac vice*<br>STECKLER GRESHAM COCHRAN PLLC<br>12720 Hillcrest Rd., Suite 1045<br>Dallas, TX 75230<br>Telephone: (972) 387-4040<br>Facsimile: (972) 387-4041<br>bruce@stecklerlaw.com<br><br>*Co-Lead Class Counsel*<br><br>Michael D. Singer, SBN 115301<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>Telephone:  (619) 595-3001<br>Facsimile:  (619) 595-3000<br>msinger@ck-lawfirm.com |

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: EASYSAVER REWARDS LITIGATION<br><br>This Document Relates to all Actions | CASE NO.: 09-CV-02094-BAS-WVG<br><br>**PLAINTIFFS' MOTION TO STRIKE OPPOSITION OF BRIAN PERRYMAN TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS OR, ALTERNATIVELY, PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:  TBD<br>Time:  TBD<br>Judge: Hon. Cynthia Bashant<br>Courtroom:  4B<br><br>**CLASS ACTION** |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. SUMMARY OF THE ALLEGATIONS ............................................................. 2

III. LITIGATION HISTORY ...................................................................................... 2

   A. Background Relevant to the Settlement Agreement and Fee Application. ...... 2

   B. Mr. Perryman Files the Only Opposition to the Settlement. ........................... 3

   C. Appellate and Remand History. ........................................................................ 3

   D. The Ninth Circuit Affirms the Settlement and Remands for Attorneys' Fee Award Under Section 1712(b). ........................................................................ 4

IV. ARGUMENT ........................................................................................................ 4

   A. The Ninth Circuit Has Determined That Lodestar and Multiplier Is the Appropriate Method for Calculating Attorneys' Fees Here. ............................ 4

   B. There is No Reason to Defer Payment of Attorney's Fees. ............................. 5

   C. The Hours Class Counsel Expended on the Case Are Reasonable. ................ 7

   D. Class Counsel's Hourly Rates Are Reasonable. ............................................... 8

   E. Class Counsel Have Earned a Multiplier. ......................................................... 9

   F. Perryman's Closing *Cy Pres* Argument Should Be Stricken. ........................ 10

   G. The Court Should Not Delay or Postpone Any Action in This Case. ........... 11

V. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Arizona v. California*, 460 U.S. 605 (1983) .................................................................. 5

*Chambers v. Whirlpool*, 214 F.Supp.3d 877 (C.D. Cal. 2016) ..................................... 5

*Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997  (9th Cir.2002) .......................... 9

*Frank v. Netflix* (*In re Online DVD-Rental Antitrust Litigation*) ("*DVD-Rental Antitrust*"), 779 F.3d 934 (9th Cir. 2015) ................................................................................. 3

*In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935 (9th Cir. 2011) ............................... 1

*In re EasySaver Rewards Litig.*, 921 F.Supp.2d 1040 (S.D. Cal. 2013) ............................. passim

*In Re HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013) ........................................ 6

*In re Washington Public Power Supply Sys. Secs. Litig.*, 19 F.3d 1291  (9th Cir. 1994) ............ 9

*Knutson v. Daily Review, Inc*, 79 F. Supp. 1263  (N.D. Cal. 1979) ............................. 8

*Perdue v. Kenny A ex rel. Winn,* 559 U.S. 542 (2010) ................................................... 9

*Stanger v. China Electric Motor, Inc.*  812 F.3d 734 (9th Cir. 2016) ....................... 6, 9

*Thomas v. Bible*, 983 F.2d 152  (9th Cir.) ................................................................. 4

*United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997) ......................................... 5

**STATUTES**

28 U.S.C. 1712 ................................................................................................. 1, 4, 5, 6

## I. INTRODUCTION

After years of litigation, the parties in this nationwide class action reached a settlement. This Court approved the settlement. Unfortunately, the parties' settlement has not concluded the conflict: Brian Perryman, the only member of the 1.3 million member class who criticized the settlement, now opposes Class Counsel's request for their attorneys' fees.

Nearly a decade after the case was filed, and after two trips to the Ninth Circuit, the Ninth Circuit ultimately affirmed the settlement but vacated the attorneys' fees award, finding that the face value of the $20 gift codes awarded to class members should not be used in calculating attorneys' fees under the percentage-of-recovery method allowed under the Class Action Fairness Act, 28 U.S.C. 1712 ("CAFA"). Accordingly, Class Counsel recalculated their attorneys' fees using only the lodestar and multiplier method, pursuant to CAFA section 1712(b).[1]

Plaintiffs seek $200,000 in costs (an amount which is significantly less than their actual costs) and $8.65 million in attorneys' fees, a fee amount that is based on Class Counsel's lodestar and a modest multiplier of 1.38.[2] The lodestar-based fee request is reasonable and supported by Ninth Circuit case law, even when excluding the value of the $20 gift codes which class members will receive under the settlement.

Class Counsel litigated this case of first impression for a decade at a significant risk of nonpayment. This Court has twice approved the settlement. Under the settlement, all class members who filed a claim receive 100 percent of their money back from a $12.5 million cash fund. No unclaimed funds will revert to the defendants. Instead, those funds go to three *cy*

---

[1] Under the percentage-of-recovery method, a fee award is calculated as a percentage of the settlement fund. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir. 2011). By contrast, the lodestar method entails "multiplying the number of hours the prevailing party reasonably expended on the litigation . . . by a reasonable hourly rate." *Id.* at 941. The lodestar method also allows the court to "adjust [the fee] upward or downward" based on a range of factors, particularly "the benefit obtained for the class." *Id.* at 941–42.

[2] Pursuant to the settlement agreement, Class Counsel's fees are capped at $8.65 million, which is why Class Counsel has reduced the multiplier it seeks to 1.38.

*pres* recipients to fund Internet security and privacy projects. Also, the litigation has caused Defendants to change their business practices, a fact Defendants have conceded.

Notwithstanding these impressive results, Mr. Perryman, the sole objector, contends that Class Counsel "achieved only limited success." Opposition of Brian Perryman to Plaintiffs' Motion for Attorneys' Fees and Costs, Filed 2/18/2019, Doc. 343 ("Opposition" or "Opp.") at 5. Mr. Perryman contends that Class Counsel should be awarded only a fraction of the fees to which they are entitled. The Court should deny Perryman's objections in their entirety.

## II. SUMMARY OF THE ALLEGATIONS

Plaintiffs Josue Romero, Deanna Hunt, Kimberly Kenyon, Gina Bailey, Alissa Herbst, Grant Jenkins, Bradley Berentson, Jennifer Lawler, Daniel Cox, Jonathan Walter and Christopher Dickey ("Plaintiffs") brought a class action lawsuit against Provide Commerce, Inc., ("Provide Commerce") and Recent Group, Inc. d/b/a Encore Marketing International and Encore Marketing International, Inc. ("EMI") (together, "Defendants") alleging that the Defendants engaged in unfair and unlawful "data pass" practices in regard to their so-called Rewards Programs. Plaintiffs asserted that Defendants' conduct violated numerous state and federal statutes, as well as the common law of California.

## III. LITIGATION HISTORY

### A. Background Relevant to the Settlement Agreement and Fee Application.

The history of this litigation is well known to the Court and is discussed at length in Plaintiffs' fee petition. Plaintiffs will not repeat that history here, other than to stress that Defendants' Rewards Programs were in place for approximately three years, and that although many consumers complained about the programs, no one did anything to stop them until Class Counsel investigated Plaintiffs' complaints, took Plaintiffs' case, and filed this lawsuit. Within months of Plaintiffs filing this case, Defendants stopped the Rewards Programs, thereby preventing additional consumers from being injured. Defendants have acknowledged that this

1  lawsuit was a substantial factor in ending the Rewards Programs early and that Class Counsel
2  deserve credit for the fact that the programs stopped.
3        Class Counsel obtained meaningful relief for the class, including a non-reversionary
4  cash fund of $12.5 million from which class members who filed a claim could receive all of
5  their money back. Every class member who filed a claim, including Mr. Perryman, will receive
6  a full refund. Money that cannot be distributed to class members will not revert, and cannot
7  revert, to the Defendants. Instead, any such funds will go to three *cy pres* recipients for the use
8  of educational programs regarding internet privacy or internet data security.
9        **B.**    **Mr. Perryman Files the Only Opposition to the Settlement.**
10       The settlement drew a single objector – *just one* – out of 1.3 million people who
11 received class notice. After submitting a claim for all of his damages, totaling over $110, from
12 the settlement fund, Mr. Perryman filed his Opposition in December 2012. Mr. Perryman
13 objected on three grounds: that the *cy pres* was not proper, that the non-cash relief is
14 essentially "coupons" under CAFA, and that the percentage of the fund that the attorneys were
15 receiving was too high under CAFA. The district court held a hearing, overruled Perryman's
16 objections, and issued a final approval order. *In re EasySaver Rewards Litig.*, 921 F.Supp.2d
17 1040 (S.D. Cal. 2013), *vacated and remanded,* 599 Fed.Appx. 274 (9th Cir. 2015).
18       **C.**    **Appellate and Remand History.**
19       Mr. Perryman appealed. While this case was on appeal, the Ninth Circuit issued its
20 decision in *Frank v. Netflix* (*In re Online DVD-Rental Antitrust Litigation*) ("*DVD-Rental*
21 *Antitrust*"), 779 F.3d 934 (9th Cir. 2015), holding that the gift cards at issue in that case did not
22 constitute "coupons" pursuant to CAFA. This case was subsequently remanded to this Court to
23 evaluate the settlement under *DVD-Rental Antitrust*.
24       This Court held a second fairness hearing. After reconsidering all of Mr. Perryman's
25 arguments and *DVD-Rental Antitrust*, this Court again approved the settlement and clarified
26 that the requested fees were justified under both the percentage-of-the-benefit method and the

lodestar multiplier approach. *See In re EasySaver Rewards Litig,* Case No. 09-CV-02094-BAS-WVG, 2016 WL 4191048 (S.D. Cal. Aug. 9, 2016), *aff'd in part, vacated in part, remanded sub nom. In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018). Mr. Perryman again appealed.

### D. The Ninth Circuit Affirms the Settlement and Remands for Attorneys' Fee Award Under Section 1712(b).

The Ninth Circuit upheld the settlement. While the Ninth Circuit disagreed with the parties and this Court with respect to the gift codes provided to class members, it found the error was not fatal to the settlement. Instead, the Ninth Circuit vacated and remanded the award of attorneys' fees and costs and directed that the fees be recalculated pursuant to section 1712(b) of CAFA. *See In re EasySaver Rewards Litig.*, 906 F.3d 747, 759 (9th Cir. 2018).

Mr. Perryman now opposes Class Counsel's fee application. Plaintiffs move the Court to deny the Opposition and grant Plaintiffs' motion.

## IV. <u>ARGUMENT</u>

### A. The Ninth Circuit Has Determined That Lodestar and Multiplier Is the Appropriate Method for Calculating Attorneys' Fees Here.

Mr. Perryman's Opposition urges this Court to ignore the Ninth Circuit's decision in *In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018). This Court should reject Perryman's argument, because *In re EasySaver Rewards Litig.* is the law of this case. Perryman presented his arguments to that Court (and, of course, to this Court), and they were rejected. Specifically, the Ninth Circuit held that section 1712(b) of CAFA applies here and that section 1712(b) "encompasses the use of the lodestar method for this type of mixed settlement." *In re EasySaver Rewards Litig.*, 906 F.3d at 759 n.11.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443 (1993). The law of the case doctrine does not limit a court's power, but rather is a guide

to discretion. *See Arizona v. California*, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case only where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Mr. Perryman has satisfied none of the above-listed criteria. He disagrees with the Ninth Circuit's opinion, but has not demonstrated that it was erroneous, much less clearly so. The applicable law has not changed, nor does Perryman contend that it has changed. The evidence on remand is exactly the same, and no one contends otherwise. No other changed circumstances exist. No injustice would result from following the Ninth Circuit's decision and having Class Counsel compensated according to the lodestar method for their 10 years of work enforcing consumer protection laws on behalf of the Class. As the Ninth Circuit held in *Alexander*, under these circumstances, failure to apply the doctrine of the law of the case would be an abuse of discretion. *See United States v. Alexander*, 106 F.3d at 876.

### B. There is No Reason to Defer Payment of Attorney's Fees.

Perryman next argues that $5.76 million of Class Counsel's fees should be "deferred until the until the redemption rate of settlement coupons can be determined." Opp. at 2. Perryman is wrong.

The Ninth Circuit found that this settlement is governed by section 1712(b) of CAFA, which requires use of the lodestar and multiplier method of calculating attorneys' fees. *See In re EasySaver Rewards Litig.*, 906 F.3d at 759, n. 11 (holding that settlements that award both coupons and monetary relief are governed by §1712(b)); *see also Chambers v. Whirlpool*, 214 F.Supp.3d 877, 894 (C.D. Cal. 2016) ("Where, as here, the settlement includes both coupon

relief and monetary relief, CAFA authorizes the court to calculate attorney's fees utilizing the lodestar method.").[3]

Section 1712(b) does not call for deferring payments under the lodestar method, nor does that statute mention redemption rates, nor does it discuss or authorize bifurcating a fee award, as advocated by Perryman. Rather, section 1712(b) states:

> If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, ***any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.***
>
> ….
>
> Nothing in this subsection shall be construed to prohibit ***application of a lodestar with a multiplier method of determining attorney's fees***.

28 U.S.C. §1712(b)(1)-(2).

The lodestar method of calculating attorneys' fees entails "multiplying the number of hours the prevailing party reasonably expended on the litigation ... by a reasonable hourly rate." *In re EasySaver Rewards Litig.,* 906 F.3d at 754. Once the lodestar is calculated, the Court may then adjust it up or down to account for risk and "reasonableness" factors, discussed below. *See Stanger v. China Electric Motor, Inc.* 812 F.3d 734, 740-41 (9th Cir. 2016).

---

[3] By contrast, section 1712(a) applies to coupon-only settlements and 1712(c) applies to settlements that provide coupons and some injunctive relief only. As the Ninth Circuit explained in this case:

> §1712(a) "requires that 'any attorney's fee' awarded for obtaining coupon relief be calculated using the redemption value of the coupons" and thus mandates the use of the percentage-of-recovery method for any portion of the attorney's fees in a class action settlement that are "attributable to" the award of coupons.
>
> …
>
> By its terms, §1712(c) provides further instruction regarding settlements that include "an award of coupons to class members and also provide[ ] for equitable relief, including injunctive relief." 28 U.S.C. § 1712(c). Although settlements like this one that award coupons and monetary relief are not expressly mentioned in [*In Re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1183 (9th Cir. 2013)], it must be the case that § 1712(b) also encompasses the use of the lodestar method for this type of mixed settlement. Such settlements would otherwise exist in a no man's land with no guidance from § 1712.

*In re EasySaver Rewards Litig.*, 906 F.3d at 759, n. 11 (citations omitted).

1  Perryman's argument about deferring the payment of fees until the redemption rate of
2  the gift codes can be determined has nothing to do with fees awarded under the lodestar
3  method; it applies only to fees awarded and calculated under the percentage-of-recovery
4  method. The redemption rate is irrelevant to the lodestar method ordered by the Ninth Circuit.
5  There is, therefore, no basis for deferring the award of fees.

6  **C.  The Hours Class Counsel Expended on the Case Are Reasonable.**

7  Perryman insists that Class Counsel spent too many hours on this case. He is wrong.

8  In 2016, this Court determined that the hours expended on the case through November
9  2012 were reasonable. *In re EasySaver Rewards Litig,* Case No. 09-CV-02094-BAS-WVG,
10  2016 WL 4191048, at *4 (S.D. Cal. Aug. 9, 2016), *aff'd in part, vacated in part, remanded sub
11  nom. In re Easysaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018) (finding that the hours
12  expended by Class Counsel to be reasonable). The Ninth Circuit found that the Court's
13  analysis of Class Counsel's lodestar hours was correct. *In re EasySaver Rewards Litig.*, 906
14  F.3d at 759, 763 n.15.

15  As explained in their fee application, Class Counsel have worked many additional hours
16  since 2012. Mr. Perryman complains that Class Counsel's requested fees are excessive because
17  they include time spent on "wasteful scorched-earth litigation tactics." Opp. at 7. Perryman
18  identifies only a few matters where he believes Class Counsel's time was excessive. *See* Opp.
19  at 8. The first is fending off one of Mr. Perryman's meritless intrusions into this case.
20  Perryman can hardly criticize the expenditure of attorney time for defeating one of his own
21  futile attacks. Another complaint is Class Counsel's filing a motion for summary affirmance,
22  which even Perryman does not suggest was filed in bad faith. Third, he cites Plaintiffs'
23  opposition to certain attorneys general filing a brief with the Ninth Circuit, but Plaintiffs'
24  opposition set forth multiple valid arguments why the attorneys general brief is unfounded and
25  hardly constitutes a "scorched earth litigation tactic." Finally, he complains of Plaintiffs'
26  unsuccessful motion for rehearing of the Ninth Circuit's vacation of its initial approval order.

Such a motion is a routine practice that cannot be characterized as excessive. In sum, Perryman cannot point to any example of Class Counsel spending excessive time on this case.[4]

It is important to point out that Perryman provides *no evidence* that Class Counsel's fees are excessive or unreasonable. As the Court and Perryman are aware, Class Counsel submitted numerous detailed declarations supporting all of their requests for fees. Perryman has not submitted any evidence at all indicating, much less proving, that Class Counsel's fees are excessive or unreasonable. Perryman could have, for example, submitted testimony from a lawyer with experience before this Court and the Ninth Circuit Court of Appeals to explain how Class Counsel's fees exceed the typical fees charged by lawyers in nationwide class action suits – and approved by Courts in this jurisdiction – billed for the sorts of tasks about which Perryman complains.[5] But Perryman declines to do so. Instead, he makes outrageous accusations (e.g., "class counsel's request exceeds the bounds of reason," Opp. at 4), and flatly incorrect statements (e.g., Class Counsel "achieved only limited success," Opp. at 5).

Rhetoric does not trump facts. Class Counsel's hours are reasonable.

### D. Class Counsel's Hourly Rates Are Reasonable.

Class Counsel's hourly rates are reasonable, consistent with rates charged for comparable work in this area, and comparable to rates that have been upheld in similar cases. This Court already reviewed Class Counsel's then-current rates of 2012 and found then to be "reasonable and reflect the prevailing rate seen by this Court in other similar cases." *In re EasySaver Rewards Litig*, 2016 WL 4191048, at *4. Several years later, Counsel's rates have, unsurprisingly, increased, but are still reasonable and reflect prevailing rates in this region, as the factual record before this Court demonstrates. In fact, "Perryman does not contest class counsel's hourly rates *per se*[.]" Opp. at 12, n.11.

---

[4] In this regard, it is worth noting that time spent defending the settlement on appeal is properly included in Class Counsel's fee request. *See, e.g., Knutson v. Daily Review, Inc*, 79 F. Supp. 1263, 1273 (N.D. Cal. 1979) ("It is well established that time spent on appeal may be included in a fee award under Section 4 of the Clayton Act.").

[5] For example, Perryman repeatedly states that Class Counsel "appear" to have done something that did not benefit the class, *see, e.g.*, Opp. at 7, but cannot bring himself to say that those appearances are real.

Failure to compensate contingency fee attorneys for delay in payment by either applying the attorneys' current rates to all hours billed during the course of the litigation or using the attorneys' historical rates and adding a prime rate enhancement is an abuse of discretion. *See Stanger*, 812 F.3d at 740. Here, Class Counsel has waited years to be paid and advanced more than $250,000 in out-of-pocket costs. The Court should therefore apply current rates to fairly compensate Class Counsel for this delay in payment.

### E. Class Counsel Have Earned a Multiplier.

"Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis." *Stanger,* 812 F.3d at 741 (citing *In re Washington Public Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994)). Failure to apply a risk multiplier is an abuse of discretion where, as here, the following three criteria are met: "(1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky." *Stanger*, 812 F.3d at 741 (citing *Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir.2002)). As Class Counsel have demonstrated in their fee application – and particularly in their declarations in support of their fee application – they have satisfied the *Stanger* standard for obtaining an enhanced fee.

Mr. Perryman relies heavily on the Supreme Court's opinion in *Perdue v. Kenny A ex rel. Winn,* 559 U.S. 542 (2010), in arguing that Class Counsel are not entitled to a modest 1.38 multiplier or enhancement. *See* Opp. at 9-10. Perryman is mistaken in his reliance on *Perdue*. First, *Perdue* was strictly limited to cases governed by federal fee-shifting statutes, such as §1988. That obviously is not the case here, so *Perdue* is not controlling. Nonetheless, several of *Perdue*'s holdings actually support Class Counsel's request for an enhancement.

In *Perdue*, the Court observed that "there are circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation" and which therefore justify an enhancement of a lodestar fee award. *Perdue*, 559 U.S. at 554. Thus, the

Court held that "an enhancement may be appropriate if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted." *Id*. at 555. That certainly is the case here, as Class Counsel have incurred over $250,000 in expenses in a case that has lasted 10 years. In addition, the Court held that an enhancement is appropriate where there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 556. Again, this factor supports the application of the requested multiplier. Class Counsel accepted this case on the understanding that they would not be paid until the end of the case – a case that lasted a decade.

Mr. Perryman also contends that no enhancement is justified because this case was not at all risky. *See* Opp. at 12-13. Perryman is wrong for two reasons. First, the case was risky not because the facts were weak, as Perryman contends, but because the law in the area of "data pass" schemes was uncertain, as courts had dismissed other such cases. In addition, the case was risky because Defendants were expected to vigorously oppose class certification and argue that choice-of-law issues rendered the proposed class unmanageable. Class-action status – much less nationwide class-action status – was far from assured when Class Counsel took on this case. That was a serious risk. Also, a risk-free or very low-risk case would be resolved very quickly, because there would be so little to litigate. But this case took many years to resolve.

Class Counsel took this case with the expectation they would receive a risk enhancement if they prevailed, their hourly rates do not reflect that risk, and there is ample evidence the case was risky when Class Counsel took it. Class Counsel have earned a multiplier. Perryman's opposition to it is meritless.

F.  **Perryman's Closing *Cy Pres* Argument Should Be Stricken.**

Perryman closes his Opposition with an outrageous argument:

> If the Supreme Court determines that *cy pres* is of no genuine benefit to absent class members, it becomes plain that class counsel has negotiated a settlement that abandons the interests of absent class members for counsel's own benefit and that of

favored third parties. This is unethical. Opp. at 13.

In so arguing, Perryman accuses Class Counsel of unethical behavior based on a hypothetical situation – the Supreme Court determining that *cy pres* is of no genuine benefit to absent class members – that has not happened and that, were it to occur, would constitute a radical alteration of existing law. Perryman's allegation of unethical behavior is rash and wrong and should be stricken.

### G. The Court Should Not Delay or Postpone Any Action in This Case.

Finally, Perryman asks this Court to postpone any decision on Plaintiffs' fee motion in this case until after disposition of Perryman's *certiorari* petition in an unrelated case. *See* Opp. at 14-15. Perryman concedes that this Court denied his request to stay the mandate in this case pending disposition of his *certiorari* petition in that unrelated case, *see id.* at 15 n.15, but does not explain how his present request has any more merit than his last, failed, request. There is no reason to postpone or delay any action in this case.

## V. CONCLUSION

For the reasons set forth above, the Opposition of Brian Perryman to Plaintiffs' Motion for Attorneys' Fees and Costs should be denied, and Plaintiffs' Renewed Motion for Attorneys' Fees and Costs should be granted in its entirety.

Dated: 11 March 2019

By: */s/ Bruce W. Steckler*
Bruce W. Steckler
*Admitted Pro Hac Vice*
STECKLER GRESHAM COCHRAN PLLC
12720 Hillcrest Rd., Suite 1045
Dallas, TX 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@stecklerlaw.com

Jennie Lee Anderson, SBN 203586
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

|   |   |
|---|---|
| 1 | Telephone:  (415) 986-1400 |
|   | Facsimile:  (415) 986-1474 |
| 2 | jennie@andrusanderson.com |
| 3 |   |
| 4 | James R. Patterson, SBN 211102 |
|   | PATTERSON LAW GROUP |
| 5 | 402 West Broadway, 29th Floor |
|   | San Diego, CA 92101 |
| 6 | Telephone:  (619) 756-6990 |
|   | Facsimile:  (619) 756-6991 |
| 7 | jim@pattersonlawgroup.com |

Michael D. Singer, SBN 115301
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Telephone:  (619) 595-3001
Facsimile:  (619) 595-3000
msinger@ck-lawfirm.com

*Co-Lead Class Counsel for Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

I, Jennie Lee Anderson, hereby certify that on 11 March 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record registered with the CM/ECF system.

ANDRUS ANDERSON LLP

By:     /s/ Jennie Lee Anderson
        Jennie Lee Anderson

Jennie Lee Anderson, SBN 203586
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com