**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE EASYSAVER REWARDS LITIGATION | Case No. 09-cv-02094-BAS-WVG<br><br>**ORDER GRANTING OBJECTOR'S MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARD**<br>**(ECF No. 368)** |

Presently before the Court is Objector Brian Perryman's motion seeking $805,000 in attorney's fees and a $2,500 incentive award. (ECF No. 368.) Plaintiffs briefly respond. (ECF No. 370.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Objector's motion.

**I.   BACKGROUND**

The Court chronicled this action's lengthy history in its last order. (ECF No. 367 at 2:1–17:9.) Relevant here, this case is a consumer class action where the Court approved a settlement with two components. First, the settlement provided for class members to

receive credits with a total face value of $25.5 million. Second, the settlement established a $12.5 million common fund for paying refunds to class members, attorney's fees, litigation costs, incentive awards, and settlement administration expenses. Any funds left over will be distributed to several *cy pres* beneficiaries.

In 2013, the Court approved Plaintiffs' counsel's request for $8.7 million in attorney's fees. After subtracting this award and the other items from the common fund, about $3 million remained for the *cy pres* distribution.

Brian Perryman objected. He argued the *cy pres* award was improper and the attorney's fee award did not comply with the Class Action Fairness Act's requirements for coupon settlements. The Court rejected Objector's challenges, and he appealed. The Ninth Circuit vacated the settlement approval and remanded for further proceedings in light of its then-recent decision in *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015), which addresses what qualifies as a "coupon" under CAFA.

On remand, the Court determined that it was unnecessary to apply CAFA's requirements for coupon settlements. The Court then reapproved the $8.7 million attorney's fee award.

Objector again appealed to challenge the attorney's fee award and *cy pres* component. *In re Easysaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018). As to the fee award, Objector argued the Court erred in not applying CAFA's coupon settlement provisions. *Id.* The Ninth Circuit agreed. *Id.* at 756. It vacated the fee award and remanded for the award to "be recalculated in a manner that treats the credits as coupons under CAFA." *Id.* at 760. The Ninth Circuit, however, rejected Objector's challenge to the *cy pres* component of the settlement. *Id.* at 760–62. Further, "given both the structure of [the] settlement agreement and the focus of Objector's challenges," the Ninth Circuit held that it was "unnecessary to reverse the entire settlement approval in conjunction with [its] vacatur of the fee award." *Id.* at 762. Thus, the Ninth Circuit otherwise affirmed the settlement approval. *Id.*

Upon remand, Plaintiffs filed a new motion for attorney's fees. (ECF No. 338.) They asked for the same fees as before—$8.7 million. Objector opposed on several grounds. The Court found some of his objections had merit and ultimately bifurcated the fee award. (ECF No. 352.) Specifically, the Court permitted Plaintiffs to resubmit a request for attorney's fees based on only the non-coupon portion of the settlement—i.e., the $12.5 million cash fund—and then later seek an additional fee award based on the value of the coupons redeemed by the class members.

Around this time, bankruptcy-related events unfolded that further muddled this case. Eventually, the Court addressed a renewed fee motion from Plaintiffs based "solely on the cash fund" component of the settlement. (ECF No. 356.) Plaintiffs sought a reduced fee award of $5.7 million under the lodestar method, and Objector again opposed. He argued, among other things, that the requested award would disproportionately benefit class counsel at the expense of the class.

By this time, considering the bankruptcy developments, the Court valued the cash fund at $10.5 million—instead of $12.5 million. (ECF No. 367.) The Court agreed that awarding Plaintiffs' counsel $5.7 million for recovering $10.5 million would be unreasonable. After applying the lodestar method, the Court found it appropriate to adjust the $5.7 million lodestar with a 0.6 multiplier. That adjustment reduced the $5.7 million lodestar to $3.42 million, which is approximately 32.5% of the $10.5 million fund.

In short, after two appeals and multiple rounds of motions in this Court, Objector succeeded in convincing the Court to reduce class counsel's fee award from $8.7 million to $3.42 million. As seen below, after accounting for other developments, the *cy pres* beneficiaries are expected to now receive $3.23 million more from the settlement.

//
//
//
//
//

**Common Fund Breakdown**

|  | Original | Modified |
|---|---|---|
| Contribution | $ 12,500,000.00 | $ 10,500,000.00 |
| Disbursements | | |
| Attorney's Fees | $  8,650,000.00 | $  3,417,904.13 |
| Claims Administration | $     345,000.00 | $     345,000.00 |
| Claims | $     225,000.00 | $     225,000.00 |
| Litigation Costs | $     200,000.00 | $     200,000.00 |
| Incentive Awards | $       80,000.00 | $       82,500.00 |
| Remainder | | |
| *Cy Pres* Award | $  3,000,000.00 | $  6,229,595.87 |
| **Difference:** | | $  3,229,595.87 |

Objector asks the Court to award 25% of the $3.23 million increase in the *cy pres* benefit as attorney's fees for his counsel, which equals about $805,000. He also asks for a $2,500 incentive award, which is reflected in the breakdown above. Plaintiffs file a one-page response. (ECF No. 370.) They "respectfully leave the determination of what fee, if any, Mr. Perryman's counsel, Ted Frank, should ultimately receive to the discretion of the Court." (*Id.*)

## II.  ANALYSIS

Class action members may object to a settlement that requires court approval. Fed. R. Civ. P. 23(e)(5). And in some circumstances, "attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012). As the Ninth Circuit summarized:

> If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel. Conversely, objectors who do "not increase the fund or otherwise substantially benefit the class members" are not entitled to fees, even if they bring "about minor procedural changes in the settlement agreement." Nor is it error to deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class.

*Id.* at 658–59 (citations omitted); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).

One circumstance where objectors might benefit the class is where they "contend that class counsel's requested fee—to be taken from the common fund—is too great." Newberg on Class Actions § 15:94 (5th ed. 2020). "If an objector is successful in trimming, say, $10 million from class counsel's fee request, that money goes back into the class's common fund. Objectors' counsel have, in such a situation, generated (or preserved) $10 million of value for the class." *Id.*

The Court finds Objector is entitled to fees here. Although Objector did not prevail on many of his challenges to the settlement, he did succeed in convincing the Court to significantly reduce class counsel's fee award. As outlined above, this reduction preserves approximately $3.23 million more of the common fund for the *cy pres* beneficiaries. The Ninth Circuit affirmed the Court's approval of the settlement's *cy pres* component. *Easysaver*, 906 F.3d at 760–63. Under this approach, the class members who did not submit claims are receiving "an indirect benefit" instead of "a direct monetary payment." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). That indirect benefit is now much greater due to Objector's efforts. Hence, awarding fees to Objector's counsel is appropriate. *See Rodriguez*, 688 F.3d at 658.

The Court turns to calculating a reasonable fee award. The familiar tools are at the Court's disposal: the lodestar method and the percentage-of-recovery method. *See In re Riverstone Networks, Inc.*, 256 F. App'x 168, 170 (9th Cir. 2007) (citing *Vizcaino*, 290 F.3d at 1047). The "lodestar method" involves "multiplying the number of hours the prevailing party reasonably expended on the litigation . . . by a reasonable hourly rate." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "In the percentage method, 'the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee,' using 25% as a benchmark." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (en banc) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

In many cases involving successful objections to a settlement, the benefit to the class is not easily quantifiable. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2020 WL 7261313, at *1 (N.D. Cal. Dec. 10, 2020) (awarding $250,000 in fees where objector's complaints led to a shift in the distribution of the settlement funds from one segment of the class to another); *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCX, 2020 WL 5668963, at *4 (C.D. Cal. Sept. 18, 2020) (awarding $48,900 in fees where objectors convinced the court to deny initial approval of the settlement, which led to an amended settlement agreement that included a narrower release of claims). The lodestar method is understandably used in those cases.

In contrast to those cases, there is a quantifiable benefit to the class here: Objector's challenges led to the preservation of approximately $3.23 million more of the common fund for the *cy pres* beneficiaries. Because this benefit is due to Objector's efforts, he asks the Court to calculate his counsel's fees by applying the percentage method to the benefit. *See Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 WL 5419125, at *3 (D. Or. Oct. 22, 2014) (finding that where objector's challenges to class counsel's requested expenses led to a $38,267.11 increase in the settlement fund, a fee award to objector's counsel of 25% of this amount—$9,566.78—was appropriate).

This approach makes sense. It ties Objector's fee award to the benefit he obtained for the class and aligns their interests. *Cf. In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *5 (N.D. Cal. Aug. 17, 2018) ("By tying the award to the recovery of the Class, Class Counsel's interests are aligned with the Class, and Class Counsel are incentivized to achieve the best possible result."). And Objector's request for $805,000 in fees is right about at the 25% benchmark typically used in the percentage method.

There is the usual concern, however, that using the percentage method may lead to a windfall for Objector's counsel. *See* Newberg on Class Actions § 15:94 (5th ed. 2020). Indeed, $805,000 is a substantial fee award for an objector's counsel. Therefore, to

ameliorate this concern, the Court will cross-check the percentage method with the lodestar method. *See Bluetooth*, 654 F.3d at 944–45.

As mentioned, the lodestar method "begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hyundai*, 926 F.3d at 570. The Court may then apply a risk multiplier to the lodestar and adjust the figure upward or downward. *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016). A lodestar cross-check does not need to involve "mathematical precision" or "bean-counting," and the court "may rely on summaries submitted by the attorneys and need not review actual billing records." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 307 (3d Cir. 2005); *accord In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x 651, 654 (9th Cir. 2019).

Objector's attorneys submit a lodestar that includes 847 hours of attorney time. (Frank Decl. ¶ 15, ECF No. 368-1.) As Objector's motion reasonably summarizes:

> Over seven years of litigation, Perryman's attorneys analyzed and objected to a settlement; prepared motions and supplemental declarations in response to Plaintiffs' challenges to Perryman's standing and Perryman's counsel; prepared for and attended a fairness hearing; defended an excessive appeal bond request; pursued the objection on appeal; briefed the appeal; engaged in motion practice on appeal; prepared supplemental briefing regarding remand; opposed class counsel's renewed fee request; prepared motion for release of bond; prepared notice of additional decisions; prepared for and attended hearing regarding remand and fee request; prepared supplemental briefing in connection with hearing; pursued a second appeal; engaged in motion practice on appeal; briefed the appeal; prepared for and attended oral argument on the second appeal; opposed renewed request for fees after remand; [and] prepared supplemental briefing on renewed fee request after Defendant's bankruptcy.

(Mot. 17.) Given the history of this case, the Court finds these hours are the amount "reasonably expended on the litigation." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Court also finds Objector's counsel's proposed rates are appropriate, which are comparable to those the Court approved for Plaintiffs' counsel. (*See* Frank Decl. ¶ 23.) The Court thus adopts Objector's proposed lodestar of $496,116.

Accordingly, Objector's request for $805,000 in fees under the percentage method implies a lodestar multiplier of about 1.62 ($805,000 / $496,116 = ~ 1.62). This multiplier is "within the range of multipliers applied in common fund cases." *See Vizcaino*, 290 F.3d at 1051. The lodestar method confirms the reasonableness of the fee award determined under the percentage method. Consequently, the Court will grant Objector's request for $805,000 in fees.

Finally, Objector seeks a modest incentive award of $2,500, which is significantly less than the incentive awards approved for the class representatives. Given Objector's participation in the case, the Court finds this modest award is appropriate. (*See* Frank Decl. ¶ 31.) *See, e.g.*, *Marshall*, 2020 WL 5668963, at *4 (approving a $1,500 service award for an objector).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Objector's motion. (ECF No. 368.) The Court awards Objector's counsel $805,000 in attorney's fees and Objector Brian Perryman a $2,500 service award from the settlement's common fund component.

**IT IS SO ORDERED.**

**DATED: January 22, 2020**

Hon. Cynthia Bashant
United States District Judge